TROUTMAN PEPPER HAMILTON SANDERS LLP
Wynter L. Deagle, Bar No. 296501
wynter.deagle@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone:     858.509.6000
Facsimile:     858.509.6040

Attorneys for Defendant
CHICK-FIL-A, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ORTEGA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHICK-FIL-A, INC., and DOES 1 - 50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT CHICK-FIL-A, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>State Action Filed:     March 11, 2021<br>State Action Served:   April 8, 2021 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant CHICK-FIL-A, INC. ("Chick-fil-A" or "Defendant") hereby removes to this Court the above-styled action, pending as Case No. 34-2021-00296245 in the Superior Court of California for the County of Sacramento (the "Action"). Chick-fil-A's grounds for removal are as follows:

## PRELIMINARY STATEMENT

1. On March 11, 2021, Plaintiff Ronald Ortega filed the Action in the Superior Court of California for the County of Sacramento. The Complaint claims that "Chick-fil-A imposes hidden delivery charges on its customers" by "secretly mark[ing] up food prices for delivery orders by a hefty 25-30%". Compl. ¶¶ 3-4. Plaintiff asserts claims for: (1) violation of California's Unfair Competition Law; (2) violation of California's Consumer Legal Remedies Act ("CLRA"); and (3) violation of California's False Advertising Law ("FAL"). *Id*. at ¶¶ 63-91. Plaintiff's Complaint asserts claims on behalf of himself and "[a]ll consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented." *Id*. at ¶ 53.

2. This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Chick-fil-A generally denies the allegations made by Plaintiff, disputes the claims asserted by Plaintiff, and disputes that Plaintiff is entitled to any relief on individual or class-wide bases. Chick-fil-A discusses the allegations and claims made by Plaintiff herein solely to demonstrate the propriety of removal.

**CAFA ELEMENTS**

3. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

4. <u>Covered Class Action</u>. A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition, as Plaintiff's suit is brought "on behalf of himself and all others similarly situated," including those who "ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented." Compl. ¶ 53. The Complaint itself is also styled as a "Class Action Complaint," and contains an entire section devoted to "Class Allegations." *Id.* at ¶¶ 53-62.

5. <u>Diversity</u>. The diversity requirement of § 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."

    a. The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Here, this requirement is met as there is complete diversity of citizenship between the named Plaintiff and Chick-fil-A. Chick-fil-A is a Georgia corporation with its principal place of business in the State of Georgia. Declaration of Teddy Cravens ("Cravens Decl.") ¶ 2 (attached hereto as **Exhibit A**). Also, Plaintiff alleges that "Chick-fil-A is a corporation organized and existing under the laws of Georgia with its principal place of business in Atlanta, Georgia." Compl. ¶ 14. Accordingly, Chick-fil-A is a citizen of Georgia.

   b. Plaintiff "is a citizen of the State of California who resides in Sacramento, California." *Id.* at ¶ 13. Thus, at least one member of the class of plaintiffs is a citizen of a state (California) different from that of Defendant (Georgia), satisfying the diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A).

 6. <u>The Proposed Class Allegedly Exceeds 100 Members</u>. Plaintiff alleges in his Complaint that the total number of class members is "well into the thousands." *Id.* at ¶ 55. Thus, based on Plaintiff's own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied for purposes of 28 U.S.C. § 1332(d)(5)(B).

 7. <u>Amount in Controversy</u>. CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). Removal is proper if it is demonstrated, "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). While Chick-fil-A denies Plaintiff is entitled to any of the relief sought in the Complaint, the relief that Plaintiff seeks through restitution, damages, injunctive relief, and attorneys' fees exceeds CAFA's $5,000,000 amount-in-controversy requirement.

   a. <u>Restitution</u>. Plaintiff seeks to represent "[a]ll consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented," Compl. ¶ 53, and prays for "an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above." Prayer for Relief ¶ c. Chick-fil-A has analyzed the delivery orders made through the Chick-fil-A mobile app or website in California since the inception of Chick-fil-A delivery in California in May 2019. *See* Cravens Decl. ¶ 5. The monies acquired by Chick-fil-A through orders for food delivery through the Chick-fil-A mobile app or website during that time period exceed $5 million. *Id.*

   b. <u>Injunctive Relief</u>.  Costs of compliance with an injunction are relevant in ascertaining whether the amount in controversy is satisfied.  *See* 28 U.S.C. § 1332(d) (excluding only interest and costs from the aggregated amount in controversy); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Plaintiff seeks an order "enjoining Defendant from continuing" in the alleged misconduct.  Compl. ¶ 89; *see also* Prayer for Relief ¶ a.  An injunction would impose additional costs on Chick-fil-A to the extent it would be required to change its terms of service or revise promotional materials and other sales-related materials.

   c. <u>Attorneys' Fees</u>.  Finally, Plaintiff is seeking an award of attorneys' fees under the FAL.  Compl. ¶ 91; *see* Prayer for Relief ¶ f.  An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy.  *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Here, if Plaintiff and/or the class succeeds on the FAL claim, recovery of attorneys' fees may be statutorily authorized.  *See* Cal Civ. Code § 1021.5.  A potential award of attorneys' fees further increases the amount in controversy.

 For the reasons explained above, the estimated amount in controversy in the instant action (for restitution, damages, injunctive relief, and attorneys' fees) exceeds $5,000,000.  This amount satisfies CAFA's $5,000,000 amount-in-controversy requirement based on the allegations in Plaintiff's Complaint.

 8. <u>No CAFA Exclusions</u>.  This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Chick-fil-A is not a citizen of California, the state in which the action originally was filed, and no other exclusion applies.

### **REMOVAL IS OTHERWISE PROCEDURALLY PROPER**

 9. <u>Removal Is Timely</u>.  Plaintiff served Chick-fil-A on April 8, 2021.  Cravens Decl. ¶ 6.  Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

10. <u>Removal to Proper Court</u>.  This Court is part of the "district and division embracing the place where" the State Court Action was filed: Sacramento County, California.  28 U.S.C. § 1441(a).

11. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is "a copy of all process, pleadings, and orders served upon" Chick-fil-A.

12. <u>Filing and Service</u>.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California for the County of Sacramento, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).  The Superior Court of California for the County of Sacramento is located within this district.

WHEREFORE, Chick-fil-A respectfully removes this action, now pending in the Superior Court of California for the County of Sacramento, to the United States District Court for the Eastern District of California.

Dated: May 10, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Wynter L Deagle*
Wynter L Deagle

Attorneys for Defendant
CHICK-FIL-A

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy has been sent via U.S. Postal Service, First-Class, postage prepaid to:

> Jeffrey D. Kaliel
> Sophia Goren Gold
> KALIEL GOLD PLLC
> 1100 15th Street NW, 4th Floor
> Washington, D.C. 20005

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Wynter L Deagle*
Wynter L Deagle

Attorneys for Defendant
CHICK-FIL-A, INC.