ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jeffrey D. Kaliel (SBN 238293)   Sophia G. Gold (SBN 307971)
Kaliel Gold PLLC
1100 15th Street NW, 4th Floor, Washington, D.C. 20005

TELEPHONE NO.: (202) 350-4783   FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

*(handwritten):* Rec'd 4.8.21  C J Blakela  n Mancha  4.8.21/rd*

*(stamp):* RECEIVED CIVIL DROP BOX 2021 MAR 11 AM 11:46 GISSE COURTHOUSE SUPERIOR COURT OF CALIFORNIA SACRAMENTO COUNTY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
RONALD ORTEGA v. CHICK-FIL-A, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

BY FAX

a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* (1) Unfair Competition; (2) Viol. of CLRA; (3) False Advertising (Bus & Prof Code § 17500)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 10, 2021

Jeffrey D. Kaliel
_____
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHICK-FIL-A, INC., and DOES 1 - 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONALD ORTEGA, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Sacramento County Superior Court 720 9th Street Sacramento, CA 95814 | **CASE NUMBER:** *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffrey D. Kaliel, Kaliel Gold PLLC, 1100 15th Street NW, 4th Floor, Washington DC 20005; (202) 350-4783; jkaliel@kalielgold.com

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

DocuSign Envelope ID: 954F9ABB-2087-4D0E-A921-CB10A3D3755A

1  Jeffrey D. Kaliel (CA Bar No. 238293)
      *jkaliel@kalielpllc.com*
2  Sophia Goren Gold (CA Bar No. 307971)
      *sgold@kalielpllc.com*
3  **KALIEL PLLC**
   1100 15th Street NW, 4th Floor
4  Washington, D.C.  20005
   Tel: (202) 350-4783
5
   *Attorneys for Plaintiff*
6  *and the Proposed Class*

7

8
                     **SUPERIOR COURT OF CALIFORNIA**
9
                        **COUNTY OF SACRAMENTO**
10

11
   RONALD ORTEGA, on behalf of himself and      Case No.
12 all others similarly situated,
                                                **CLASS ACTION**
13
            Plaintiff,
14                                              **DECLARATION OF PLAINTIFF**
   v.                                           **RONALD ORTEGA REGARDING**
15                                              **PROPER VENUE UNDER THE CONSUMER**
   CHICK-FIL-A, INC., and DOES 1- 50,           **LEGAL REMEDIES ACT,**
16 inclusive,                                   **CALIFORNIA CIVIL CODE § 1780(D)**

17

18         Defendant.

19

20                                              BY FAX

21

22

23

24

25

26

27

28

---

Declaration of Plaintiff Ronald Ortega Regarding Proper Venue Under the CLRA

Notice of Removal Exhibit B - State Court Record

1

## DECLARATION OF RONALD ORTEGA

2      I, Ronald Ortega, state and declare as follows:

3      1.      I have personal knowledge of the matters stated herein except as to those matters stated on

4 information and belief, which I believe to be true.

5      2.      If called and sworn as a witness, I could and would testify truthfully and competently to

6 the matters stated herein.

7      3.      I am a named Plaintiff in the above-captioned action and submit this Declaration pursuant

8 to California Civil Code section 1780(d).

9      4.      I currently reside in Sacramento, California, located in Sacramento county, California.

10      5.      I am informed and believe Chick-fil-A, Inc. is registered with the California Secretary of

11 State to do sufficient business with Sacramento county and otherwise conducts business in Sacramento

12 county. Accordingly, Sacramento county is a proper place for the trial of this action under California

13 Civil Code section 1780(d), and this action is properly commenced in this Court.

14      I declare under penalty of perjury, under the laws of the State of California that the foregoing is

15 true and correct.

16
                 3/10/2021
17      Executed this _____ day of March, 2021 at _____10_____, California.

18

19

20      Ronald Ortega

21

22

23

24

25

26

27

28

Declaration of Plaintiff Ronald Ortega Regarding Proper Venue Under the CLRA

DocuSign Envelope ID: 954F9ABB-2087-4D0E-A921-CB10A3D3755A

1 | Jeffrey D. Kaliel (CA Bar No. 238293)
   | *jkaliel@kalielpllc.com*
2 | Sophia Goren Gold (CA Bar No. 307971)
   | *sgold@kalielpllc.com*
3 | **KALIEL PLLC**
   | 1100 15th Street NW, 4th Floor
4 | Washington, D.C. 20005
   | Tel: (202) 350-4783
5 |
   | *Attorneys for Plaintiff*
6 | *and the Proposed Class*

7

8

9 | ## SUPERIOR COURT OF CALIFORNIA

10 | ## COUNTY OF SACRAMENTO

11

12 | RONALD ORTEGA, on behalf of himself and | Case No.
   | all others similarly situated,
13 | | **CLASS ACTION**
   |
14 |        Plaintiff,
   | | **DECLARATION OF PLAINTIFF**
15 | v. | **RONALD ORTEGA REGARDING**
   | | **PROPER VENUE UNDER THE CONSUMER**
16 | CHICK-FIL-A, INC., and DOES 1- 50, | **LEGAL REMEDIES ACT,**
   | inclusive, | **CALIFORNIA CIVIL CODE § 1780(D)**
17 |
18 |        Defendant.
19

20 | BY FAX

21

22

23

24

25

26

27

28

Declaration of Plaintiff Ronald Ortega Regarding Proper Venue Under the CLRA

- 5 -

Plaintiff RONALD ORTEGA, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through his attorneys as follows:

## NATURE OF ACTION

1.      This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Chick-fil-A, Inc. ("Defendant" or "Chick-fil-A"), arising from its deceptive and untruthful promises to provide a flat, low-price delivery fee on food deliveries ordered through is app and website.

2.      Since the beginning of the COVID-19 pandemic, Chick-fil-A has moved aggressively into the food delivery business, exploiting an opportunity presented by Americans' reduced willingness to leave their homes.  To appeal to consumers in a crowded food delivery marketplace, Chick-fil-A has promised its customers low-price delivery in its mobile application and on its website, usually in the amount of $3.99.

3.      These representations, however, are false, because that is not the true cost of having food delivered by Chick-fil-A. In fact, Chick-fil-A imposes hidden delivery charges on its customers in addition to the low "Delivery Fee" represented in its app and on its website.

4.      On delivery orders only, Chick-fil-A secretly marks up food prices for delivery orders by a hefty 25-30%. In other words, the identical order of a 30-count chicken nuggets costs approximately $5-6 more when ordered for delivery than when ordered via the same mobile app for pickup, or when ordered in-store.

5.      This hidden delivery upcharge makes Chick-fil-A's promise of low-cost, $3.99 delivery patently false.  The true delivery costs are obscured, as described above, and far exceed its express representation that its "Delivery Fee" is only $3.99.

6.      By falsely marketing a quantified, low-cost delivery charge, Chick-fil-A deceives consumers into making online food purchases they otherwise would not make.

7.      Chick-fil-A misrepresents the nature of the delivery charges assessed on the Chick-fil-A mobile application and the website, by issuing in-app and online marketing materials that fail to correct reasonable understandings of its low-cost delivery promises, and that misrepresent the actual costs of the

1 | delivery service.

2 |        8.     Specifically, Chick-fil-A omits and conceals material facts about the Chick-fil-A delivery

3 | service, never once informing consumers in any disclosure, at any time, that the use of the delivery

4 | service causes a substantial increase in food prices.

5 |        9.     Hundreds of thousands of Chick-fil-A customers like Plaintiff have been assessed hidden

6 | delivery charges they did not bargain for.

7 |       10.    Consumers like Plaintiff reasonably understand Chick-fil-A's express "Delivery Fee"

8 | representation to disclose the total additional cost they will pay as a result of having their food delivered,

9 | as opposed to ordering online and picking up food in person, or ordering and picking up food in person.

10 |       11.    By unfairly obscuring its true delivery costs, Chick-fil-A deceives consumers and gains an

11 | unfair upper hand on competitors that fairly disclose their true delivery charges. For example, other

12 | restaurants such as Del Taco and El Pollo Loco both offer delivery services through their app and

13 | website. But unlike Chick-fil-A, Del Taco and El Pollo Loco fairly and prominently represent their true

14 | delivery charges.

15 |       12.    Plaintiff seeks damages and, among other remedies, injunctive relief that fairly allows

16 | consumers to decide whether they will pay Chick-fil-A's delivery mark-ups.

17 | **PARTIES**

18 |       13.    Plaintiff Ronald Ortega is a citizen of the State of California who resides in Sacramento,

19 | California.

20 |       14.    Defendant, Chick-fil-A Inc. is incorporated in Georgia and maintains its principal business

21 | offices in Atlanta, Georgia.

22 | **JURISDICTION AND VENUE**

23 |       15.    This Court has jurisdiction over Defendant and the claims set forth below pursuant to

24 | Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a

25 | cause not given by statute to the other trial courts.

26 |       16.    Plaintiff is informed and believes that the State of California has personal jurisdiction over

27 | the Defendant named in the action because Defendant is a corporation authorized to conduct and does

28 | conduct business in this State. Defendant maintains its corporate headquarters in Georgia, but is

3

CLASS ACTION COMPLAINT

registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of numerous restaurant locations throughout California, including in the County of Sacramento, which has caused both obligations and liability of Defendant to arise in this County.

17.     The amount in controversy exceeds the jurisdictional minimum of this Court.

## COMMON FACTUAL ALLEGATIONS

**A.     Food Delivery Services Increase in Popularity, and then Explode in Popularity During the Pandemic.**

18.     In 2018, the online food delivery industry was an astounding $82 billion in gross revenue and projected to exceed $200 billion by 2025.[1]

19.     US Foods reports that the average American consumer has two food delivery apps installed on their mobile phone and uses those apps three times per month.[2]

20.     The online food delivery industry predominately influences the country's most financially vulnerable populations. A nationwide research study conducted by Zion & Zion reveals that the largest user markets for online delivery food services are the young and the poor.[3] During a 90-day timeframe, 63% of consumers between the ages of 18 and 29 used a multi-restaurant delivery website or app service, followed by 51% of consumers between the ages of 30 to 44.[4] The study also demonstrated that the "less income a consumer earns, the more likely the consumer is to take advantage of restaurant delivery services," as those earning less than $10,000 per year ordered online delivery the most (51.6%).[5]

21.     Put plainly, the allure for online food delivery services has historically been based upon

---

[1] *See* Frost & Sullivan, *$9.6 Billion in Investments Spurring Aggressive Expansion of Food Delivery Companies,* October 25, 2019, accessible at https://ww2.frost.com/news/press-releases/9-6-billion-in-investments-spurring-aggressive-expansion-of-food-delivery-companies/, last accessed January 19, 2021.

[2] *See* US Foods, *New Study Shows What Consumers Crave in a Food Delivery Service,* 2019, accessible at https://www.usfoods.com/our-services/business-trends/2019-food-delivery-statistics.html, last accessed January 19, 2021.

[3] *See* Aric Zion and Thomas Hollman, Zion & Zion Research Study, *Usage and Demographics of Food Delivery Apps,* accessible at https://www.zionandzion.com/research/food-delivery-apps-usage-and-demographics-winners-losers-and-laggards/, last accessed January 19, 2021.

[4] *Id.*

[5] *Id.*

4

pure convenience. A 2019 Gallup study of third-party delivery services companies like GrubHub, DoorDash, and Uber Eats reported 72% of customers order online food delivery because they don't want to leave their house; 50% so that they can continue with their ongoing activities; and 41% to avoid bad weather.[6]

22.     According to data compiled by Yelp, food delivery orders have *doubled* since the COVID-19 outbreak began.[7]

23.     The arrival of the unprecedented COVID-19 pandemic escalated the value of online food delivery services from one of pure convenience to that of a comforting necessity for many consumers who are sick, in a high-risk population group for COVID-19, or simply do not feel safe to leave their homes and venture out into the public to purchase food during quarantine.

24.     In its 2019 Economic Report conducted by research firm Technomic, DoorDash reported that 86% of customers agreed that DoorDash played an important role in helping them access food during the pandemic and 77% of consumers increased their use of third-party delivery services during this time.[8] Indeed, amidst the uncertainty of the novel virus, 68% of consumers now view ordering food online for delivery as the safer option.[9]

25.     The era of COVID-19 undoubtedly caused a significant revenue boom for third party delivery services. SEC filings indicate that the top four U.S. food-delivery apps (DoorDash, Uber Eats, GrubHub, and Postmates) collectively experienced a *$3 billion increase* in revenue in just two quarters, April through September, following the enactment of shelter-in-place restrictions throughout the

---

[6] *See* Sean Kashanchi, Gallup, *Third-Party Delivery Will Grow; Is Your Restaurant Ready?*, May 6, 2019, accessible at https://www.gallup.com/workplace/248069/third-party-delivery-grow-restaurant-ready.aspx, last accessed January 19, 2021.

[7] *See* Tal Axelrod, The Hill, *Yelp: Delivery and take-out twice as popular as usual amid coronavirus*, March 20, 2020, available at https://thehill.com/policy/technology/488749-yelp-delivery-and-take-out-twice-as-usual-amid-coronavirus, last accessed January 19, 2021.

[8] *See* Technomic and DoorDash, 2019 Economic Impact Report, *The Impact of DoorDash on Economic Activity and Restaurant Resilience*, available at https://doordashimpact.com/media/2019-Economic-Impact-Report.pdf, last accessed January 19, 2021.

[9] *Id.*

5

CLASS ACTION COMPLAINT

1  nation.[10]

2      26.    The ramp up in utilization of food delivery services also had a massive positive impact on

3  restaurant owners who were quickly on the brink of facing permanent closures during lockdown: 67% of

4  restaurant operators said DoorDash was crucial to their business during COVID-19 and 65% say they

5  were actually able to *increase* profits during this time because of DoorDash.

6      27.    In the wake of the food delivery surge, Consumer Reports highlighted the need for fee

7  transparency for consumers who use these apps and services.[11] A research team investigated food

8  delivery companies and the report measured their compliance with new rules regarding fees enacted in

9  seven US cities aimed at protecting consumers and businesses during the pandemic. It found that these

10  companies continued to not comply with the new ordinances and continued to "employ design practices

11  that obfuscate fees." They concluded that "[c]onsumers deserve to have informed choices to understand

12  what they are being charged for *and* how their dollars spent impacts the restaurants they support and

13  patronize in their communities."

14  **B.    Chick-fil-A's App and Website Fails to Bind Users to Any Terms of Service.**

15      28.    When a consumer downloads the Chick-fil-A app, or uses the Chick-fil-A website, he may

16  create an account in order to place an order for delivery or pickup.

17      29.    In order to do so, a user enters in a name and contact information.

18      30.    While the account creation screen contains a small hyperlink to view Chick-fil-A's Terms

19  of Service and Privacy Notice, users are not required to affirmatively consent to such terms, such as by

20  clicking or checking a box.

21  **C.    Chick-fil-A Prominently and Plainly Represents a Flat $3.99 "Delivery Fee" on its App and**

22  **Website.**

23      31.    Beginning in early 2020, Chick-fil-A began prominently featuring low-cost delivery

24  ───────────────────────────

25  [10] *See* Levi Sumagaysay, Market Watch, *The pandemic has more than doubled food-delivery apps' business. Now what?*, last updated November 27, 2020, available at

26  https://www.marketwatch.com/story/the-pandemic-has-more-than-doubled-americans-use-of-food-delivery-apps-but-that-doesnt-mean-the-companies-are-making-money-11606340169, last accessed January 19, 2021.

27  [11] *See* Consumer Reports, *Collecting Receipts: Food Delivery Apps & Fee Transparency,* September 29,

28  2020, accessible at https://digital-lab-wp.consumerreports.org/wp-content/uploads/2020/09/Food-delivery_-Report.pdf, last accessed January 19, 2021.

1    promises on its mobile application and on its website.

2        32.    Such representations often are made on the home screen of the app or website, and were

3    always made on the check-out screen of the app and website, prior to the finalization of an order.  On that

4    screen, Chick-fil-A promised a flat "Delivery Fee," usually in the amount of $3.99.

5        33.    Specifically, for supposed "$3.99 Delivery Fee" orders, the order finalization screen

6    states:

7            Subtotal: [representing the cost of the food selected]

8            Tax: [representing sales tax]

9            Delivery Fee: $3.99

10

11           Tip:

12           Total: [adding up the above]

13       34.    In short, there was no way for Plaintiff or other users of the Chick-fil-A mobile

14   application or website to *avoid* seeing Chick-fil-A's promises of a flat fee, $3.99 delivery charge.

15   **D.    Chick-fil-A Omits and Conceals Material Facts About the Costs of the Chick-fil-A Delivery**

16   **       Service.**

17       35.    But those disclosures were false and misleading, and the delivery charge was not, in fact,

18   $3.99.

19       36.    Chick-fil-A furtively marked up the cost of food reflected in the "Subtotal"—adding a

20   hefty 25-30% to the cost of the food items ordered for delivery. Chick-fil-A did not and does not make

21   similar markups for identical food items ordered via the same app or website, where such items are

22   ordered for pickup instead of delivery.

23       37.    Chick-fil-A omitted this material fact from its app and website disclosures, never

24   informing users of this secret markup.

25       38.    This secret markup—which Chick-fil-A *only* applies to delivery orders—is a hidden

26   delivery fee. This alone renders false Chick-fil-A's promise of a flat, low-cost delivery fee of $3.99,

27   which is made repeatedly in the app and the website, and then again in the "Delivery Fee" line item on

28   the order screen.

7

CLASS ACTION COMPLAINT

39.    In short, the "Delivery Fee" is not actually $3.99. The actual "Delivery Fee"—the extra charge for having food delivered as opposed to picking it up—is the listed "Delivery Fee" *plus* the hidden food markup applied exclusively to delivery orders.

40.    Chick-fil-A does not inform consumers the true costs of its delivery service and it misrepresents its "Delivery Fee" as $3.99, when in fact that cost is actually much higher.

**E.    Other Restaurant Industry Actors Disclose Delivery Fees Fairly and Expressly.**

41.    By unfairly obscuring its true delivery costs, Chick-fil-A deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true delivery charges. For example, other restaurants like Del Taco and El Pollo Loco both offer delivery services through their app and website. But unlike Chick-fil-A, Del Taco and El Pollo Loco fairly and prominently represent their true delivery charges.

42.    For example, Del Taco does not mark-up food charges for delivery orders through its app. Instead, for delivery orders its ordering screen presents the following:

Subtotal:

Tax:

Delivery Charge:

Tip:

43.    All line-item amounts are **<u>identical</u>** for delivery and pick-up orders, except for the plainly and fairly disclosed delivery charge—allowing consumers to understand the true cost of the delivery service.

44.    Similarly, El Pollo Loco does not mark-up food charges for delivery orders through its app. Instead, for delivery orders its ordering screen presents the following:

Subtotal:

Delivery Charge:

Tax:

45.    All line-item amounts are **<u>identical</u>** for delivery and pick-up orders, except for the plainly and fairly disclosed delivery charge—allowing consumers to understand the true cost of the delivery

8

CLASS ACTION COMPLAINT

service.

46.    Lastly, although Instacart, the grocery delivery service, does mark-up item charges for delivery orders made through its app, it provides an express warning to consumers that the item prices listed on its app are "higher than in-store prices." Instacart's clear disclaimer is made visible to consumers before they place their orders and allows consumers to understand that they are paying a higher price for utilizing the delivery service, as opposed to what they would pay had they purchased the same items in-store.

**F.    Plaintiff's Experience**

47.    Plaintiff used the Chick-fil-A app to make a purchase of food on January 29, 2021, in the total amount of $28.51.

48.    When using the app, and prior to placing his order, the Chick-fil-A app stated that the Delivery Fee was $3.99.

49.    However, the cost of the food ordered by Plaintiff bore a hidden delivery fee markup. To illustrate, Chick-fil-A charged Plaintiff $20.39 for a 30-count of Chick-fil-A nuggets.

50.    Upon information and belief, the same item would have cost Plaintiff 25-30% less than what he paid had he picked it up from the Chick-fil-A location instead.

51.    Plaintiff would not have made the purchase if he had known the Chick-fil-A delivery fee was not in fact $3.99.

52.    If he had known the true delivery fee, he would have chosen another method for receiving food from Chick-fil-A or ordered food from another provider.

## CLASS ALLEGATIONS

53.    Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this action on behalf of himself and a Class of similarly situated persons defined as follows:

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented.

54.    Excluded from the Class are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such

9

CLASS ACTION COMPLAINT

- 13 -

persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

55.   **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

56.   **Commonality**: There are questions of law or fact common to the Class, which include, but are not limited to the following:

    a.    Whether during the class period, Defendant deceptively represented Delivery Fees on food deliveries ordered through the Chick-fil-A website and mobile app;

    b.    Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    c.    Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    d.    Whether Defendant's alleged conduct constitutes violations of the laws asserted;

    e.    Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

    f.    Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

    g.    Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent low-price, flat delivery fees on food deliveries ordered through the Chick-fil-A website and mobile app.

57.   **Typicality**: Like Plaintiff, many other consumers ordered food for delivery from Chick-fil-A's website or mobile app, believing delivery to be the flat fee represented based on Defendant's representations. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class

CLASS ACTION COMPLAINT
- 14 -

member was injured by Defendant's false representations about the true nature of the delivery fee. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

58.    **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

59.    **The Proposed Class and Satisfies the Prerequisites for Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in ordering food for delivery through Chick-fil-A's website and mobile app; there is no way for him to know when or if Defendant will cease deceptively misrepresenting the cost of delivery.

60.    Specifically, Defendant should be ordered to cease from representing their delivery service as a low-price, flat delivery fee and to disclose the true nature of their delivery fee.

61.    Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

62.    **The Proposed Class Satisfies the Prerequisites for Damages**. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

///

///

///

11

CLASS ACTION COMPLAINT

1

## **CAUSES OF ACTION**

2

### **FIRST CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL")**

3

**Cal. Bus. & Prof. Code § 17200, *et seq.***

4       63.     Plaintiff re-alleges and incorporates the preceding allegations by reference as if fully set

5    forth herein.

6       64.     California Business & Professions Code § 17200 prohibits acts of "unfair competition,"

7    including any "unlawful, unfair or fraudulent business act or practice." Chick-fil-A's conduct related to

8    deceptively representing that it provides a flat "Delivery Fee" of $3.99 on food deliveries ordered

9    through its website and mobile app violates each of the statute's "unfair," "unlawful," and "fraudulent"

10   prongs.

11      65.     The UCL imposes strict liability. Plaintiff need not prove that Chick-fil-A intentionally or

12   negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices

13   occurred.

14      66.     A business act or practice is "unfair" under the UCL if it offends an established public

15   policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and

16   that unfairness is determined by weighing the reasons, justifications, and motives of the practice against

17   the gravity of the harm to the alleged victims.

18      67.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members

19   of the public.

20      68.     A business act or practice is "unlawful" under the UCL if it violates any other law or

21   regulation.

22      69.     Chick-fil-A committed unfair and fraudulent business acts and practices in violation of

23   Cal. Bus. & Prof. Code § 17200, *et seq.,* by affirmatively and knowingly misrepresenting on its website

24   and mobile app that it provides a flat $3.99 "Delivery Fee" for food orders, when, in reality, it hides

25   delivery charges through hidden food markups by 25-30% applied exclusively to delivery orders.

26   ///

27   ///

28

70. Defendant's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

71. The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

72. Defendant's conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff's Second Claim for Relief below, it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq., infra,* in that Chick-fil-A deceptively represents that it provides a flat, low-price "Delivery Fee" for food orders made on its website or mobile app; in reality, however, this marketing message is false because Chick-fil-A's use of the delivery service causes a substantial increase in food prices.

73. Chick-fil-A's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

74. Plaintiff relied on Defendant's misrepresentations about the falsely advertised cost of delivery in choosing to utilize the Chick-fil-A food delivery service in ordering food from Defendant's website or mobile app.

75. By falsely marketing the true costs of food delivery, Chick-fil-A deceived Plaintiff and Class members into making online food purchases they otherwise would not make.

76. Had Plaintiff known the truth of the delivery service fee, *i.e.,* that Chick-fil-A's hidden food markups were in all reality "delivery fees," he would have chosen another method for receiving food from Chick-fil-A or ordered food from another provider.

77. As a direct and proximate result of Chick-fil-A's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that they will be deceived into ordering food for delivery under the false belief that delivery was $3.99.

13

78.     As a result of its unfair, fraudulent, and unlawful conduct, Chick-fil-A has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750, *et seq.***

79.     Plaintiff re-alleges and incorporates the preceding allegations by reference as if fully set forth herein.

80.     This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq.* Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of food products to consumers for delivery ordered through its website and mobile app were "transactions" within the meaning of California Civil Code § 1761(e). Defendant's online delivery service utilized by Plaintiff and the Class is a "service" within the meaning of California Civil Code § 1761(b). The food products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

81.     Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Chick-fil-A food orders for delivery:

       a.     "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5); and

       b.     "Advertising goods or services with intent not to sell them as advertised" (a)(9).

82.     Specifically, Chick-fil-A advertises to customers that use of its delivery service is a flat, low-price charge, such as $3.99, but this is false because Defendant imposes hidden delivery charges to consumers by secretly marking up food items applied exclusively for delivery orders by 25-30%.

83.     At no time does Chick-fil-A disclose the true nature of its delivery fee to consumers; instead, it repeatedly conceals and misrepresents this material information at several steps of the transaction process.

///

14

CLASS ACTION COMPLAINT

84.     Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**

85.     Plaintiff re-alleges and incorporates the preceding allegations by reference as if fully set forth herein.

86.     California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, states that "[i]t is unlawful for any ... corporation ... with  intent ... to dispose  of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

87.     Defendant's material misrepresentations and omissions alleged herein violate Bus. & Prof. Code § 17500.

88.     Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

89.     Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of misrepresenting their delivery fees.

///

15

CLASS ACTION COMPLAINT

90.     Further, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

91.     Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the Class seeks judgment in an amount to be determined at trial, as follows:

(a)     For an order enjoining Defendant from continuing the unlawful practices set forth above;

(b)     For declaratory and injunctive relief as set forth above;

(c)     For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d)     For compensatory damages according to proof;

(e)     For punitive damages according to proof;

(f)     For reasonable attorneys' fees and costs of suit;

(g)     For pre-judgment interest; and

(h)     Awarding such other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: March 10, 2021               **KALIEL GOLD PLLC**

By: _____
Jeffrey D. Kaliel
Sophia G. Gold

*Attorneys for Plaintiff and the Proposed Class*

16

CLASS ACTION COMPLAINT

**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA  95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: _Ortega  v.  Chick-Fil-A_                    Case Number: _2021-00296245_

Having reviewed and considered the pleadings on file, the court orders:

☑ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _VASQUEZ_

presiding in Complex Case Management Department _32_ for case management pursuant to California Rules of Court 3.750, et seq. The case is also pre-assigned for trial, and any motions for consolidation, severance, bifurcation, intervention and to continue trial shall be heard in such department unless otherwise ordered. This is a limited purpose assignment under California Rule of Court 3.734.  Law and motion matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise directed by the Complex Case Management Department.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.

☐ Construction defect claims involving many parties or structures.

☐ Securities claims or investment losses involving many parties.

☐ Environmental or toxic tort claims involving many parties.

☐ Claims involving mass torts.

☒ Claims involving class actions.

☐ Insurance coverage claims arising out of any of the claims listed above.

**The action is likely to involve:**

☐ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve.

☒ Management of a large number of witnesses or a substantial amount of documentary evidence.

☐ Management of a large number of separately represented parties.

☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.

☐ Substantial post judgment judicial supervision.

☐ Other:_____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _4/15/2021_                    Signed: _____

Presiding Judge of the Superior Court
of California, County of Sacramento

- 21 -

CV/I-205 PJ (Rev: 01/2020)          Notice and Order of Complex Case Determination – Presiding Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Ronald Ortega, on behalf of himself and all others similarly situated vs. Chick-Fil-A, Inc.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2021-00296245-CU-BT-GDS** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE AND ORDER OF COMPLEX CASE DETERMINATION was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 04/29/2021.

Clerk of the Court, by: _/s/ P. Banks_____ , Deputy

JEFFREY  D KALIEL
KALIEL GOLD PLLC
1100 NW 15TH STREET # 4TH FLOOR
WASHINGTON,  DC   20005 US

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Notice of Removal Exhibit B - State Court Action

Page: 1

**V3 1013a (June 2004)**                                                        Code of Civil Procedure , § CCP1013(a)

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jeffrey D. Kailel (SBN 238293) Sophie G. Gold (SBN 307971)
Kaliel Gold PLLC
1100 15th St., NW, 4th Fl.
Washington, DC 20005
TELEPHONE NO.: 202-350-4783          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

**FILED/ENDORSED**

APR 28 2021

By: _____ M. Whitaker _____
              Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS:    720 9th St.
MAILING ADDRESS:   720 9th St.
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME:       Gordon D. Schaber Courthouse

PLAINTIFF/PETITIONER: Ronald Ortega

DEFENDANT/RESPONDENT: Chick-Fil-A,Inc.

CASE NUMBER:
34-2021-00296245

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

# BY FAX

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑  summons
    b.  ☑  complaint
    c.  ☐  Alternative Dispute Resolution (ADR) package
    d.  ☑  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☑  other *(specify documents):* Declaration of Plaintiff Ronald Ortega

3.  a.  Party served *(specify name of party as shown on documents served):*
        Chick-Fil-A, Inc.

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Rene Dansby as Intake Specialist & Authorized Agent

4.  Address where the party was served:
    5200 Buffington Rd., Atlanta, GA 30349
5.  I served the party *(check proper box)*
    a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 04-08-2021          (2) at *(time):* 12:07pm
    b.  ☐  **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

        (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**
- 23 -

Code of Civil Procedure, § 417.10

Notice of Removal Exhibit B - State Court Action

| PLAINTIFF/PETITIONER: Ronald Ortega | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chick-Fil-A, Inc. | 34 2021 00296245 |

5.  c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                                    (2)  from *(city)*:

(3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [  ] to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

[  ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a. [  ] as an individual defendant.
b. [  ] as the person sued under the fictitious name of *(specify):*
c. [  ] as occupant.
d. [✔] On behalf of *(specify):* Chick-Fil-A, Inc.
    under the following Code of Civil Procedure section:

   [  ] 416.10 (corporation)           [✔] 415.95 (business organization, form unknown)
   [  ] 416.20 (defunct corporation)   [  ] 416.60 (minor)
   [  ] 416.30 (joint stock company/association)  [  ] 416.70 (ward or conservatee)
   [  ] 416.40 (association or partnership)  [  ] 416.90 (authorized person)
   [  ] 416.50 (public entity)         [  ] 415.46 (occupant)
                                       [  ] other:

7.  **Person who served papers**
a.  Name: Reagan Reyes
b.  Address: 1413 K St., NW, 7th Fl., Washington, DC 20005
c.  Telephone number: 202-398-4200
d.  The fee for service was: $
e.  I am:

   (1) [✔] not a registered California process server.
   (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [  ] a registered California process server:
       (i)  [  ] owner  [  ] employee  [  ] independent contractor.
       (ii)  Registration No.:
       (iii)  County:

8  [✔] I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 04-13-2021

Reagan Reyes                                          ▶ *[signature]*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                   (SIGNATURE )

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 2 of 2 |

For your protection and privacy, please press the Clear This Form

Notice of Removal Exhibit B - State Court Action

1   TROUTMAN PEPPER HAMILTON SANDERS LLP
    Wynter L. Deagle, Bar No. 296501
2   wynter.deagle@troutman.com
    Yarazel Mejorado, Bar No. 322681
3   yarazel.mejorado@troutman.com
    11682 El Camino Real
4   Suite 400
    San Diego, CA  92130-2092
5   Telephone:     858.509.6000
    Facsimile:      858.509.6040
6
    Attorneys for Defendant
7   CHICK-FIL-A, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11  RONALD ORTEGA, on behalf of himself      Case No.  34-2021-00296245
    and all others similarly situated,
                                             **ANSWER TO UNVERIFIED COMPLAINT**
12                  Plaintiff,
                                             Date:
13         v.                                Time:
                                             Dept:
14  CHICK-FIL-A, INC., and DOES 1 - 50,
    inclusive,                               Action Filed:     March 11, 201
15                                           Trial Date:       Not yet set
                    Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

Defendant CHICK-FIL-A, INC. ("Chick-fil-A") hereby answers the Unverified

Complaint of Plaintiff RONALD ORTEGA, on behalf of himself and all others similarly situated

("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Chick-fil-A denies each

and every allegation in the Complaint that relates to or is directed to Chick-fil-A or any of its

alleged agents, representatives, or employees and further denies that Plaintiff has been injured or

damaged to any extent or amount or is entitled to any relief whatsoever from Chick-fil-A.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each separate cause of action alleged therein, fails to state any claim

upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Venue in this district and/or division may be improper or inconvenient.

## THIRD AFFIRMATIVE DEFENSE

Each purported cause of action in the Complaint is barred by its applicable statutes of

limitations and/or as a result of the failure to allege and/or comply with conditions precedent to

applicable periods of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails because Plaintiff lacks

standing to assert the claims described in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a cause of action for fraud as he has not set forth allegations of

fraud with the requisite particularity.

## SIXTH AFFIRMATIVE DEFENSE

Chick-fil-A did not act unreasonably, either directly or indirectly, individually or

collectively, in performing any act, and did not perform any act that would constitute a violation

of any rights of Plaintiff or any duty owed to Plaintiff.

- 2 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein fails because no act or omission by Chick-fil-A actually and/or proximately caused or contributed in any manner to any loss or damage for which Plaintiff seeks recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails because any injury that Plaintiff might have suffered was unforeseeable to Chick-fil-A.

## NINTH AFFIRMATIVE DEFENSE

Chick-fil-A is informed and believes and, based on such information and belief, alleges that Plaintiff failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint are impermissibly remote and speculative and therefore, Plaintiff is barred from the recovery of any such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unclean hands, spoliation, and/or failure to preserve evidence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's consent to the acts or omissions alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Chick-fil-A is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any other state whose substantive law might control the action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Declaratory and injunctive relief are barred and inappropriate because Plaintiff has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any cause of action contained therein, is barred

- 3 -

because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the prerequisites for a class action under Cal. Civ. Proc. Code § 382 because neither Plaintiff's claims nor Defendant's defenses are typical of the claims of the putative class, Plaintiff's claims are not representative of the class, individualized facts and proof will predominate, and there are no questions of a common or general interest.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any cause of action contained therein, is barred because the business practices and advertising alleged under Cal. Bus. & Prof. Code § 17200 are not likely to deceive.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any causes of action contained therein, is barred because Plaintiff's alleged damages were incurred voluntarily upon payment to Chick-fil-A with full knowledge of the facts.

### NINETEENTH AFFIRMATIVE DEFENSE

Chick-fil-A may have other affirmative defenses of which it is presently unaware.  Chick-fil-A therefore reserves the right to amend this Answer to allege additional affirmative defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, Chick-fil-A prays for judgment as follows:

1.     That Plaintiff take nothing by reason of his Complaint;

2.     That the Court dismiss the Complaint with prejudice in its entirety;

3.     That Chick-fil-A have judgment in its favor for its costs incurred herein; and

/ / /

/ / /

/ / /

/ / /

/ / /

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

4.     For such further relief as the Court may deem just and proper.

Dated:        May 7th, 2021                    TROUTMAN PEPPER HAMILTON
                                               SANDERS LLP


                                               By: _____
                                                  Wynter L. Deagle
                                                  Yarazel Mejorado

                                                  Attorneys for Defendant
                                                  CHICK-FIL-A

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 5 -

**PROOF OF SERVICE**

**STATE OF CA, COUNTY OF SAN DIEGO**

    I am employed in the County of San Diego, State of CA.  I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA  92130-2092; My electronic service address is rika.ellis@troutman.com.

    On April 9, 2021, I served the following document(s) described as:

**ANSWER TO UNVERIFIED COMPLAINT**

☒    **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Jeffrey D. Kaliel                          Attorneys for Plaintiff and the Proposed Class
Sophia Goren Gold
KALIEL GOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783
Email: jkaliel@kalielgold.com
       sgold@kalielgold.com

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on May 7, 2021, at San Diego, CA.

_____
                         Rika J. Ellis

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1   TROUTMAN PEPPER HAMILTON SANDERS LLP
    Wynter L. Deagle, Bar No. 296501
2   wynter.deagle@troutman.com
    Yarazel Mejorado, Bar No. 322681
3   yarazel.mejorado@troutman.com
    11682 El Camino Real
4   Suite 400
    San Diego, CA  92130-2092
5   Telephone:     858.509.6000
    Facsimile:     858.509.6040
6
    Attorneys for Defendant
7   CHICK-FIL-A, INC.

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SACRAMENTO

10
11  RONALD ORTEGA, on behalf of himself        Case No.  34-2021-00296245
    and all others similarly situated,
12                                             **DEFENDANT CHICK-FIL-A, INC.'S**
                    Plaintiff,                 **NOTICE OF PEREMPTORY**
13                                             **CHALLENGE TO JUDICIAL OFFICER**
            v.                                 **PURSUANT TO CODE OF CIVIL**
14                                             **PROCEDURE § 170.6**
    CHICK-FIL-A, INC., and DOES 1 - 50,
15  inclusive,
                                               Action Filed:      March 11, 201
16                  Defendant.                 Trial Date:        Not yet set

17
18
19
20
21
22
23
24
25
26
27
28

---

NOTICE OF PEREMPTORY CHALLENGE TO JUDICIAL OFFICER PURSUANT TO CODE OF CIVIL
PROCEDURE § 170.6

- 31 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Defendant Chick-Fil-A, Inc., by and through its

3  undersigned attorneys, hereby files the attached Peremptory Challenge to Judicial Officer,

4  pursuant to Code of Civil Procedure § 170.6, to disqualify the Honorable Russell L. Hom, Judge

5  of the Superior Court of the State of California, County of Sacramento, from trying any issue of

6  fact or law that involves the above-entitled case.

7  This challenge is timely filed under Section 170.6(2), which provides that "[i]f directed to

8  the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be

9  made to the assigned judge or to the presiding judge by a party within 15 days after notice of the

10  all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after

11  the appearance."  (Cal. Civ. Proc. Code § 170.6(2).)  Defendant makes its initial appearance in

12  this action with the filing of this Notice.

13  As a consequence of the peremptory challenge, this case must be reassigned "without any

14  further act or proof" to another judicial officer.  (Cal. Civ. Proc. Code § 170.6(4).)

15

16  Dated:        May 7, 2021                TROUTMAN PEPPER HAMILTON
                                             SANDERS LLP
17

18                                           By: _____
19                                               Wynter L. Deagle
20                                               Yarazel Mejorado

21                                           Attorneys for Defendant
                                             CHICK-FIL-A
22

23

24

25

26

27

28

- 2 -

1

**PROOF OF SERVICE**

2

**STATE OF CA, COUNTY OF SAN DIEGO**

3

I am employed in the County of San Diego, State of CA.  I am over the age of 18 and not

4

a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego,

5

CA  92130-2092; My electronic service address is rika.ellis@troutman.com.

6

On May 6, 2021, I served the following document(s) described as:

7

8

**DEFENDANT CHICK-FIL-A, INC.'S NOTICE OF PEREMPTORY CHALLENGE TO JUDICIAL OFFICER PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6**

9

10

11

12

13

⊠     **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

18

Jeffrey D. Kaliel                                                 Attorneys for Plaintiff and the Proposed Class
Sophia Goren Gold
KALIEL GOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783
Email: jkaliel@kalielgold.com
        sgold@kalielgold.com

19

20

I declare under penalty of perjury under the laws of the State of California that the above

21

is true and correct.

22

Executed on May 7, 2021, at San Diego, CA.

23

24

_____

25

Rika J. Ellis

26

27

28