1   TROUTMAN PEPPER HAMILTON SANDERS LLP
    Kalama M. Lui-Kwan, Bar No. 242121
2   kalama.lui-kwan@troutman.com
    Three Embarcadero Center, Suite 800
3   San Francisco, CA 94111
    Telephone:     415.477.5700
4   Facsimile:     415.477.5710

5   TROUTMAN PEPPER HAMILTON SANDERS LLP
    Lindsey B. Mann, *Admitted Pro Hac Vice*
6   lindsey.mann@troutman.com
    Kathleen M. Campbell, *Admitted Pro Hac Vice*
7   kathleen.campbell@troutman.com
    600 Peachtree Street NE, Suite 3000
8   Atlanta, GA  30308-2216
    Telephone:     404.885.3000
9   Facsimile:     404.885.3900

10  Attorneys for Defendant
    CHICK-FIL-A, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 EASTERN DISTRICT OF CALIFORNIA

14  RONALD ORTEGA, on behalf of himself        Case No.  2:21-cv-00845-KJM-CKD
    and all others similarly situated,
15                                             Honorable Kimberly J. Mueller
                  Plaintiffs,
16                                             **DEFENDANT'S RESPONSE IN
          v.                                   OPPOSITION TO PLAINTIFF'S MOTION
17                                             FOR LEAVE TO FILE FIRST AMENDED
    CHICK-FIL-A, INC., and DOES 1 - 50,        CLASS ACTION COMPLAINT**
18  inclusive,
                                               Date:        October 29, 2021
19                Defendants.                  Time:        10:00a.m.
                                               Courtroom:   3, 15th Floor
20                                                          501 "I" Street
                                                            Sacramento, CA 95814
21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 1

III. ARGUMENT ............................................................................................................... 2

   A.  Plaintiff's Motion Should Be Denied Because Plaintiff Has Failed To
      Show Good Cause Under Rule 16(b) .................................................................. 3

      1.  Plaintiff Was Not Diligent in Creating a Workable Rule 16 Order ........... 4

      2.  Plaintiff's Delay Cannot Be Attributed to the Development of New
         Matters or Information .............................................................................. 5

      3.  Plaintiff Was Not Diligent in Seeking Amendment .................................. 6

   B.  Plaintiff's Motion Should Be Denied Because Amendment Is Improper
      Under Rule 15(a) ................................................................................................ 6

      1.  Plaintiff's Proposed Amendments Are Futile ........................................... 7

         a.  Plaintiff Cannot Represent a Nationwide Class As a Matter
            of Law ........................................................................................... 8

            (1)  Under Binding Ninth Circuit Precedent, Plaintiff
                Cannot Apply California's Consumer Protection
                Statutes On A Nationwide Basis ...................................... 8

            (2)  Material Differences Among States' Contract Laws
                Prevent Plaintiff from Pursuing a Breach of Contract
                Claim on Behalf of a Nationwide Class ........................... 10

            (3)  Material Differences Among States' Unjust
                Enrichment Laws Prevent Plaintiff from Pursuing an
                Unjust Enrichment Claim on Behalf of a Nationwide
                Class ............................................................................... 12

         b.  Plaintiff's Individual Breach of Contract Claim Fails as a
            Matter of Law ............................................................................... 14

            (1)  Plaintiff's Inconsistent Pleadings Prevent Plaintiff
                from Alleging Breach of Contract ..................................... 14

            (2)  Plaintiff Fails to Identify a Specific Contract or
                Provision at Issue ............................................................ 15

         c.  Plaintiff's Individual Unjust Enrichment Claim Fails as a
            Matter of Law ............................................................................... 16

            (1)  Plaintiff Fails to Plead His Fraud-Based Unjust
                Enrichment Claim with Sufficient Specificity ................. 16

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**TABLE OF CONTENTS**
**(continued)**

Page

(2)      Plaintiff Fails to State a Claim for Unjust Enrichment ........................................................ 17

2.      Plaintiff Unduly Delayed in Seeking Leave to File the Amended Complaint.................................................................. 18

IV.      CONCLUSION ................................................................................ 20

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO.  2:21-CV-00845-KJM-CKD

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Allen v. City of Beverly Hills,*
   911 F.2d 367 (9th Cir. 1990)..................................................................20

5

*Allen v. Conagra Foods, Inc.,*
   331 F.R.D. 641 (N.D. Cal. 2019) ...........................................................13

6

7

*In re Anthem, Inc. Data Breach Litig.,*
   162 F. Supp. 3d 953 (N.D. Cal. 2016) ...................................................15

8

*Ascon Properties, Inc. v. Mobil Oil Co.,*
   866 F.2d 1149 (9th Cir. 1989)..................................................................6

9

*Beggins v. Carpenter,*
   2020 WL 4676514 (E.D. Cal. Aug. 12, 2020) .......................................19

10

11

*Bias v. Wells Fargo & Co.,*
   312 F.R.D. 528 (N.D. Cal. 2015) ...........................................................13

12

*Bonin v. Calderon,*
   59 F.3d 815 (9th Cir. 1995).....................................................................7

13

14

*Brockmeier v. Solano Cty. Sheriff's Dep't,*
   2007 WL 1521074 (E.D. Cal. May 22, 2007).........................................7

15

*California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.,*
   114 Cal. Rptr. 2d 109 (Cal. App. 2001)................................................17

16

17

*Carvajal v. Clark Cty.,*
   2021 WL 1933934 (D. Nev. May 12, 2021) ............................................7

18

*Contact Lumber Co. v. P.T. Moges Shipping Co.,*
   918 F.2d 1446 (9th Cir. 1990)...............................................................18

19

20

*Copart, Inc. v. Sparta Consulting, Inc.,*
   2016 WL 3126108 (E.D. Cal. June 2, 2016)............................................3

21

*Davis v. Tower Select Ins. Co.,*
   2013 WL 127724 (E.D. Cal. Jan. 9, 2013).............................................19

22

23

*Davison v. Kia Motors Am., Inc.,*
   2015 WL 3970502 (C.D. Cal. June 29, 2015) .......................................10

24

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987)..................................................................20

25

26

*Durell v. Sharp Healthcare,*
   108 Cal. Rptr. 3d 682 (Cal. App. 2010) ...........................................17, 18

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**TABLE OF AUTHORITIES**
(continued)

Page

*Eckert Cold Storage, Inc. v. Behl*,
   943 F. Supp. 1230 (E.D. Cal. 1996)..................................................................6

*Falk v. Gen. Motors Corp.*,
   496 F. Supp. 2d 1088 (N.D. Cal. 2007) ...........................................................17

*Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*,
   792 F.2d 1432 (9th Cir. 1986)...........................................................................5

*First Intercontinental Bank v. AEHCC LLC*,
   2012 WL 12973655 (C.D. Cal. Nov. 27, 2012)................................................19

*Foman v. Davis*,
   371 U.S. 178 (1962)......................................................................................7, 19

*Ghirardo v. Antonioli*,
   924 P.2d 996 (Cal. 1996) ................................................................................17

*Gustafson v. BAC Home Loans Servicing, LP*,
   294 F.R.D. 529 (C.D. Cal. 2013) ...............................................................11, 13

*Hunt v. Lincoln Unified Sch. Dist.*,
   2015 WL 4676256 (E.D. Cal. Aug. 6, 2015) ....................................................7

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990)..........................................................................19

*Jackson v. Laureate, Inc.*,
   186 F.R.D. 605 (E.D. Cal. 1999) ........................................................2, 3, 4, 5

*Johnsen v. Rogers*,
   551 F. Supp. 281 (C.D. Cal. 1982) ...................................................................20

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992)..............................................................................3

*Johnson v. Serenity Transportation, Inc.*,
   2015 WL 4913266 (N.D. Cal. Aug. 17, 2015)..................................................19

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*,
   701 F.2d 1276 (9th Cir. 1983)............................................................................7

*Kowalsky v. Hewlett-Packard Co.*,
   2012 WL 892427 (N.D. Cal. Mar. 14, 2012)......................................................9

*Kramer v. Wilson Sporting Goods Co.*,
   2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) ................................................12

*Kuschner v. Nationwide Credit, Inc.*,
   256 F.R.D. 684 (E.D. Cal. 2009) .......................................................................7

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO.  2:21-CV-00845-KJM-CKD

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
CLASS ACTION COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

Page

*Lambey v. California Dep't of Ins.*,
   2013 WL 3992132 (E.D. Cal. Aug. 1, 2013) ..............................................5

*Lane v. Wells Fargo Bank, N.A.*,
   2013 WL 3187410 (N.D. Cal. June 21, 2013) ....................................11, 12

*Levy v. State Farm Mut. Auto. Ins. Co.*,
   58 Cal.Rptr.3d 54 (Cal. Ct. App. 2007) .................................................15

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999)....................................................................8

*Locklear v. Hewlett Packard Co.*,
   2015 WL 4744151 (E.D. Cal. Aug. 10, 2015) ........................................6

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012).......................................................... *passim*

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*,
   863 F. Supp. 2d 928 (N.D. Cal. 2012) ...................................................15

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988)....................................................................7

*Mireles v. Paragon Sys., Inc.*,
   2014 WL 575713 (S.D. Cal. Feb. 11, 2014) ............................................2

*Nangle v. Penske Logistics, LLC*,
   2016 WL 9503736 (S.D. Cal. July 20, 2016) ..........................................2

*In re Packaged Seafood Prods. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017).....................................................9

*Pelletier v. Pac. WebWorks, Inc.*,
   2012 WL 43281 (E.D. Cal. Jan. 9, 2012).................................................17

*Peterson v. Cellco Partnership*,
   80 Cal.Rptr.3d 316 (Cal. App. 2008) .....................................................18

*Pistacchio v. Apple Inc.*,
   2021 WL 949422 (N.D. Cal. Mar. 11, 2021) ..........................................13

*Plastino v. Wells Fargo Bank*,
   873 F. Supp. 2d 1179 (N.D. Cal. 2012) ..................................................15

*Ralston v. Mortg. Invs. Grp., Inc.*,
   2012 WL 1094633 (N.D. Cal. Mar. 30, 2012)...........................................9

*Rivers v. Skate Warehouse, LLC*,
   2013 WL 12128800 (C.D. Cal. Apr. 15, 2013) .......................................14

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Sateriale v. RJ Reynolds Tobacco Co.*,
   2014 WL 7338877 (C.D. Cal. Dec. 19, 2014) .......................................................11

4

*Schwartz v. Lights of America*,
   2012 WL 4497398 (C.D. Cal. Aug. 31, 2012) ..........................................................9

5

6

*Tromble v. W. Digital Corp.*,
   2021 WL 2165796 (N.D. Cal. May 27, 2021) .........................................................13

7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................................16

8

9

*Waldrup v. Countrywide Fin. Corp.*,
   2014 WL 3715131 (C.D. Cal. July 23, 2014) .........................................................18

10

*Weisberg v. Takeda Pharmaceuticals U.S.A., Inc.*,
   2018 WL 4043171 (C.D. Cal. Aug. 21, 2018) ........................................................11

11

12

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...................................................................17

13

*Zamora v. Solar*,
   2016 WL 3512439 (C.D. Cal. June 27, 2016) .........................................................14

14

15

*Zivkovic v. S. California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ...................................................................................3

16

**Statutes**

17

28 U.S.C. § 1441 ..............................................................................................................1

18

**Other Authorities**

19

1 McLaughlin on Class Actions § 5:60 (17th ed. Oct. 2020) .........................................12

20

55 Cal. Jur. 3d Restitution § 2 .......................................................................................16

21

Fed. R. Civ. P. 6(b)(1) .................................................................................................1, 2

22

Fed. R. Civ. P. 9(b) ..................................................................................................16, 17

23

Fed. R. Civ. P. 12(b)(6) .....................................................................................7, 15, 17

24

Fed. R. Civ. P. 15 ................................................................................................. *passim*

25

Fed. R. Civ. P. 16 ...............................................................................................2, 3, 4, 6

26

Fed. R. Civ. P. 23(b)(3) ..............................................................................................8, 12

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Defendant Chick-fil-A, Inc. ("CFA"), by its attorneys, hereby submits the following Response in Opposition to Plaintiff Ronald Ortega's ("Plaintiff") Motion for Leave to File First Amended Class Action Complaint (the "Motion").

## I.   INTRODUCTION

Plaintiff initially filed suit against CFA in Sacramento Superior Court alleging violations of three consumer protection statutes and seeking to represent a California-only class of similarly situated consumers.  Now, more than six months after filing his complaint, Plaintiff seeks the Court's permission to radically depart from his prior pleading, asking for permission to add new claims for relief and seeking a fifty-fold enlargement of his prior California-only class to encompass CFA customers nationwide.  Plaintiff's Motion should be rejected for several independent reasons.  First, Plaintiff fails to argue—let alone show—that "good cause" exists to depart from the Court's prior Scheduling Order under Rule 16(b).  He likewise fails to show sufficient "excusable neglect" to satisfy Rule 6(b)(1).  Second, even if Plaintiff could clear these initial hurdles, Plaintiff is not entitled to file an amended pleading, even under Rule 15(a)'s lenient amendment standard, because: (1) Plaintiff's newfound claims and class definition fail as a matter of law, thereby making any such amendments futile; and (2) Plaintiff unduly delayed in seeking leave to amend by waiting more than six months to allege claims and a class definition based on facts that were within his knowledge at the time that he filed the initial complaint.  For the reasons that follow, the Court should deny Plaintiff's Motion in its entirety.

## II.   BACKGROUND

Plaintiff filed his initial complaint in this matter on March 10, 2021 in the Superior Court of California, County of Sacramento, alleging that CFA violated California's Unfair Competition Law ("UCL"), California's Consumer Legal Remedies Act ("CLRA"), and California's False Advertising Law ("FAL").  CFA was served with Plaintiff's complaint on April 8, 2021.  CFA filed an answer in the Superior Court of California and then filed a Notice of Removal based on 28 U.S.C. § 1441 on May 10, 2021.  (ECF No. 1.)  On May 11, 2021, the Court entered its Initial Pretrial Scheduling Order (the "Scheduling Order"), which provided that any amended pleadings to add claims or parties shall be filed within 60 days.  (ECF No. 3 at 2.)  The Scheduling Order

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

1   also stated that "[n]o other joinder of parties or amendments to pleadings is permitted without

2   leave of court, good cause having been shown." (*Id*.)

3       One week later, on May 17, 2021, this Court set an Initial Pretrial Scheduling Conference

4   ("Scheduling Conference") for September 16, 2021 and ordered the parties to confer at least 21

5   days before the Scheduling Conference. (ECF No. 8.) Consistent with the Court's May 17, 2021

6   Order, the parties conferred on August 30, 2021, and on September 3, 2021, Plaintiff filed the

7   parties' Joint Status Report. (ECF No. 17.) On September 7, 2021—just one court day after the

8   parties submitted the Joint Status Report—Plaintiff filed an amended complaint without leave of

9   Court or CFA's consent, realleging UCL, CLRA, and FAL violations and adding a new

10   nationwide class definition and never-before-asserted claims for breach of contract and unjust

11   enrichment. (ECF No. 20.) In response to Plaintiff's unannounced filing, the Court rescheduled

12   the Scheduling Conference from September 16 to October 28, 2021. (ECF No. 21.) Following a

13   successful meet and confer on a potential motion by CFA to strike the amended complaint,

14   Plaintiff subsequently filed a Motion for Leave to File First Amended Class Action Complaint

15   and, shortly thereafter, withdrew his prior amended complaint. (ECF Nos. 22, 23.) The Court

16   again rescheduled the Scheduling Conference, this time for October 29, 2021. (ECF No. 25.)

### III.   <u>ARGUMENT</u>

18       Plaintiff's Motion entirely fails to address Rule 16's "good cause" requirement, and

19   instead focuses exclusively on Rule 15(a)'s more "liberal" standard for permitting amended

20   pleadings. (*See* ECF No. 22-1 at 2–5.) However, where a plaintiff seeks leave to file an amended

21   pleading beyond the time prescribed in a court-issued scheduling order, "the liberal amendment

22   standard set out in Rule 15(a) is inapplicable until Plaintiff first demonstrates that 'good cause' as

23   prescribed by Rule 16(b) justifies the amendment." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605,

24   606–07 (E.D. Cal. 1999). A party moving to amend a pleading after a court-ordered deadline has

25   passed must also demonstrate "excusable neglect" under Rule 6(b)(1). *Nangle v. Penske*

26   *Logistics, LLC*, 2016 WL 9503736, at *2 (S.D. Cal. July 20, 2016); *see also Mireles v. Paragon*

27   *Sys., Inc.*, 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) ("[A] party moving to amend a

28   pleading after a scheduling order deadline has passed must support the motion by demonstrating

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

both excusable neglect and good cause.") (citation omitted).  Plaintiff likewise fails to address this requirement in his Motion.

Because Plaintiff applies the incorrect legal standard, the Court should deny Plaintiff's Motion outright.  Regardless, as set forth below, Plaintiff cannot establish the good cause required to justify amendment under Rule 16; nor does he satisfy the more lenient pleading requirements under Rule 15.  For these reasons, his Motion should be denied.

### A.   Plaintiff's Motion Should Be Denied Because Plaintiff Has Failed To Show Good Cause Under Rule 16(b).

Plaintiff has failed to show "good cause" to file an untimely amended pleading under Rule 16(b).  Where, as here, "the district court has filed a pretrial scheduling order based on Rule 16, establishing a timetable for amending pleadings, a motion seeking to amend is governed first by Rule 16(b)," and thus "[t]he liberal amendment standard set out in Rule 15(a) is inapplicable until the movant first demonstrates that 'good cause' under Rule 16(b) justifies the amendment." *Copart, Inc. v. Sparta Consulting, Inc.*, 2016 WL 3126108, at *2 (E.D. Cal. June 2, 2016) (Mueller, J.); *see also Jackson*, 186 F.R.D. at 607 ("If the court considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation and punctuation omitted).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and the movant bears the burden of showing that the scheduling order's deadline for amended pleadings "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Accordingly, "[i]f the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).

Three criteria guide this inquiry: (1) whether Plaintiff was "diligent in assisting the Court in creating a workable Rule 16 order"; (2) whether Plaintiff's noncompliance with the Court's deadline occurred "notwithstanding . . . diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated"; and (3) whether Plaintiff

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

1  was "diligent in seeking amendment . . . once it became apparent that [he] could not comply with

2  the order." *Jackson*, 186 F.R.D. at 608 (citations omitted).  Plaintiff's *diligence*, the essential

3  element shared among the three criteria, is absent in this case.

**1.      Plaintiff Was Not Diligent in Creating a Workable Rule 16 Order.**

5      With respect to the first inquiry—*i.e.*, whether Plaintiff was "diligent in assisting the

6  Court in creating a workable Rule 16 order"—Plaintiff's failure to timely amend his Complaint or

7  inform the Court of the imminence of the amendment reveals a lack of diligence that undermined

8  the Court's efforts to implement a workable case management timeline.  The Court has previously

9  warned that "[p]arties anticipating possible amendments to their pleadings have an 'unflagging

10  obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated

11  amendments in their status reports so that the judge can consider whether such amendments may

12  properly be sought solely under the Rule 15(a) standard, and whether structuring discovery

13  pertinent to the parties' decision whether to amend is feasible." *Jackson*, 186 F.R.D. at 608

14  (citations omitted).  A party who "fails to assist the Rule 16 scheduling judge in fashioning

15  workable programmatic procedures must bear the reasonably foreseeable consequences for her

16  failure to do so." *Id*. (citation omitted) (denying motion for leave where plaintiff failed to show

17  diligence in obtaining leave).

18      Here, despite having ample opportunity to do so, Plaintiff failed to inform the Court that

19  an amended pleading was imminent.  Specifically, on September 3, 2021—just one court day

20  before Plaintiff attempted to file his untimely amended pleading—Plaintiff submitted a Joint

21  Status Report to the Court that failed to mention Plaintiff's amended pleading, even though the

22  Joint Status Report required Plaintiff to identify any "Contemplated Amendments to the

23  Pleadings."[1]  (ECF No. 17 at 3.)  Rather than assisting the Court in "creating a workable Rule 16

24  order," Plaintiff's conduct has brought disarray to the Court's docket, resulting in two

25  postponements of the Pretrial Scheduling Conference, necessitating substantial briefing to address

26  issues that could have (and should have) been presented in Plaintiff's original complaint, and

---

[1] To be sure, the Court's May 17, 2021 Order explicitly ordered that the Joint Status Report "*shall*
address . . . contemplated amendments to the pleadings."  (ECF No. 8 at 2) (emphasis added).

1   requiring that the parties meet and confer, again, to submit an updated Joint Status Report.  (*See*

2   ECF No. 21; ECF No. 25.)  Because the timing of Plaintiff's attempted amendment supports a

3   strong inference that Plaintiff "was aware of those circumstances when [he] submitted [his] status

4   report and yet said nothing about them," Plaintiff's omission is not "compatible with a finding of

5   diligence." *Jackson*, 186 F.R.D. at 608 (citation omitted).

6           **2.**       **Plaintiff's Delay Cannot Be Attributed to the Development of New**
               **Matters or Information.**

7        As to the second criterion—*i.e.*, whether Plaintiff's delays were due to "the development

8   of matters which could not have been reasonably foreseen or anticipated"—Plaintiff has not made

9   any showing that he uncovered new information that was previously unavailable to him.  Indeed,

10  Plaintiff acknowledges that his proposed amended pleading "differs from the original Complaint

11  . . . in only two ways" in that it adds two new claims for relief (breach of contract and unjust

12  enrichment) and replaces Plaintiff's allegations regarding a California-only class with a

13  nationwide class.  (ECF No. 22 at 2.)  Plaintiff's proposed complaint does not, however, add *any*

14  new material facts in support of his case; nor could it, because, as Plaintiff freely admits,

15  "discovery has barely begun."  (*Id.* at 2.)

16       In short, Plaintiff's delay was not due to the development of new matters that "could not

17  have been reasonably foreseen or anticipated"; it was, instead, the result of Plaintiff's belated

18  decision to seek to increase his leverage and exert additional settlement pressure on CFA by

19  overreaching for a class that he cannot certify and alleging new, unsupported claims for relief.

20  *Jackson*, 186 F.R.D. at 608-09 (denying motion for leave to amend because "Plaintiff is silent as

21  to whether any 'new and previously unavailable information' justifies the requested

22  amendment."); *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438

23  (9th Cir. 1986) (affirming denial of motion for leave to amend because plaintiff "was simply

24  restating its prior claims under new labels" and "[t]he factual bases of the claims were known to

25  [plaintiff] long before" it sought leave to amend); *Lambey v. California Dep't of Ins.*, 2013 WL

26  3992132, at *3 (E.D. Cal. Aug. 1, 2013) (Mueller, J.) (denying motion for leave to amend to add

27  new claim for relief when plaintiff "provide[d] no explanation for his lengthy delay" and admitted

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO.  2:21-CV-00845-KJM-CKD

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
CLASS ACTION COMPLAINT

1   that "all material facts and causes of action contained in [the amended pleading] fall within the

2   operative facts contained in the underlying action."); *cf. Locklear v. Hewlett Packard Co.*, 2015

3   WL 4744151, at *2 (E.D. Cal. Aug. 10, 2015) (Mueller, J.) (granting leave to amend when

4   "plaintiff [sought] to furnish additional factual allegations and clarify claims for damages based

5   on information previously unavailable at the time of the original filing.").

6            **3.      Plaintiff Was Not Diligent in Seeking Amendment.**

7            Regarding the third criterion—*i.e.*, whether Plaintiff "was diligent in seeking amendment"

8   once he discovered that he could not comply with the Scheduling Order—Plaintiff's failure to

9   exercise the diligence required by Rule 16 is evident.  The Scheduling Order permitted Plaintiff to

10  file an amended pleading as a matter of right at any time up to and including July 9, 2021.  (ECF

11  No. 3 at 2.)  Yet Plaintiff waited more than two months after the Scheduling Order's amendment

12  deadline passed to seek leave to file an amended complaint that contains *no* new factual

13  allegations.  (ECF No. 22.)  Plaintiff does not, because he cannot, "adequately explain[] why [he]

14  waited" more than two months "before filing the motion to amend." *Eckert Cold Storage, Inc. v.*

15  *Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

16           Simply put, Plaintiff's abject lack of diligence and casual approach to compliance with

17  Court-imposed obligations undercuts any showing of "good cause" sufficient to satisfy Rule

18  16(b), and "[t]o permit a party to disregard a Rule 16 order . . . would undermine the court's

19  ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the

20  indolent and the cavalier." *Id*. (citation omitted).  Because Plaintiff cannot show "good cause"

21  under Rule 16(b), the Court should deny Plaintiff's Motion outright.

22       **B.      Plaintiff's Motion Should Be Denied Because Amendment Is Improper Under
                    Rule 15(a).**

23

24           Even if Plaintiff could establish "good cause" sufficient to satisfy Rule 16(b), the Motion

25  should nevertheless be denied because Plaintiff cannot show that his proposed amendment would

26  be proper under Rule 15(a).  Although Plaintiff correctly asserts that courts liberally interpret

27  Rule 15(a), "the liberality in granting leave to amend is subject to several limitations." *Ascon*

28  *Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Specifically, courts

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
CLASS ACTION COMPLAINT

consider four factors before granting leave to amend: "(1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment." *Brockmeier v. Solano Cty. Sheriff's Dep't*, 2007 WL 1521074, at *1 (E.D. Cal. May 22, 2007); *accord Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

As explained below, Plaintiff cannot meet Rule 15(a)'s standard for filing an amended complaint because: (1) Plaintiff's newly proposed claims and nationwide class allegations would be subject to dismissal, rendering any such amendments futile; and (2) Plaintiff unduly delayed in seeking leave to file his amended complaint.[2]

## 1.    Plaintiff's Proposed Amendments Are Futile.

The Court should deny Plaintiff's Motion because Plaintiff's newly proposed nationwide class allegations and claims for breach of contract and unjust enrichment fail as a matter of law, thereby rendering Plaintiff's proposed amendments futile.  Under Rule 15(a), "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that "futile amendments should not be permitted.").  Indeed, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  To determine whether a proposed amendment is futile, courts apply a standard that is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)," and thus a proposed amendment is futile "if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009); *Hunt v. Lincoln Unified Sch. Dist.*, 2015 WL 4676256, at *4 (E.D. Cal. Aug. 6, 2015) (Mueller, J.) (denying leave to amend under Rule 15(a) because plaintiff's

---

[2] Additionally, as discussed above, Plaintiff's proposed amendments are not the result of the discovery of any new information or legal theories.  Instead, Plaintiff seeks leave to amend solely to strengthen his bargaining position by pursuing a fifty-fold increase in the size of his putative class.  *See supra* § III.A.  And because "bad faith or dilatory motive may be established by actions demonstrating gamesmanship," Plaintiff's Motion should also be denied on this basis. *Carvajal v. Clark Cty.*, 2021 WL 1933934, at *9 (D. Nev. May 12, 2021).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

proposed Section 1983 claim failed as a matter of law).  Accordingly, "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."  *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

### a.   Plaintiff Cannot Represent a Nationwide Class As a Matter of Law.

Plaintiff attempts to downplay the impact of his proposed amendment to the class definition, stating that he "is just amending the class definition to include customers nationwide." (ECF No. 22 at 4.)  But despite Plaintiff's coy representations, the true scope of Plaintiff's proposed amendment to the class definition is significant.  Indeed, as described more fully below, the scope of the class that Plaintiff now seeks to represent is so broad that Plaintiff could not, as a matter of law, represent the class due to material conflicts between California law and the laws of the other 49 states where the non-resident putative class members reside.  It is thus apparent on the face of Plaintiff's proposed amended complaint that individual questions would predominate in the class action as a matter of law, thereby rendering Plaintiff's proposed class uncertifiable under Rule 23(b)(3) at the outset.  Granting leave for Plaintiff to plead a class definition that fails as a matter of law would be an exercise in futility that unnecessarily expands and prolongs these proceedings; thus, the Court should deny Plaintiff's Motion.

### (1)   Under Binding Ninth Circuit Precedent, Plaintiff Cannot Apply California's Consumer Protection Statutes On A Nationwide Basis.

The Court should deny Plaintiff's request to expand the class definition to encompass a nationwide consumer class because, under binding Ninth Circuit precedent, Plaintiff cannot apply California's statutory consumer protection laws to the claims of non-resident class members.  In the proposed amended complaint, Plaintiff attempts to assert UCL, FAL, and CLRA claims on behalf of a nationwide class.  (*See* ECF No. 22-1, ¶¶ 62-90.)  However, Plaintiff's newfound attempt to extend the reach of these statutes beyond California's borders is foreclosed by the Ninth Circuit's decision in *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).

In *Mazza*, plaintiffs sought certification of a nationwide class against an automobile manufacturer based on alleged misrepresentations and omissions in certain of the manufacturer's

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

advertisements.  *Mazza*, 666 F.3d at 585.  The plaintiffs brought claims for, among other things, violations of California's UCL, FAL, and CLRA, and the trial court granted plaintiffs' motion for class certification, concluding that "California Law can be applied to all class members."  *Id*. at 588.  On appeal, the Ninth Circuit reversed the class certification decision, holding that "the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their car in different jurisdictions with materially different consumer protection laws." *Id*. at 590.

Specifically, the Ninth Circuit compared California's consumer protection statutes to those of the other 43 states in which non-resident class members resided and concluded that there were several material differences among them that were "not trivial or wholly immaterial," including that California's consumer protection laws "have no scienter requirement, whereas many other states' consumer protection statutes do require scienter," that California "requires named class plaintiffs to demonstrate reliance, while some other states' consumer protection statutes do not," and that "there are also material differences in the remedies given by state law." *Id*. at 591.  Consequently, the Ninth Circuit held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place" and, accordingly, that "variances in state law overwhelm common issues and preclude predominance for a single nationwide class." *Id.* at 596.

Since *Mazza* was decided, numerous courts within the Ninth Circuit have applied the Ninth Circuit's reasoning to preclude certification of nationwide classes under UCL, FAL, and/or CLRA as a matter of law.  *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *7 (N.D. Cal. Mar. 14, 2012) (holding that "*Mazza* controls" and "precludes the certification of a nationwide class asserting claims under the UCL and the CLRA."); *Ralston v. Mortg. Invs. Grp., Inc.*, 2012 WL 1094633, at *3 (N.D. Cal. Mar. 30, 2012) (holding that "[i]n light of the Ninth Circuit's recent decision in *Mazza*," a class bringing UCL claims "must be limited to California residents."); *Schwartz v. Lights of America*, 2012 WL 4497398, at *8 (C.D. Cal. Aug. 31, 2012) ("After *Mazza*, if a material conflict of law exists, it is difficult to imagine a false advertisement claim where a court could apply California law to a nationwide class."); *In re Packaged Seafood*

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

1
2
3

*Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1066, 1068 (S.D. Cal. 2017) (discrediting plaintiff's argument that any decision regarding the proposed nationwide class should be delayed until the class certification stage and dismissing nationwide class consumer protection claims per *Mazza*).

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

This case falls squarely within the Ninth Circuit's holding in *Mazza*, and the Court should find that Plaintiff's proposed nationwide class under California's consumer protection statutes fails as a matter of law, rendering Plaintiff's proposed amended class definition futile.  First, as the *Mazza* Court recognized, there are material conflicts between UCL, FAL, and CLRA and the analogous consumer protection statutes enacted by the other 49 states where non-resident putative class members may be found in this case.  *See Mazza*, 666 F.3d at 590–91; *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015) ("Courts in this circuit, in assessing the propriety of nationwide class actions, have held that California's consumer protection statutes are materially different from those in other states.").  Likewise, each state in which the non-resident class members placed their respective food delivery orders has a compelling interest in applying its own consumer protection laws to any such transactions.  *See Mazza*, 666 F.3d at 592 ("Each of our states has an interest in balancing the range of products and prices offered to consumers with the legal protections afforded to them.").  And, finally, while California's interest in applying its consumer protection laws to out-of-state residents is "attenuated," at best, "every state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class."  *Davison*, 2015 WL 3970502, at *3.  Accordingly, under *Mazza* and its progeny, Plaintiff cannot apply California's consumer protection statutes on a nationwide basis as a matter of law.

22
23
24
25

In light of *Mazza*, the inescapable conclusion here is that "variances in state law overwhelm common issues and preclude predominance for a single nationwide class."  *Mazza*, 666 F.3d at 596.  Permitting Plaintiff to amend his proposed class definition to allege UCL, FAL, and CLRA claims on behalf of a nationwide class would be futile.

26
27

**(2)   Material Differences Among States' Contract Laws Prevent Plaintiff from Pursuing a Breach of Contract Claim on Behalf of a Nationwide Class.**

28

Similarly, because of material dissimilarities between all 50 states' contract laws,

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Plaintiff's proposed nationwide breach of contract class is uncertifiable. Indeed, in the wake of the Ninth Circuit's sea-change decision in *Mazza*, numerous courts within this Circuit have declined to certify nationwide breach of contract classes on predominance grounds due to significant discrepancies between states' respective contract laws. In *Weisberg v. Takeda Pharmaceuticals U.S.A., Inc.*, 2018 WL 4043171 (C.D. Cal. Aug. 21, 2018), for example, the district court cited *Mazza* and declined to certify a nationwide breach of contract class on predominance grounds because "it appear[ed] that some rules of contract law that differ across the states, such as the extrinsic evidence rule, could impact putative members' claims." *Id.* at *10. A similar conclusion was reached in *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529 (C.D. Cal. 2013), where the court denied certification of a contract-based nationwide class because "the differences among states' breach of contract laws are material . . . [and] could greatly affect how the relevant provisions of the agreements are interpreted and ultimately whether there was a breach of those provisions." *Id.* at 544. And in *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410 (N.D. Cal. June 21, 2013), a district court again denied a plaintiff's attempt to certify a nationwide class asserting breach of contract claims because any analysis of the non-resident class members' claims "would require applying a multitude of different state law standards," and "where the laws of fifty states must be scrutinized, . . . variations in state law swamp any common issues and defeat predominance." *Id.* at *4.

The same holds true where a putative nationwide breach claim is predicated on an alleged breach of the implied duty of good faith and fair dealing, which similarly invokes "significant differences in state law," including "whether the standard for good faith is subjective or objective and whether and to what extent the implied covenant constrains discretion expressly granted to one party by the contractual terms." *Id.*; *see also Gustafson*, 294 F.R.D. at 547–48 (refusing to certify nationwide class as a result of state-specific differences in claims for breach of the implied duty of good faith and fair dealing); *Sateriale v. RJ Reynolds Tobacco Co.*, 2014 WL 7338877, at *11-12 (C.D. Cal. Dec. 19, 2014) (refusing to certify nationwide class due to "material differences in state contract law . . . with regard to the implied covenant of good faith," including that "not all contracts contain such a covenant" and that only some states "require proof of a

- 11 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1   defendant's subjective intention in order to prove a claim for breach of the covenant.").

2       In this case, Plaintiff seeks leave to represent a nationwide class alleging claims for both

3   breach of express contract and breach of the implied duty of good faith and fair dealing.  (ECF

4   No. 22-1, ¶¶ 91-96.)  Each of these breach theories implicates "material differences" between and

5   among states' respective laws that would prevent the Court from applying California's law on a

6   nationwide basis.  Accordingly, if Plaintiff was permitted to proceed with his nationwide breach

7   class, then the Court would be required to undertake the daunting task of applying all 50 states'

8   contract laws to the class members' claims in this case on a state-by-state basis, which would

9   necessarily "swamp any common issues and defeat predominance" as a matter of law.  *Lane*,

10  2013 WL 3187410, at *4; *see also Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at

11  *4 (C.D. Cal. Dec. 13, 2013) (concluding that "common issues of law do not predominate

12  because the Court would have to apply the laws of all 50 states to decide the class claims.").

13      Because Plaintiff's putative nationwide breach of contract class cannot satisfy Rule

14  23(b)(3)'s predominance requirement as a matter of law, Plaintiff's proposed amendment is futile.

15          **(3)    Material Differences Among States' Unjust Enrichment**
                   **Laws Prevent Plaintiff from Pursuing an Unjust**
16                 **Enrichment Claim on Behalf of a Nationwide Class.**

17      Finally, permitting Plaintiff to proceed with a nationwide unjust enrichment class is

18  likewise futile because material variations between state unjust enrichment laws will preclude

19  class certification as a matter of law.  Like Plaintiff's ill-fated attempt to represent a nationwide

20  consumer protection class, Plaintiff's proposed nationwide unjust enrichment class is also

21  foreclosed by the Ninth Circuit's decision in *Mazza*.  There, the Court refused to certify a

22  nationwide unjust enrichment class because "[t]he elements necessary to establish a claim for

23  unjust enrichment also vary materially from state to state."  *Mazza*, 666 F.3d at 591; *see also* 1

24  McLaughlin on Class Actions § 5:60 (17th ed. Oct. 2020) ("Where certification of a multistate

25  unjust enrichment class is sought, variations in state law also have precluded class certification

26  based on unjust enrichment theories.").  And in *Mazza*'s wake, courts within this Circuit have

27  regularly stricken or refused to certify putative nationwide unjust enrichment classes—an

28  outcome that one district court judge noted was "unsurprising" because "[i]t is hard to imagine a

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

clearer directive from our Circuit on this issue" than the *Mazza* Court's "unequivocal statement that unjust enrichment laws vary materially from state to state." *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015); *see also Pistacchio v. Apple Inc.*, 2021 WL 949422, at *3 (N.D. Cal. Mar. 11, 2021) (striking nationwide class allegations related to unjust enrichment claim and observing that plaintiffs "cannot point to a single case in this Circuit to certify a nationwide unjust enrichment class since the Ninth Circuit addressed the issue in *Mazza*") (citation omitted); *Tromble v. W. Digital Corp.*, 2021 WL 2165796, at *2 (N.D. Cal. May 27, 2021) (dismissing nationwide unjust enrichment class claim in light of *Mazza*); *Gustafson*, 294 F.R.D. at 548–50 (denying certification nationwide unjust enrichment class because "variances in state law and individual fact issues defeat commonality and predominance on Plaintiffs' claim for unjust enrichment.").

Here, Plaintiff seeks leave to allege unjust enrichment claims on behalf of a nationwide class.  (ECF No. 22-1, ¶¶ 97-101.)  To grant Plaintiff's requested relief, the Court would again be required to engage in a cumbersome analysis of the elements of a claim that "vary materially from state to state," *Mazza*, 666 F.3d at 591, including material differences "regarding the degree of wrongful conduct required for liability," whether a benefit "must be directly conferred," and whether retention of a benefit would be "unjust," *Gustafson*, 294 F.R.D. at 548.  In other words, as a result of the material variance among states' unjust enrichment laws, the Court could not apply California unjust enrichment law on a classwide basis and would instead be required to analyze each state's unique unjust enrichment law on a state-by-state basis, which would necessarily "defeat commonality and predominance on [Plaintiff's] claim for unjust enrichment." *Id.*; *see also Allen v. Conagra Foods, Inc*., 331 F.R.D. 641, 657–58 (N.D. Cal. 2019) (denying certification of nationwide unjust enrichment class on predominance grounds because, post-*Mazza*, "it would be unconstitutional to apply California unjust enrichment law to the claims of a nationwide class" as "the [unjust enrichment] laws from all 50 states would have to apply.").

Because Plaintiff cannot satisfy the predominance requirement with respect to his putative nationwide unjust enrichment claim, his proposed amendment is futile.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**b.      Plaintiff's Individual Breach of Contract Claim Fails as a Matter of Law.**

Notwithstanding Plaintiff's flawed nationwide class allegations, his contract claim fails as a matter of law.  He pleads contradictorily, incorporating by reference allegations that he was not bound by contract into his claim for breach of contract.  In addition, Plaintiff cannot state a claim because he does not identify a specific contractual provision that was breached under any theory.  For either reason, granting Plaintiff leave to allege a breach of contract claim would be futile.

**(1)      Plaintiff's Inconsistent Pleadings Prevent Plaintiff from Alleging Breach of Contract.**

First, Plaintiff pleads contradictorily, alleging both that there is no contract and that a contract has been breached.  (*Compare* ECF No 22-1, ¶ 92 ("[The parties contracted] *as embodied in the representations made in the Chick-fil-A app and website.*") (emphasis added) *with* ECF No. 22-1, ¶¶ 27-29 ("*Chick-fil-A's App and Website Fails to Bind* Users to Any Terms of Service.") (emphasis added).)   A breach of contract claim without an underlying contract defies plausibility and is not cognizable.  *See Zamora v. Solar*, 2016 WL 3512439, at *3 (C.D. Cal. June 27, 2016) (citation omitted) ("In California, a cause of action for breach of contract requires proof of the . . . existence of a contract," among other elements).   Though federal procedural rules allow pleading in the alternative, Plaintiff has not pled in the alternative. Instead, Plaintiff expressly incorporated by reference his allegation that he did not consent to be bound by *any* contract into his breach of contract claim.  (ECF No. 22-1, ¶ 97.)   *See Rivers v. Skate Warehouse, LLC*, 2013 WL 12128800, at *12 n.66 (C.D. Cal. Apr. 15, 2013) (recognizing that federal procedural rules allow pleading in the alternative but dismissing plaintiff's breach of contract claim because he inconsistently incorporated a lack of consent argument into his breach of contract claim, which constituted a binding and fatal judicial admission as to that claim). Because Plaintiff submitted to the Court that no contract existed, his breach of contract claim fails and permitting amendment would be futile.  *See Zamora*, 2016 WL 3512439, at *2 ("A denial of leave to amend is proper on a breach of contract claim where an amendment would be futile because the terms of the contract, which are not subject to change, preclude plaintiff's claim.") (citation omitted).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**(2)     Plaintiff Fails to Identify a Specific Contract or Provision at Issue.**

Second, assuming *arguendo* that Plaintiff premises his breach of contract claim on some other unenumerated contract—rather than CFA's Terms & Conditions to which he claims not to be bound—his breach of contract claim nevertheless fails as a matter of law, and permitting Plaintiff to belatedly plead this claim would be futile.  "A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing."  *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012) (citation omitted).  Plaintiff alleges both.  (ECF No. 22-1, ¶ 96).  However, "[f]acts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity."  *Levy v. State Farm Mut. Auto. Ins. Co.*, 58 Cal.Rptr.3d 54 (Cal. Ct. App. 2007) (dismissing allegations of breach of contract as "mere conclusion" because the facts as pled were not connected to any contract provision).  If some other contract was breached by CFA's conduct as alleged, Plaintiff failed to identify it in his FAC sufficient to survive dismissal pursuant to Rule 12(b)(6).  *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 979 (N.D. Cal. 2016) (dismissing contract claim as "Plaintiffs do not refer to any contractual language or any contractual provisions that the Anthem Defendants allegedly breached.").  Likewise, because any breach of contract or an implied covenant arises "only when the other party has acted consistent with the contract's literal terms," it was incumbent upon Plaintiff to identify those terms to which he allegedly adhered and CFA supposedly did not.  *McNeary-Calloway*, 863 F. Supp. 2d at 955 ("[A] plaintiff must identify the specific contractual provision that was frustrated.");  *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (dismissing implied-covenant claim where plaintiff identified a contract but not the specific contractual provision that was frustrated).  Absent such a showing, this claim—whether premised on an express breach of contract or a breach of the implied duty of good faith and fair dealing—is conclusory, thereby rendering Plaintiff's belated request to add such a claim futile.

In the same breath, Plaintiff alleges that no contract governed his transactions with CFA *and* that CFA breached the contract underlying the parties' relationship.  But even setting aside

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 15 -

1    this threshold contradiction, Plaintiff fails to identify *any* specific provision of *any* identifiable

2    contract that CFA allegedly breached.  The Court need not attempt to make sense of Plaintiff's

3    incongruous pleadings, however, because Plaintiff has failed to state a claim for breach of

4    contract under any conceivable set of facts arising out of the FAC.  For that reason, granting leave

5    to amend would be futile and Plaintiff's Motion should be denied.

6                    **c.      Plaintiff's Individual Unjust Enrichment Claim Fails as a
                             Matter of Law.**

7          Plaintiff's proposed unjust enrichment claim also fails to state a claim and would be

8    subject to dismissal.  First, Plaintiff fails to plead the fraud underlying his unjust enrichment

9    claim with specificity sufficient to satisfy Rule 9(b).  Second, even if Plaintiff had satisfied Rule

10   9(b), his proposed unjust enrichment claim would nevertheless be subject to dismissal for several

11   independent reasons.  In either event, his claim for unjust enrichment fails as a matter of law, and

12   permitting Plaintiff to plead the claim would be an exercise in futility.

13                   **(1)     Plaintiff Fails to Plead His Fraud-Based Unjust
                             Enrichment Claim with Sufficient Specificity.**

14         First, Plaintiff fails to plead underlying fraud with specificity and his unjust enrichment

15   claim fails per Rule 9(b).[3]  Unjust enrichment, which is synonymous with restitution under

16   California law, provides redress where an opposing party has been unjustly conferred a benefit

17   "through mistake, fraud, coercion, or request."  55 Cal. Jur. 3d Restitution § 2.  And in his

18   proposed amended complaint, Plaintiff specifically pleads unjust enrichment with respect to

19   CFA's allegedly fraudulent conduct.  (ECF No. 22-1, ¶¶ 77, 100.)  The Ninth Circuit has clarified

20   that where a plaintiff alleges, as in this case, "a unified course of fraudulent conduct and rel[ies]

21   entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in

22   fraud' or 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity

23   requirements of Rule 9(b)."  *Vess*, 317 F.3d at 1103–04 (citation omitted).  "[T]o satisfy the

24   pleading requirements of Rule 9(b), a complaint must plead the who, what, when, where, and how

25

26   ───────────────

27   [3] "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement
     applies to state-law causes of action," such as unjust enrichment.  *Vess v. Ciba-Geigy Corp. USA*,
28   317 F.3d 1097, 1103 (9th Cir. 2003) (affirming district court's dismissal with prejudice of state
     law claims grounded in fraud and pleaded insufficiently).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

1   of the misconduct charged." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1123 (C.D.

2   Cal. 2010) (citation and internal punctuation omitted).  As detailed above, Plaintiff does not

3   cogently plead the "what" (e.g., the allegedly violated contract or provision) or the "how" (e.g.,

4   the injustice that supposedly resulted from Plaintiff agreeing to pay for his delivery order and

5   receiving what he paid for).  *Id.*  Without more detail, Plaintiff's unjust enrichment claim is

6   facially deficient.

7               **(2)        Plaintiff Fails to State a Claim for Unjust Enrichment.**

8           Even if Plaintiff had pleaded facts in support of his unjust enrichment claim sufficient to

9   satisfy Rule 9(b)'s threshold pleading requirement, his unjust enrichment claim nevertheless fails

10  for three reasons under Rule 12(b)(6).

11          First, if the Court were to disregard the greater weight of precedent, read a contract in

12  where Plaintiff asserts none exists, and allow Plaintiff to proceed on his breach of contract claim,

13  then Plaintiff's unjust enrichment claim would fail as a matter of law.  *See Durell v. Sharp*

14  *Healthcare*, 108 Cal. Rptr. 3d 682, 699 (Cal. App. 2010) ("An unjust enrichment theory is

15  inapplicable because . . . the parties entered into express contracts."); *California Med. Ass'n, Inc.*

16  *v. Aetna U.S. Healthcare of California, Inc.*, 114 Cal. Rptr. 2d 109, 126 (Cal. App. 2001) (citation

17  omitted) (dismissing plaintiff's unjust enrichment claim where the parties had a contract

18  governing the subject of the transaction and dispute); *Pelletier v. Pac. WebWorks, Inc.*, 2012 WL

19  43281, at *6 (E.D. Cal. Jan. 9, 2012) (Mueller, J.) (denying motion for leave to amend to add

20  claim for unjust enrichment because both parties acknowledged that a written agreement

21  controlled their relationship).

22          Second, Plaintiff's unjust enrichment claim would be subject to dismissal under Rule

23  12(b)(6) because it is redundant of Plaintiff's other claims.  *See Ghirardo v. Antonioli*, 924 P.2d

24  996 (Cal. 1996) (dismissing plaintiff's unjust enrichment claim without leave to amend where

25  plaintiff was able to pursue restitution through other remedies); *see also Falk v. Gen. Motors*

26  *Corp.*, 496 F. Supp. 2d 1088, 1099-1100 (N.D. Cal. 2007) (dismissing plaintiff's unjust

27  enrichment claim, reasoning that there would be "no occasion for resort to unjust enrichment"

28  because restitution was available per California's consumer protection laws, like the UCL and

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CLRA).  Plaintiff seeks nothing new via his newfound unjust enrichment claim that his other California consumer protection claims, if successful, could not provide.  And as noted above, courts applying California law meet this redundancy with dismissal.

Third, Plaintiff's unjust enrichment claim would be subject to dismissal because Plaintiff received the benefit of his bargain.  *See Durell*, 108 Cal. Rptr. 3d at 700 (quoting *Peterson v. Cellco Partnership*, 80 Cal.Rptr.3d 316 (Cal. App. 2008)) ("There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected.").  Here, Plaintiff essentially paid for two things: (1) "delivery service," a service distinct from in-restaurant pick up, and (2) "delivery food," distinguishable from food ordered in a restaurant.  Plaintiff never alleges that the delivery service and delivery food were somehow worth *less* than what he paid for them.  Indeed, Plaintiff admits he understood the cost of his order to be $28.51 and that he agreed to pay $28.51.  (ECF No. 22-1, ¶ 46.)  So, reading Plaintiff's allegations charitably, he argues not that he failed to "get[] the exchange which he expected" (*i.e.*, the delivery food he ordered delivered as ordered), but rather that—after receiving (and likely consuming) his meal as anticipated—he believes he should have paid less than he knowingly agreed to pay solely because of the way that CFA presented the pricing information, rather than the value of the product itself. *See Waldrup v. Countrywide Fin. Corp*., 2014 WL 3715131, at *7 (C.D. Cal. July 23, 2014) (dismissing unjust enrichment claim because plaintiff "disclaimed any allegation that the appraisals which she received were inflated or otherwise inaccurate," and thus conceded that she received precisely what she paid for).  The Court, having no equitable justification to entertain Plaintiff's unjust enrichment claim for this reason and others argued above, would have to dismiss it with prejudice.  As such, it would be futile to now permit Plaintiff to add it.

### 2.   Plaintiff Unduly Delayed in Seeking Leave to File the Amended Complaint.

The Court should also deny Plaintiff's Motion because Plaintiff unduly delayed in seeking leave to file his amended complaint.  Under Rule 15(a), "[u]ndue delay is a valid reason for denying leave to amend."  *Contact Lumber Co. v. P.T. Moges Shipping Co*., 918 F.2d 1446, 1454 (9th Cir. 1990).  Relevant here, when considering whether a movant has unduly delayed in

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

seeking leave to amend, "[t]he passage of time is not, in and of itself, undue delay;" instead, "the inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *Johnson v. Serenity Transportation, Inc*., 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *First Intercontinental Bank v. AEHCC LLC*, 2012 WL 12973655, at *2 (C.D. Cal. Nov. 27, 2012) ("There has been an undue delay in filing when the moving party knew or should have known the facts and theories raised by the amendment at the time of the original pleading.") (citation omitted). "It is within the court's discretion to deny leave to amend when the amendment proposes adding new claims that movants knew or should have known about when the earlier pleading was filed." *Beggins v. Carpenter,* 2020 WL 4676514, at *6 (E.D. Cal. Aug. 12, 2020) (Mueller, J.)

In this case, Plaintiff waited more than six months before seeking leave to file the amended complaint.[4]  Tellingly, Plaintiff offers no explanation for this delay, and instead argues that his proposed amendment is "reasonably prompt" because "the parties have barely started discovery."  (ECF No. 22 at 3.)  But Plaintiff's failure to provide any reasonable explanation for his delay is dispositive precisely *because* discovery has "barely started" and CFA has not "even responded to Plaintiff's recently-promulgated discovery requests."  (*Id*. at 4.)  That is to say, Plaintiff cannot show that he has discovered *any* new facts or legal theories that were unavailable to him at the time he filed his initial complaint—indeed, as noted above, Plaintiff's proposed amended complaint does not contain even one new factual allegation that did not appear in

---

[4] Notably, this Court has previously found "unjustified" delay when the plaintiff waited "approximately eight months after filing her original complaint and four months after the case was removed to this court" before seeking leave to amend, holding that "[a]lthough discovery has not begun, eight months is a significant delay." *Davis v. Tower Select Ins. Co.*, 2013 WL 127724, at *3 (E.D. Cal. Jan. 9, 2013) (Mueller, J.) (denying motion for leave to amend).  And here, like in *Davis*, Plaintiff waited more than six months—including four months after removal to this Court—before seeking leave to amend his complaint, which was likewise sought before any discovery was exchanged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 19 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Plaintiff's original pleading. *Compare Johnsen v. Rogers*, 551 F. Supp. 281, 284 (C.D. Cal. 1982) (denying leave to amend complaint to add new claims when "Plaintiffs' sole justification for their eight-month delay in bringing the [new] claims is that they had not previously thought of them.") *with DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding that plaintiffs did not unduly delay in seeking leave to amend because plaintiffs "offered a satisfactory explanation for their delay" by showing that they "waited until they had sufficient evidence of" the conduct underlying their amended pleading). And because "a district court does not abuse its discretion in denying a motion to amend a complaint when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally," the Court should find that Plaintiff's failure to provide *any* explanation for unduly delaying in seeking leave to file an amended complaint warrants denial of Plaintiff's Motion. *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (citation omitted).

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant Chick-fil-A, Inc. respectfully requests that this Court deny Plaintiff's Motion for Leave to File First Amended Class Action Complaint filed on September 17, 2021.

Dated:  October 15, 2021

TROUTMAN PEPPER
HAMILTON SANDERS LLP


By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Lindsey B. Mann
Kathleen Campbell

Attorneys for Defendant
CHICK-FIL-A

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the below counsel of record:

Jeffrey D. Kaliel
KALIELGOLD PLLC
1100 15th Street NW
4th Floor
Washington, D.C. 20005

Sophia Goren Gold
KALIELGOLD PLLC
950 Gilman Street
Suite 200
Berkeley, CA 94710

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Lindsey B. Mann
Kathleen Campbell

Attorneys for Defendant
CHICK-FIL-A

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 21 -

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
CLASS ACTION COMPLAINT