UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Ortega,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Chick-fil-A, Inc.,<br><br>　　　　　Defendant. | No. 2:21-cv-00845-KJM-CKD<br><br>ORDER |

Plaintiff Ronald Ortega moves for leave to file a first amended complaint to assert claims on behalf of a proposed nationwide class. Defendant Chick-fil-A opposes based primarily on its contention that an amendment would be futile. As explained below, **the motion is granted**.

**I.     BACKGROUND**

Mr. Ortega filed his initial complaint in Sacramento County Superior Court, alleging Chick-fil-A violated California's Unfair Competition Law (UCL), Consumer Legal Remedies Act (CLRA), and False Advertising Law (FAL). *See generally* Compl., Not. of Removal Ex. B, ECF No. 1-2. Chick-fil-A removed the action, invoking this court's jurisdiction under 28 U.S.C. § 1332. *See generally* Not. of Removal, ECF No. 1. The case was originally assigned to a different District Judge, who issued an Initial Pretrial Scheduling Order. ECF No.3. That order set a 60-day deadline to file any amended pleadings. *Id.* at 2. Before that deadline ran, the case was reassigned to the undersigned. *See* Related Case Order, ECF No. 7. This court then set its

1  own initial scheduling conference and directed the parties to file a joint status report proposing a
2  case schedule.  Order Setting Status (Pretrial Scheduling) Conference at 1, ECF No. 8.
3        As the court ordered, the parties met and conferred and filed their joint report on
4  September 3, 2021.  Joint Status Report, ECF No. 17.  Chick-fil-A proposed that any motion to
5  amend the pleadings should be filed by December 31, 2021.  *Id.* at 3.  A few days later, on
6  September 7, 2021, Mr. Ortega filed a first amended complaint, ECF No. 20, which he withdrew,
7  ECF No. 23.  He now formally moves for leave to file the amendment.  ECF No. 22.  The
8  amended complaint would add a putative nationwide class and two new claims: breach of
9  contract and unjust enrichment.  Mot. at 2, ECF No. 22.  As noted, Chick-fil-A opposes the
10 motion.  *See generally* Opp'n, ECF No. 27.  The court submitted the matter without a hearing
11 and reset the status (initial scheduling) conference pending resolution of the motion.  Min Order,
12 ECF No. 28.

13 **II.   DISCUSSION**

14       Chick-fil-A contends at the outset that the court should deny Ortega's motion because he
15 has not shown good cause to modify the Rule 16 scheduling order.  *See* Opp'n at 3–6.  This
16 position is puzzling to say the least.  This court's order following reassignment, calling for a new
17 schedule, necessarily vacated Judge Nunley's scheduling order, and in response to this court's
18 order Chick-Fil-A has proposed that motions to amend the complaint be permitted through
19 December 31, 2021.  *See* Joint Status Rep. at 3.  Rule 16 does not apply and the court therefore
20 considers whether an amendment is permitted under Federal Rule of Civil Procedure 15(a)(2).
21       Under that rule, the court should "freely give[ ] leave [to amend pleadings] when justice
22 so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."
23 *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its
24 discretion [regarding granting or denying leave to amend] 'a court must be guided by the
25 underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or
26 technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting
27 *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting
28 leave to amend is subject to several limitations."  *Ascon Properties*, 866 F.2d at 1160 (citing *DCD*

*Programs*, 833 F.2d at186). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).

Mr. Ortega has shown an amendment is appropriate given the Rule 15 standard. There is no evidence he acted in bad faith or has caused undue delay. This case has not yet been scheduled. It has been only six months since plaintiff initiated the case and only four since Chick-fil-A removed it to this court. "This suit is still in its early stages," and the parties have barely started discovery. *See DCD Programs*, 833 F.2d at 187. Under these circumstances, the court finds Chick-fil-A would not be prejudiced if made to respond to the proposed amended complaint.

Chick-fil-A also argues the proposed amendment is futile because (1) the proposed class could not be certified under Rule 23 as a matter of law, *see* Opp'n at 8–13, and (2) because any individual claims would be dismissed under Rule 12(b)(6), *see id.* at 14–18. Shortcomings in a proposed amended complaint can mean that justice does not require an amendment under the terms of Rule 15(a)(2). *See Johnson v. Buckley*, 356 F.3d 1067, 1077–78 (9th Cir. 2004). This may be so even if no other considerations weigh against an amendment. *See, e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (affirming rejection of "duplicative" and "patently frivolous" amendments), *superseded by statute on other grounds as explained in Ayestas v. Davis*, 138 S. Ct. 1080, 1094 (2018). But "[d]enial of leave to amend on this ground is rare." *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Courts within this District and the Ninth Circuit often defer assessments of a proposed amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss. *See, e.g.*, *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, No. 17-01156, 2021 WL 4147310, at *3 (E.D. Cal. Sept. 13, 2021); *Antablin v. Motion Picture Costumers, Loc. #705*, No. 18-09474, 2021 WL 4732929, at *2 (C.D. Cal. July 6, 2021); *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. Unite Here Int'l Union*, No. 16-02660, 2017 WL 11556711, at *1 (S.D. Cal. Sept. 26, 2017).

/////

1    Claims of futility normally focus on whether a proposed amendment can survive an attack
2 in the form of a motion brought under Rule 12(b).  *See, e.g.*, *Kuschner v. Nationwide Credit, Inc.*,
3 256 F.R.D. 684, 689 (E.D. Cal. 2009) ("The court determines whether [amendment] would be
4 futile upon application of the Rule 12(b)(6) standard, that is, whether there are no set of facts
5 under which the [claimant] could recover on his causes of action.").  However, Chick-fil-A goes
6 beyond Rule 12 and the pleadings to argue that any motion to certify the proposed class would be
7 denied based on the court's application of Rule 23.  *See* Opp'n at 8–13.  Class certification
8 requires resolving evidentiary and other questions.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*,
9 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.").  A futility
10 argument might theoretically be successful even if based on citations and arguments beyond the
11 pleadings.  *See California ex rel. California Dept. of Toxic Substances Control v. Neville Chem.*
12 *Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("[F]utility includes the inevitability of a claim's defeat on
13 summary judgment" when a party "c[an] not point to a triable issue of material fact" (citation
14 omitted)).  But if leave to amend is denied rarely when only the pleadings are in play, then
15 successful futility arguments reaching beyond the pleadings must be rarer still.  Generally,
16 otherwise unobjectionable amendments are permitted unless it is "clear beyond doubt" that
17 amendment would be an exercise in futility.  *Ctr. for Biological Diversity v. Veneman*, 394 F.3d
18 1108, 1114–15 (9th Cir. 2005).

19    Here, the legal substance of Ortega's proposed amendments is best tested through direct
20 motion practice under Rules 12 and 23.  The proposed amended complaint does not suffer from
21 obvious pleading shortfalls.  Ortega claims Chick-fil-A promised its "'Delivery Fee[ ]' was $3.99,
22 and that [Chick-fil-A] actually charged more . . . in violation of that promise."  Mot. at 4–5.  Nor
23 can the court conclude at this early stage that no motion to certify the proposed class could be
24 granted.  *Cf. In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 552–53, 561–64 (9th Cir.
25 2019) (en banc) (affirming certification of nationwide settlement class of consumer claims); *Won*
26 *Kyung Hwang v. Ohso Clean, Inc.*, No. 12-06355, 2013 WL 1632697, at *21 (N.D. Cal. Apr. 16,
27 2013) (holding Ninth Circuit has not established "a bright-line rule" against nationwide claims
28 /////

4

asserting violations of California consumer protection statutes and reserving decision until class certification stage).

### III.  CONCLUSION

The court **grants the plaintiff's motion for leave to file an amended complaint**.  Any amended complaint must be **filed within 7 days**.

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED:  November 10, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

5