TROUTMAN PEPPER HAMILTON SANDERS LLP
Kalama M. Lui-Kwan, Bar No. 242121
kalama.lui-kwan@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:    415.477.5700
Facsimile:    415.477.5710

TROUTMAN PEPPER HAMILTON SANDERS LLP
Lindsey B. Mann, *Admitted Pro Hac Vice*
lindsey.mann@troutman.com
Kathleen Campbell, *Admitted Pro Hac Vice*
kathleen.campbell@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216
Telephone:    404.885.3000
Facsimile:    404.885.3900

Attorneys for Defendant
CHICK-FIL-A, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ORTEGA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHICK-FIL-A, INC., and DOES 1 - 50, inclusive,<br><br>Defendants. | Case No.  2:21-cv-00845-KJM-CKD<br><br>Honorable Kimberly J. Mueller<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHICK-FIL-A, INC.'S MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR RELIEF IN HIS AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) AND 9(b)**<br><br>Date:        January 21, 2022<br>Time:        10:00 a.m.<br>Courtroom: 3, 15th Floor<br>Judge:      The Hon. Kimberly J. Mueller |

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND .......................................................................................................... 1

III.    LEGAL STANDARD .................................................................................................. 2

IV.     ARGUMENT ............................................................................................................... 2

        A.      Plaintiff Fails to State a Viable Breach of Contract Claim ..................................... 3

                1.      Plaintiff Has Not Alleged the Existence of a Valid Contract.................... 3

                2.      Plaintiff Has Not Identified Any Contractual Provision That CFA
                        Allegedly Breached. ........................................................................... 5

                3.      Plaintiff's Breach of Contract Claim Is Belied by His Assertion
                        That He Is Not Bound by CFA's Terms & Conditions............................. 6

        B.      Plaintiff Fails to State a Viable Unjust Enrichment Claim ..................................... 7

                1.      Plaintiff's Unjust Enrichment Claim Fails Because It Lacks the
                        Specificity Required by Rule 9(b)................................................. 8

                2.      Plaintiff's Unjust Enrichment Claim Fails Because He Has an
                        Adequate Remedy .............................................................................. 9

                3.      Plaintiff's Unjust Enrichment Claim Fails Because Plaintiff Has
                        Received the Benefit of the Bargain ....................................................... 10

V.      CONCLUSION ........................................................................................................... 12

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*,
  89 F.3d 1399 (9th Cir.1996) ........................................................................8

*In re Anthem, Inc. Data Breach Litig.*,
  162 F. Supp. 3d 953 (N.D. Cal. 2016) ........................................................6

*Anthony v. Yahoo Inc.*,
  421 F.Supp.2d 1257 (N.D. Cal.2006) ..........................................................7

*In re Arris Cable Modem Consumer Litig.*,
  2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ..................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................2

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .......................................................................8

*Austin v. Kemper Corp. (Ins.)*,
  2021 WL 4776651 (N.D. Cal. Oct. 13, 2021) .............................................4

*Baggett v. Hewlett-Packard Co.*,
  582 F. Supp. 2d 1261 (C.D. Cal. 2007) .......................................................9

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) .......................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................2

*California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*,
  94 Cal. App. 4th 151 (2001) ........................................................................9

*CDF Firefighters v. Maldonado*,
  158 Cal. App. 4th 1226 (2008) ....................................................................4

*In re ConAgra Foods Inc.*,
  908 F. Supp. 2d 1090 (C.D. Cal. 2012) .......................................................7

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ...............................................................9, 10

*Falk v. General Motors Corp.*,
  496 F.Supp.2d 1088 (N.D. Cal. 2007) .......................................................10

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) .......................................................4

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
  868 F. Supp. 2d 983 (E.D. Cal. 2012) ...................................................3, 4, 5

*Ghirardo v. Antonioli*,
  924 P.2d 996 (Cal. 1996) ...........................................................................10

*Glaski v. Bank of Am.*,
  218 Cal. App. 4th 1079 (2013) ....................................................................4

*Haley Hill Designs, LLC v. United Parcel Serv., Inc.*,
  2009 WL 4456209 (C.D. Cal. Nov. 23, 2009) ............................................7

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**TABLE OF AUTHORITIES**
(continued)

Page

*Haskins v. Symantec Corp.*,
   2013 WL 6234610 (N.D. Cal. Dec. 2, 2013) ..................................................................9

*Inamed Corp. v. Kuzmak*,
   275 F. Supp. 2d 1100 (C.D. Cal. 2002), *aff'd*, 64 F. App'x 241 (Fed. Cir. 2003)..................5

*Joude v. WordPress Found.*,
   2014 WL 3107441 (N.D. Cal. July 3, 2014) ...................................................................7

*Langan v. United Servs. Auto. Ass'n*,
   69 F. Supp. 3d 965 (N.D. Cal. 2014) .............................................................................6

*Levy v. State Farm Mut. Auto. Ins. Co.*,
   58 Cal. Rptr. 3d 54 (Cal. Ct. App. 2007) .......................................................................5

*Lingad v. Indymac Fed. Bank*,
   682 F. Supp. 2d 1142 (E.D. Cal. 2010) ..........................................................................6

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*,
   863 F. Supp. 2d 928 (N.D. Cal. 2012) .......................................................................5, 6

*Munoz v. MacMillan*,
   195 Cal. App. 4th 648 (2011) .......................................................................................8

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ........................................................................................2

*Peterson v. Cellco Partnership*,
   80 Cal. Rptr. 3d 316 (Cal. App. 2008) ....................................................................10, 11

*Plastino v. Wells Fargo Bank*,
   873 F. Supp. 2d 1179 (N.D. Cal. 2012) ..........................................................................6

*Ross v. Panda Restaurant Group, Inc.*,
   No. 21STCV03662 (Los Angeles Cnty. Super. Ct., Nov. 3, 2021) ......................................4

*Rubie's LLC v. First Am. Title Co.*,
   2019 WL 2546585 (E.D. Cal. June 20, 2019) ..................................................................4

*Souza v. Westlands Water Dist.*,
   135 Cal. App. 4th 879 (2006) .......................................................................................7

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ......................................................................................2

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)..............................................................................2, 8, 9

*Waldrup v. Countrywide Fin. Corp.*,
   2014 WL 3715131 (C.D. Cal. July 23, 2014) ...............................................................11

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO.  2:21-CV-00845-KJM-CKD

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

## TABLE OF AUTHORITIES
### (continued)

Page

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010)...................................................................2, 9

*Zamora v. Solar*,
    2016 WL 3512439 (C.D. Cal. June 27, 2016) .............................................................3

**Statutes**

28 U.S.C. § 1441 ...............................................................................................................1

**Other Authorities**

55 Cal. Jur. 3d Restitution § 2...........................................................................................8

Fed. R. Civ. P. 9(b) .............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)........................................................................................ *passim*

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

1    Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), Defendant Chick-fil-A,

2    Inc. ("CFA") hereby submits the following Memorandum of Points and Authorities in Support of

3    its Motion to Dismiss Plaintiff's Fourth and Fifth Claims for Relief in his Amended Class Action

4    Complaint.

## I.    INTRODUCTION

5

6    More than eight months after filing his initial complaint in this case, plaintiff Ronald

7    Ortega ("Plaintiff") filed an amended complaint ("First Amended Complaint" or "FAC").  (ECF

8    No. 31.)  Remarkably, Plaintiff's amended pleading adds *no* new factual allegations; it instead

9    adds new, unsupported claims for relief and expands the prior California-only class to now

10   include a putative nationwide class.  Plaintiff's newfound claims for breach of contract and unjust

11   enrichment are subject to dismissal because they lack any plausible foundation in either fact or

12   law.[1]  For the reasons set forth below, the Court should dismiss Counts Four and Five of the First

13   Amended Complaint with prejudice.

## II.    BACKGROUND

14

15   Plaintiff filed his initial Complaint in this matter on March 10, 2021 in Sacramento

16   Superior Court, alleging that CFA violated California's Unfair Competition Law ("UCL"),

17   California's Consumers Legal Remedies Act ("CLRA"), and California's False Advertising Law

18   ("FAL").  (ECF No. 1-2.)  CFA was served with the initial Complaint on April 8, 2021.  (*Id.*)

19   CFA filed an answer in the Superior Court of California and then filed a Notice of Removal

20   based on 28 U.S.C. § 1441 on May 10, 2021.  (ECF No. 1.)  On September 7, 2021, Plaintiff first

21   attempted to file his amended pleading.  (ECF No. 20.)  Following a successful meet and confer

22   on a potential motion by CFA to strike the untimely amended complaint, Plaintiff filed a Motion

23   for Leave to File First Amended Class Action Complaint and withdrew his prior amended

24   complaint.  (ECF Nos. 22, 23.)  On November 12, 2021, the Court granted Plaintiff's Motion for

25   Leave.  (ECF No. 30).  Plaintiff then filed the First Amended Complaint, realleging UCL,

26

27   [1] As addressed further in the Motion to Strike Nationwide Class Allegations filed
     contemporaneously herewith, Plaintiff's proposed nationwide class is also fatally flawed and

28   should be stricken from the First Amended Complaint.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1 CLRA, and FAL violations and adding nationwide class allegations and never-before asserted

2 claims for breach of contract and unjust enrichment.  (*See generally* FAC.)

3 ### III.    LEGAL STANDARD

4 "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  *Navarro v. Block*, 250

5 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's

6 allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

7 Specifically, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

8 face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not

9 akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

10 has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

11 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

12 inference that the defendant is liable for the misconduct alleged."  *Id.*  Thus, dismissal can be

13 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.  *See*

14 *Navarro*, 250 F.3d at 732; *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

15 In ruling on a motion to dismiss, courts are not "bound to accept as true a legal conclusion

16 couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Dismissal of claims

17 with prejudice is appropriate if it is clear that amendment could not cure the deficiencies.

18 *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296–98 (9th Cir. 1998).

19 A motion to dismiss a complaint "grounded in fraud under Rule 9(b) for failure to plead

20 with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for

21 failure to state a claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)

22 (citing Fed. R. Civ. P. 9(b)).  "[T]o satisfy the pleading requirements of Rule 9(b), a complaint

23 must plead the who, what, when, where, and how of the misconduct charged."  *Yumul v. Smart*

24 *Balance, Inc.*, 733 F. Supp. 2d 1117, 1123 (C.D. Cal. 2010) (citation and punctuation omitted).

25 ### IV.    ARGUMENT

26 Plaintiff's First Amended Complaint presents two new claims for relief without adding a

27 single new factual allegation, and it is the lack of factual support for the newfound claims that

28 dooms them from the start.  First, Plaintiff adds a claim for breach of contract, but fails to allege

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

CASE NO.  2:21-CV-00845-KJM-CKD

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

the existence of any particular contract or point to any contract term that was allegedly breached by CFA.  Second, Plaintiff pleads a restitution-based claim under an unjust enrichment theory that fails for several independent reasons, including that it is insufficiently pled, duplicative of Plaintiff's consumer-protection claims, and entirely unsupported by the facts of this case.

## A.   Plaintiff Fails to State a Viable Breach of Contract Claim.

The entirety of Plaintiff's breach of contract claim is set forth in six allegations, one of which incorporates all foregoing paragraphs of the First Amended Complaint.  Plaintiff claims that he and CFA "contracted for food delivery services, as embodied in the representations made in the Chick-fil-A and website."  (FAC ¶ 22.)  Plaintiff further claims that CFA breached the terms of this alleged contract "by charging an additional 10% more for delivery than the contracted-for 'delivery charge.'"  (FAC ¶ 94.)  These scant allegations fail to allege the existence of a contract or identify a provision breached by CFA.  As a result, Plaintiff's breach of contract claim fails as a matter of law.  Moreover, Plaintiff's claim is contradicted by his assertion that "Chick-fil-A's App and Website Fails to Bind Users to Any Terms of Service."  (FAC at 6.)  Plaintiff cannot have it both ways; more precisely, either he is bound to the Terms & Conditions set forth on CFA's app and website, which expressly disclose the pricing model about which Plaintiff complains, or those Terms & Conditions are not binding on either party, and thus Plaintiff failed to assent to CFA's contract terms as a matter of law.  For this additional reason, Plaintiff's breach of contract claim fails as a matter of law.

## 1.   Plaintiff Has Not Alleged the Existence of a Valid Contract.

It is axiomatic that a plaintiff asserting a breach of contract claim must plead facts showing that a contract existed.  *See Zamora v. Solar*, 2016 WL 3512439, at *3 (C.D. Cal. June 27, 2016) ("In California, a cause of action for breach of contract requires proof of the . . . existence of a contract.") (citation omitted); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 996 (E.D. Cal. 2012) (dismissing breach of contract claim because plaintiff "has not alleged the existence of a contract").  Here, Plaintiff vaguely alleges that the parties "contracted for food delivery services, as embodied in the representations made in the Chick-fil-A app and website," (FAC ¶ 92), but he fails to identify in a nonconclusory manner

what "representations" supposedly formed a contract and the contract's essential terms.   As another court in this District has held, "[t]o adequately allege the existence of a contract, mere legal conclusions that a contract existed . . . will be insufficient to survive a motion to dismiss." *Rubie's LLC v. First Am. Title Co*., 2019 WL 2546585, at *6 (E.D. Cal. June 20, 2019). Accordingly, because Plaintiff has done nothing more than assert that the parties "have contracted for food delivery services[,]" he has not alleged *any* non-conclusory facts showing the existence of a binding contract.  (FAC ¶ 92.)  *See Austin v. Kemper Corp. (Ins.)*, 2021 WL 4776651, at *4 (N.D. Cal. Oct. 13, 2021) (dismissing breach of contract claim because plaintiff's broad allegation that there was "an agreement" was "a legal conclusion" that "devoid of further factual enhancement does not plausibly establish the existence of a contract").[2]

Beyond failing to establish precisely what "representations" made on CFA's mobile app and website serve as the basis of the alleged contract in this case, Plaintiff also fails to allege how those representations were sufficient to form a binding contractual relationship between Plaintiff and CFA (let alone between CFA and each individual member of the putative class).   Under California law, "[a]n essential element of any contract is the consent of the parties, or mutual assent." *Foster Poultry Farms*, 868 F. Supp. 2d at 995 (quoting *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).  Mutual assent has been interpreted to mean that the

---

[2] *Ross v. Panda Restaurant Group, Inc.*, No. 21STCV03662 (Los Angeles Cnty. Super. Ct., Nov. 3, 2021), which Plaintiff submitted to this court as supplemental authority in support of his motion for leave to amend (ECF No. 29), is both distinguishable and unavailing.  In *Ross*, unlike here, the defendant is alleged to have hidden a 10% service fee on the plaintiff's delivery order behind a hyperlink on the website's check-out screen, thereby failing to disclose the existence of a separate charge at the time the transaction was consummated.  (ECF No. 29, Ex. A at 2, 8–9.) Here, in contrast, Plaintiff does not contend that CFA failed to disclose any charges or that CFA placed additional service fees behind a hyperlink; instead, Plaintiff simply alleges that he did not realize that CFA charged more for delivery food than in-store purchases.  (FAC ¶¶ 35, 46–49.) On the facts, and despite the remarkable word-for-word, carbon-copy similarities between the two complaints, *Ross* is distinguishable.  It is also notable that *Ross* was decided under "the lenient standards applied to demurrers," *Glaski v. Bank of Am.*, 218 Cal. App. 4th 1079, 1083 (2013), rather than under the Federal Rules' more exacting pleading standards.  *See Flores v. EMC Mortg. Co*., 997 F. Supp. 2d 1088, 1104 (E.D. Cal. 2014) (finding plaintiff's reliance on a case decided under "the lenient standards applied to demurrers" to be "unavailing" because the California state court decision "addressed neither federal pleading requirements nor a F.R.Civ.P. 12(b)(6) challenge.").

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 5 -

contracting parties "all agree upon the same thing in the same sense," and it is a required element of both express and implied contracts.  *Id.*  "[W]here there is no meeting of the minds upon the material terms of a contract, the agreement cannot be enforced."  *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1122 (C.D. Cal. 2002), *aff'd*, 64 F. App'x 241 (Fed. Cir. 2003).  By failing to identify the specific contract that was allegedly breached—let alone the operative terms to which the parties allegedly mutually assented to be bound—Plaintiff makes it impossible to determine whether the "essential element" of mutual assent to all operative terms was provided by both parties, and thus it is likewise impossible to determine whether a valid contract existed.

Plaintiff's vague and conclusory allegations regarding the existence of a contract fall well short of Plaintiff's pleading obligations under the Federal Rules, and Plaintiff's breach claim should be dismissed.

### 2. Plaintiff Has Not Identified Any Contractual Provision That CFA Allegedly Breached.

Even if Plaintiff had alleged facts sufficient to show that a contract was formed, Plaintiff's newfound breach of contract claim still fails as a matter of law because Plaintiff has not pointed to any specific provision of a contract that CFA purportedly breached.  "A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing."  *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012).  That is because the "implied covenant operates to protect the express covenants or promises of a contract."  *Id.* (citation omitted).

Here, Plaintiff alleges both that CFA is responsible for "breach of the contract and breach of the implied covenant of good faith and fair dealing."  (FAC ¶ 96).  Plaintiff, however, fails to identify *any* contract provision that was breached and likewise fails to identify which express covenant is protected by the implied covenant that CFA allegedly violated.  Plaintiff instead vaguely alleges that "[n]o contractual provision authorizes" CFA's conduct.  (FAC ¶ 93.)

These factual allegations are insufficient as a matter of law.  "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." *McNeary-Calloway*, 863 F. Supp. 2d at 955 (quoting *Levy v. State Farm Mut. Auto. Ins. Co.*, 58

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 6 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

Cal. Rptr. 3d 54 (Cal. Ct. App. 2007)) (dismissing allegations of breach of contract as "mere conclusion" because the facts pleaded were not connected to any contract provision); *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 979 (N.D. Cal. 2016) (dismissing contract claim as "Plaintiffs do not refer to any contractual language or any contractual provisions that the Anthem Defendants allegedly breached.").  Although "it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (dismissing breach of contract claim on the grounds that "the Court cannot perform this task because there is no way for the Court know even generally what the terms of the contract or contracts were").  Likewise, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *McNeary-Calloway*, 863 F. Supp. 2d at 955 (citing *Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010)) (dismissing plaintiff's claim for breach of implied covenant of good faith and fair dealing because he neither alleged what contract formed the basis of this claim nor identified any express provision which defendant's actions frustrated).  Because any breach of the implied covenant arises "only when the other party has acted consistent with the contract's literal terms," it was incumbent upon Plaintiff to identify those terms to which he adhered and CFA did not. *Id.* at 955; *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (dismissing breach of implied covenant of good faith and fair dealing claim where plaintiff identified a contract but not the specific contractual provision that was frustrated).

Here, too, Plaintiff's failure to adequately plead specific facts establishing even the basic elements of a breach claim is fatal to Count Four of Plaintiff's First Amended Complaint.

### 3.   Plaintiff's Breach of Contract Claim Is Belied by His Assertion That He Is Not Bound by CFA's Terms & Conditions.

For the reasons set forth above, Plaintiff's breach of contract fails because CFA has not been put on notice of the specific contract or contract terms it allegedly violated.  Moreover, Plaintiff's claim that CFA somehow breached the "representations made in the Chick-fil-A app

and website" is expressly contradicted by his assertion that "Chick-fil-A's App and Website Fails to Bind Users to Any Terms of Service." (FAC at 6.) In defense of Plaintiff's statutory claims, which are premised on an alleged misrepresentation by CFA, CFA intends to show that Plaintiff affirmatively assented to the Terms & Conditions, which expressly disclose the very conduct about which he now complains. Plaintiff cannot avoid that consent-based defense by claiming that he is not bound by the Terms & Conditions, only to then turn around and use those Terms & Conditions as a vehicle by which to assert a breach of contract claim. *See, e.g.*, *Haley Hill Designs, LLC v. United Parcel Serv., Inc.*, 2009 WL 4456209, at *2 (C.D. Cal. Nov. 23, 2009) (dismissing contract claim and denying plaintiff further leave to amend as the express terms of the contract alleged precluded suing for breach of contract and plaintiffs themselves argued both that they had no notice of the contract's terms and that defendant breached the contract).[3]

In short, Plaintiff alleges that no contract governed his transactions with CFA *and* that CFA breached the contract underlying the parties' relationship. Based solely on that inconsistency, the Court should dismiss the contract claim. Even setting aside this threshold contradiction, however, Plaintiff does not identify *any* specific provision of *any* contract that CFA allegedly breached. The Court need not attempt to make sense of Plaintiff's incongruous pleadings. Because Plaintiff failed to state a claim for breach of contract under any conceivable set of facts arising out of the First Amended Complaint, Plaintiff's claim should be dismissed.

## B.    Plaintiff Fails to State a Viable Unjust Enrichment Claim.

Plaintiff asserts a claim for unjust enrichment in the alternative to his breach of contract claim and alleges that CFA has unfairly obtained a payment from Plaintiff that would be unjust for CFA to retain. (FAC ¶¶ 97–101). Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another. *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1113 (C.D. Cal. 2012). Unjust enrichment, which is

---

[3] Moreover, a "plaintiff cannot predicate a breach of contract claim on a defendant's terms of service where those terms did not commit the defendant to performing any particular action." *Joude v. WordPress Found.*, 2014 WL 3107441, at *5 (N.D. Cal. July 3, 2014) (citing *Anthony v. Yahoo Inc.*, 421 F.Supp.2d 1257, 1260–61 (N.D. Cal.2006); *Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 892 (2006).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO.  2:21-CV-00845-KJM-CKD

synonymous with restitution,[4] provides redress where an opposing party has been unjustly conferred a benefit "through mistake, fraud, coercion, or request." 55 Cal. Jur. 3d Restitution § 2. The return of that benefit is the exclusive remedy. *See Munoz v. MacMillan*, 195 Cal. App. 4th 648 (2011) ("Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'"). Because Plaintiff's claim lacks specificity, it fails under Rule 9(b). Likewise, because the claim is duplicative of other claims that provide the remedy Plaintiff seeks and because Plaintiff received the benefit of his bargain, it fails under Rule 12(b)(6).

### 1.    Plaintiff's Unjust Enrichment Claim Fails Because It Lacks the Specificity Required by Rule 9(b).

Plaintiff failed to plead his unjust enrichment claim with the requisite specificity per Rule 9(b).  "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action," such as unjust enrichment.  *Vess*, 317 F.3d at 1103 (affirming the district court's dismissal with prejudice of state law claims grounded in fraud and pleaded insufficiently).  Here, Plaintiff's unjust enrichment claim is based on CFA's allegedly fraudulent conduct.  (FAC ¶¶ 77, 100.)  The Ninth Circuit has clarified that where a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirements of Rule 9(b).[5]  *Vess*, 317 F.3d at 1103–04 (citing *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1404–05 (9th Cir.1996)).  If, as here, "insufficiently pled averments of fraud are

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

---

[4] The Ninth Circuit recently clarified that "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'"  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citations omitted).  Nevertheless, "unjust enrichment and restitution are not irrelevant in California law," and when a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution."  *Id.*

[5] Plaintiff cannot avoid Rule 9(b)'s heightened pleading requirements solely by framing his underlying claim as one sounding in unjust enrichment instead of common law fraud.  That is to say, alleging unjust enrichment due to "unfairly, deceptively, unjustly, and/or unlawfully" tortious conduct without more, instead of plainly alleging common law fraud, does not alleviate Plaintiff's burden to plead his fraud-based allegations with heightened specificity.  (FAC ¶ 100).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1    disregarded, as they must be, in a complaint or claim[s] grounded in fraud, there is effectively

2    nothing left of the complaint," and a motion to dismiss under Rule 12(b)(6) should be granted.

3    *Vess*, 317 F.3d at 1107.

4          Because Plaintiff's unjust enrichment claim sounds in fraud and is not pleaded with

5    sufficient particularity, it should be dismissed.  Plaintiff neglects *Yumul*'s instruction and does not

6    cogently plead the "what" (e.g., the alleged fraudulent act or omission) or the "how" (e.g., the

7    injustice that allegedly resulted from Plaintiff agreeing to pay the price clearly displayed on his

8    mobile order and receiving precisely what he paid for).  733 F. Supp. 2d at 1123.   Though

9    Plaintiff generally identifies "representations made in the Chick-fil-A app and website," (FAC ¶

10   92), he fails to specify which of these representations he "actually saw and relied upon" or which

11   representation affirmatively precluded CFA's conduct as alleged.  *In re Arris Cable Modem*

12   *Consumer Litig.*, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018); *see also Haskins v. Symantec*

13   *Corp.*, 2013 WL 6234610 (N.D. Cal. Dec. 2, 2013) (dismissing plaintiff's claim under Rule 9(b)

14   even though plaintiff "provided specific statements on Symantec's website and in its

15   advertisements" that were allegedly misleading because plaintiff had not identified what specific

16   misrepresentations she saw and relied upon.").[6]

17             **2.**    **Plaintiff's Unjust Enrichment Claim Fails Because He Has an Adequate Remedy.**

18         As the First Amended Complaint makes clear, Plaintiff's consumer protection claims

19   provide for the remedy of restitution.  (FAC ¶¶ 77, 89.)  Unjust enrichment is a remedy under

20   California law, and California courts have held that "plaintiffs may state a claim for unjust

21   enrichment particularly where their claim seeks restitution *where other remedies are inadequate*."

22   *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007) (emphasis added)

23

24   _____

25   [6] Further, if there is an enforceable contract governing the subject matter of the dispute, that
     contract controls, and a party to the contract generally may not pursue a quasi-contract claim.  *See*

26   *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("An unjust enrichment theory
     is inapplicable because [plaintiff] alleges the parties entered into express contracts."); *California*

27   *Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001)
     (dismissing plaintiff's unjust enrichment claim where the parties had a contract governing the

28   subject of the transaction and dispute) (citation omitted).

CASE NO.  2:21-CV-00845-KJM-CKD

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

1  (citing *Ghirardo v. Antonioli*, 924 P.2d 996 (Cal. 1996)) (granting motion to dismiss unjust

2  enrichment claim without leave where plaintiff was able to pursue restitution through other

3  remedies). As Plaintiff has alleged other adequate remedies, his unjust enrichment claim fails.

4      On this point, *Falk v. General Motors Corp.*, 496 F.Supp.2d 1088 (N.D. Cal. 2007), is

5  instructive. In *Falk*, the plaintiff alleged similar claims: violations of the UCL, CLRA, and unjust

6  enrichment, among others. *Id.* at 1099. The court in *Falk* dismissed the unjust enrichment claim,

7  reasoning that there would be "no occasion for resort to unjust enrichment" because restitution

8  was available per California's robust consumer protection laws, including the UCL and CLRA.

9  *Id.* at 1099–1100. In that case, as here, the "sole remedies available for the violations alleged"

10  were available in already asserted claims covering the same allegedly injurious conduct, and

11  Plaintiff in this case seeks nothing new via his newfound unjust enrichment claim that his other

12  California consumer protection claims, if successful, could not provide. *Id.* Because Plaintiff's

13  unjust enrichment claim is duplicative of (and, indeed, incorporates by reference) Plaintiff's

14  consumer protection claims, it should be dismissed without leave to amend. (FAC ¶ 97.)

### 3. Plaintiff's Unjust Enrichment Claim Fails Because Plaintiff Has Received the Benefit of the Bargain.

15
16      Plaintiff did not—and likely cannot—allege facts showing he did not receive the benefit

17  of his bargain. "There is no equitable reason for invoking restitution when the plaintiff gets the

18  exchange which he expected," as in this case. *Durell*, 108 Cal. Rptr. 3d at 700 (quoting *Peterson*

19  *v. Cellco Partnership*, 80 Cal. Rptr. 3d 316 (Cal. App. 2008)).

20      Plaintiff admits that he used CFA's mobile app to make a purchase in the amount of

21  $28.51 for the singular delivery order underpinning this case. (FAC ¶ 46.) He does not claim

22  that he was unaware he would be charged $28.51 for his delivery order, that he was unwilling to

23  pay $28.51 for his delivery order at the time he placed it, or that he did not receive the delivered

24  food in his delivery order. (*See generally* FAC.) These undisputed facts alone are enough to

25  demonstrate that Plaintiff received the benefit of his bargain with CFA.

26      As in *Peterson*, where plaintiffs challenged an unlicensed cellular phone insurance seller's

27  retention of their payment in exchange for an insurance plan allegedly worth less than they paid

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1   for it, Plaintiff received the benefit of his bargain "absent an allegation . . . that [Plaintiff] could

2   have bought the same [item] elsewhere for a lower price."  80 Cal. Rptr. 3d at 323 n.5.  Here,

3   Plaintiff paid for two things: (1) "delivery service," a service distinct from in-restaurant pick up,

4   and (2) "delivery food," distinguishable from food ordered in a restaurant.  Plaintiff never alleges

5   that the delivery service and delivery food were somehow worth *less* than what he paid for them.

6   Indeed, Plaintiff admits he understood the cost of his order to be $28.51 and that he agreed to pay

7   $28.51.  (FAC ¶ 46.)  Therefore, Plaintiff received the benefit of his bargain.

8          Plaintiff never alleges that he could have gotten the same delivery service *and* delivery

9   food elsewhere for a lower price; rather, he essentially concedes that he could not have obtained

10  the same delivery service *and* the same delivery food from any other restaurant.  *See* (FAC ¶¶ 50–

11  51) ("Plaintiff would not have made the purchase" or "he would have chosen another method for

12  receiving food from Chick-fil-A or . . . another provider.").[7]  So, reading Plaintiff's allegations

13  charitably, he argues not that he failed to "get[ ] the exchange which he expected" (*i.e.*, the

14  delivery food he ordered delivered as ordered), but rather that—after receiving (and likely

15  consuming) his meal as anticipated—he believes he should have paid less than he knowingly

16  agreed to pay solely because of the way that CFA presented the pricing information, rather than

17  the value of the product itself.  *See Waldrup v. Countrywide Fin. Corp.*, 2014 WL 3715131, at *7

18  (C.D. Cal. July 23, 2014) (dismissing unjust enrichment claim because plaintiff "disclaimed any

19  allegation that the appraisals which she received were inflated or otherwise inaccurate," and thus

20  conceded that she received precisely what she paid for).

21

22

---

23  [7] That other restaurants market delivery items differently than CFA is not relevant to this
    determination.  Indeed, Del Taco, El Pollo Loco, and Instacart's practices change nothing about
24  the analysis the Court must conduct and have no bearing on the products (delivery service and
    delivery food) that CFA offers.  (FAC ¶¶ 40-45).  In fact, a review of Del Taco and El Pollo
25  Loco's menus show that Plaintiff could not have ordered the same or similar delivery food (*i.e.*,
    chicken nuggets) as he ordered in this case, even if the delivery services offered by those
26  restaurants were the same or substantially similar.  Stated otherwise, Plaintiff could not have
    received delivery service had he "chosen another method for receiving food" from CFA.  (FAC
27  ¶¶ 48, 50-51).  That Plaintiff believes he had reasonable alternatives suggests he freely and
28  voluntarily elected to pay CFA.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant Chick-fil-A, Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiff Ronald Ortega's Fourth and Fifth Claims for Relief in the First Amended Complaint Pursuant to Rules 12(b)(6) and 9(b), thereby dismissing Plaintiff's breach of contract and unjust enrichment claims without leave to amend.

Dated:        November 29, 2021

TROUTMAN PEPPER
HAMILTON SANDERS LLP


By: */s/ Kalama M. Lui-Kwan*
    Kalama M. Lui-Kwan
    Lindsey B. Mann
    Kathleen Campbell

    Attorneys for Defendant
    CHICK-FIL-A

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy has been served on all parties who are registered with the CM/ECF service.


Dated:        November 29, 2021                    TROUTMAN PEPPER
                                                   HAMILTON SANDERS LLP


                                                   By: */s/ Kalama M. Lui-Kwan*
                                                       Kalama M. Lui-Kwan

                                                   Attorneys for Defendant
                                                   CHICK-FIL-A

CASE NO.  2:21-CV-00845-KJM-CKD

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS CLAIMS IN AMENDED CLASS ACTION COMPLAINT