TROUTMAN PEPPER HAMILTON SANDERS LLP
Kalama M. Lui-Kwan, Bar No. 242121
kalama.lui-kwan@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

TROUTMAN PEPPER HAMILTON SANDERS LLP
Lindsey B. Mann, *Admitted Pro Hac Vice*
lindsey.mann@troutman.com
Kathleen Campbell, *Admitted Pro Hac Vice*
kathleen.campbell@troutman.com
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Defendant
CHICK-FIL-A, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD ORTEGA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CHICK-FIL-A, INC., and DOES 1 - 50, inclusive,

Defendants.

Case No. 2:21-cv-00845-KJM-CKD

Honorable Kimberly J. Mueller

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHICK-FIL-A, INC.'S MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS FROM PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) AND 23(d)(1)(D)**

Date: January 21, 2022
Time: 10:00 a.m.
Courtroom: 3, 15th Floor
Judge: The Hon. Kimberly J. Mueller

**TABLE OF CONTENTS**


Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. LEGAL STANDARD ..... 2

IV. ARGUMENT ..... 3

A. The Court Cannot Apply California Law to Absent Class Members Because There Are Insufficient Contacts Between California and the Absent Class Members' Claims ..... 4

B. California Choice of Law Principles Preclude Application of Each of Plaintiff's Claims to a Nationwide Class ..... 6

1. Under Binding Ninth Circuit Precedent, Plaintiff Cannot Apply California's Consumer Protection Statutes on a Nationwide Basis ..... 7

2. Material Differences in States' Treatment of Unjust Enrichment Claims Prevent Plaintiff from Representing a Nationwide Unjust Enrichment Class ..... 10

3. Material Differences in States' Contract Laws Prevent Plaintiff from Asserting a Nationwide Breach of Contract Claim ..... 11

V. CONCLUSION ..... 14


TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Conagra Foods, Inc.*,
331 F.R.D. 641 (N.D. Cal. 2019) ....... 11

*Ayala v. U.S Xpress Enterprises, Inc.*,
2016 WL 7586910 (C.D. Cal. Dec. 22, 2016) ....... 4

*Berger v. Home Depot USA, Inc.*,
741 F.3d 1061 (9th Cir. 2014) ....... 11

*Bias v. Wells Fargo & Co.*,
312 F.R.D. 528 (N.D. Cal. 2015) ....... 10

*Bonshahi v. FedEx Corp.*,
2012 WL 3638608 (N.D. Cal. Aug. 22, 2012) ....... 2

*Davison v. Kia Motors Am., Inc.*,
2015 WL 3970502 (C.D. Cal. June 29, 2015) ....... 6, 9

*Endres v. Wells Fargo Banks*,
2008 WL 344204 (N.D. Cal. Feb. 6, 2008) ....... 12

*Gaines v. AT&T Mobility Servs., LLC*,
424 F. Supp. 3d 1004 (S.D. Cal. 2019) ....... 2

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ....... 3

*Gianino v. Alacer Corp.*,
846 F. Supp. 2d 1096 (C.D. Cal. 2012) ....... 6, 9, 13

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007) ....... 4

*Gustafson v. BAC Home Loans Servicing, LP*,
294 F.R.D. 529 (C.D. Cal. 2013) ....... 10, 11, 12, 14

*Kowalsky v. Hewlett-Packard Co.*,
2012 WL 892427 (N.D. Cal. Mar. 14, 2012) ....... 9

*Kramer v. Wilson Sporting Goods Co.*,
2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) ....... 3, 13, 14

*Lane v. Wells Fargo Bank, N.A.*,
2013 WL 3187410 (N.D. Cal. June 21, 2013) ....... 12, 13, 14

*Lozano v. AT & T Wireless Servs., Inc.*,
504 F.3d 718 (9th Cir. 2007) ....... 6

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012)........................................................................................ *passim*

*Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,
301 F.R.D. 337 (N.D. Cal. 2014)........................................................................................3

*Pepka v. Kohl's Dep't Stores, Inc.*,
2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ...................................................................12

*Phan v. Sargento Foods, Inc.*,
2021 WL 2224260 (N.D. Cal. June 2, 2021) .....................................................................11

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985)........................................................................................................4, 5

*Pistacchio v. Apple Inc.*,
2021 WL 949422 (N.D. Cal. Mar. 11, 2021)......................................................................10

*Ralston v. Mortg. Invs. Grp., Inc.*,
2012 WL 1094633 (N.D. Cal. Mar. 30, 2012)......................................................................9

*Route v. Mead Johnson Nutrition Co.*,
2013 WL 658251 (C.D. Cal. Feb. 21, 2013)........................................................................5

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................3

*Sateriale v. RJ Reynolds Tobacco Co*.,
2014 WL 7338877 (C.D. Cal. Dec. 19, 2014) ..............................................................13, 14

*Schwartz v. Lights of America*,
2012 WL 4497398 (C.D. Cal. Aug. 31, 2012)......................................................................9

*Senne v. Kansas City Royals Baseball Corp.*,
934 F.3d 918 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 248 (2020)........................................9

*Stearns v. Select Comfort Retail Corp.*,
2008 WL 4542967 (N.D. Cal. Oct. 1, 2008)......................................................................13

*Stokes v. CitiMortgage, Inc.*,
2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ........................................................................2

*Stromberg v. Qualcomm Inc.*,
14 F.4th 1059 (9th Cir. 2021)..............................................................................................9

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...........................................................................2, 3

*Tromble v. W. Digital Corp.*,
2021 WL 2165796 (N.D. Cal. May 27, 2021) ....................................................................10

*Utility Consumers' Action Network v. Powernet Global Communications*,
2006 WL 8455370 (S.D. Cal. Oct. 20, 2006) ..................................................................4, 5



TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

*Vinci v. Hyundai Motor Am.*,
2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ....................9

*Weisberg v. Takeda Pharmaceuticals U.S.A., Inc.*,
2018 WL 4043171 (C.D. Cal. Aug. 21, 2018)....................12, 14

*Wilson v. Frito-Lay N. Am., Inc*.,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) ....................3

**Statutes**

Cal. Civ. Code § 1750*, et seq*....................2, 7, 9, 10

Cal. Bus. & Prof. Code § 17500, *et seq.* .................... *passim*

Cal. Bus. & Prof. Code § 17200, *et seq*. .................... *passim*

**Other Authorities**

1 McLaughlin on Class Actions § 3:4 (18th ed. Oct. 2021) ....................3

1 McLaughlin on Class Actions § 5:60 (18th ed. Oct. 2021) ....................10

Fed. R. Civ. P. 12(f) ....................1, 2

Fed. R. Civ. P. 23(b)(3)....................3, 6

Fed. R. Civ. P. 23(d)(1)(D) ....................1, 2

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D), defendant Chick-fil-A, Inc. ("CFA") hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Strike the Nationwide Class Allegations from Plaintiff's Amended Class Action Complaint ("First Amended Complaint" or "FAC").

## I. INTRODUCTION

Plaintiff Ronald Ortega ("Plaintiff") seeks to represent a nationwide class of individuals who ordered food for delivery through CFA's mobile app or website and who were allegedly assessed higher delivery charges than were represented during their respective transactions. On behalf of a nationwide class, Plaintiff alleges claims for violations of certain California consumer protection statutes, and Plaintiff also asserts common-law contract and unjust enrichment claims under California law. Under controlling Ninth Circuit precedent, however, the Court cannot apply California's consumer protection statutes to class members who are not California residents, and California's choice of law rules likewise preclude nationwide application of both the statutory and common-law claims. Instead, to consider Plaintiff's newly amended nationwide class action, the Court would first be required to analyze and apply the laws of all 50 states, which is a cumbersome analysis that would necessarily predominate over any questions of law or fact common to the class as a whole. Accordingly, CFA respectfully requests that the Court strike Plaintiff's nationwide class allegations from the First Amended Complaint.

## II. BACKGROUND

As explained in CFA's concurrently filed motion to dismiss, Plaintiff Ronald Ortega, a California resident, used CFA's mobile app to purchase food for delivery on January 29, 2021 in the total amount of $28.51. (FAC ¶ 46.) Plaintiff alleges that he was charged a "hidden delivery fee markup" because, although the CFA app represented that the delivery fee was $3.99, the prices CFA charged for Plaintiff's food items were "25-30%" higher than if Plaintiff had ordered the same food items in-store. (FAC ¶¶ 47–49.)

Plaintiff initially sought to represent a class of California consumers who were subject to the same allegedly deceptive conduct. (ECF No. 1-2.) In the First Amended Complaint, however, Plaintiff has expanded the scope of the putative class action and now purports to



TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

represent a nationwide class, which is defined to include:

> All persons who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented.

(FAC ¶ 52.) On behalf of the nationwide class, Plaintiff asserts claims for: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.; (ii) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750*, et seq*.; (iii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.; (iv) breach of contract; and (v) unjust enrichment. (FAC ¶¶ 62–101.) Plaintiff seeks both injunctive and monetary relief on a classwide basis. (FAC ¶¶ 58–61.)

## III. LEGAL STANDARD

Under Federal Rule 12(f), trial courts are vested with broad authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Federal Rule 23(d)(1)(D) similarly authorizes courts to "require that the pleadings [in a class action] be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Taken together, these Rules vest trial courts with broad authority "to strike class allegations . . . if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) (observing that the Federal Rules "grant[ ] courts the authority to strike class allegations that cannot possibly move forward on a classwide basis.") (citations omitted). "The function of a motion to strike is to avoid unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial," *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019), and a "motion to strike will be well taken" where it has "the effect of making the trial of the action less complicated, or [has] the effect of otherwise streamlining the ultimate resolution of the action," *Bonshahi v. FedEx Corp.*, 2012 WL 3638608, at *1 (N.D. Cal. Aug. 22, 2012) (citation omitted).

The U.S. Supreme Court has held that there are circumstances where the viability of classwide allegations "are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). As such, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Tietsworth*, 720 F. Supp. 2d at 1146 (courts may strike class allegations "if the complaint demonstrates that a class action cannot be maintained"); 1 McLaughlin on Class Actions § 3:4 (18th ed. Oct. 2021) (motions to strike class allegations are "appropriate where the unsuitability of class treatment is evident on the face of the complaint and incontrovertible facts."). Consistent with that authority, "courts have struck class allegations where it is clear from the pleadings that class claims cannot be maintained." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013); *see also Sanders*, 672 F. Supp. 2d at 991 (striking class allegations at pleading stage and directing plaintiffs to "consider whether a more narrowly defined class might be appropriate."); *Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) (striking nationwide class allegations because "it is obvious from the pleadings that a nationwide class cannot be maintained under Federal Rule of Civil Procedure 23(b)(3)."). Whether to strike class allegations at the pleading stage rests within the trial court's discretion. *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 340 (N.D. Cal. 2014).

## IV. ARGUMENT

In the First Amended Complaint, Plaintiff seeks to expand the scope of his prior California-only putative class to encompass *all* consumers who were allegedly charged a "hidden delivery fee markup," irrespective of where the consumers reside or where their respective purchases took place. (FAC ¶ 52.) However, as described more fully below, Plaintiff's nationwide class allegations fail because California lacks sufficient contacts with CFA or the absent class members' claims to satisfy constitutional due process concerns and, even so, California's choice-of-law principles preclude the nationwide application of each of Plaintiff's five putative class claims. It is thus apparent on the face of the First Amended Complaint that



TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

individual questions would predominate in the class action as a matter of law, and the Court should strike Plaintiff's nationwide class allegations.

**A. The Court Cannot Apply California Law to Absent Class Members Because There Are Insufficient Contacts Between California and the Absent Class Members' Claims.**

Plaintiff's putative nationwide class action would violate non-resident class members' constitutional due process rights because the non-resident class members do not have sufficient contacts with the State of California to support the application of California law to their respective claims against CFA. In *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), the Supreme Court held that a forum state may apply its own substantive law to the claims of a nationwide class only if the state has a "significant contact or significant aggregation of contacts" to the claims of each class member such that application of the forum law is "not arbitrary or unfair." *Id*. at 821–22; *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589–90 (9th Cir. 2012) ("[T]he class action proponent bears the initial burden to show that California has 'significant contact or significant aggregation of contacts' to the claims of each class member" because "[s]uch a showing is necessary to ensure that application of California law is constitutional."). In other words, under the due process clause, "a district court may not abrogate the rights of parties beyond its borders having no relation to anything done or to be done within them" by forcibly applying California law to their respective claims. *Shutts*, 472 U.S. at 822.

Applying *Shutts*, courts within the Ninth Circuit have consistently declined to apply California law to a nationwide class where plaintiffs have not made this threshold showing by "plead[ing] or otherwise show[ing] sufficient contacts to warrant the application of California law to other states." *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1028 (N.D. Cal. 2007) (granting motion to strike nationwide class allegations under *Shutts*). In *Ayala v. U.S Xpress Enterprises, Inc.*, 2016 WL 7586910 (C.D. Cal. Dec. 22, 2016), for example, the district court concluded that certification of a nationwide class under California law did not pass constitutional muster because it was "entirely unclear" based on the face of the plaintiff's complaint "whether each putative Class Member has sufficient contacts with California such that the application of California law is appropriate." *Id*., at *4. Similarly, the court in *Utility*



TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

*Consumers' Action Network v. Powernet Global Communications*, 2006 WL 8455370 (S.D. Cal. Oct. 20, 2006), struck nationwide class allegations based on *Shutts*, finding that the named plaintiffs impermissibly sought "to apply California law to a proposed nationwide class, many of whom apparently have had no contact with the forum, as Defendants are based in Ohio and providing telecommunications services across the country," and holding that "[u]nder these circumstances, application of California law to the entirety of the claims of the proposed nationwide class would violate the class members' due process rights." *Id.*, at *5; *cf. Mazza*, 666 F.3d at 590 (holding that "California has a constitutionally sufficient aggregation of contacts to the claims of each putative class member in this case because Honda's corporate headquarters, the advertising agency that produced the allegedly fraudulent misrepresentations, and one fifth of the proposed class members are located in California").

In this case, Plaintiff acknowledges that CFA is incorporated in the State of Georgia and maintains its principal place of business in Atlanta, Georgia. (FAC ¶ 14.) Although Plaintiff asserts that CFA conducted business in California with respect to his *specific* transaction, Plaintiff offers no factual support for the conclusion that there is *any* California-specific link between CFA's allegedly wrongful conduct and the claims of the absent class members; instead, it is apparent that each transaction between CFA and a non-resident class member occurred wholly outside of California, concerned a product ordered and delivered outside of California, was made based on representations that originated somewhere other than California, and was consummated between two parties who are not California residents. Under these facts, there is no constitutionally-permissible basis for applying California law to a nationwide class without violating the absent class members' constitutional due process rights. *See Shutts*, 472 U.S. at 821; *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013) (tentatively granting motion to strike nationwide class allegations because "the Court cannot see how Plaintiff could ever demonstrate that, according to California's choice of law rules as set forth in *Mazza*, certification of a nationwide class could be certified" when "the transactions forming the subject of the express warranty claims took place in all fifty states."). Accordingly, the non-resident class members' claims indisputably lack significant contacts with California

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

sufficient to satisfy constitutional due process requirements, and the Court should strike the nationwide class allegations from the First Amended Complaint.

### B. <u>California Choice of Law Principles Preclude Application of Each of Plaintiff's Claims to a Nationwide Class.</u>

Even if there was a sufficient aggregation of contacts between the State of California and every absent class member's claims to clear *Shutts*' initial due process hurdles, Plaintiff's nationwide class allegations nevertheless fail because the Court cannot apply California law on a classwide basis, and the Court will instead be required to engage in numerous individualized analyses that would necessarily predominate over any common questions of law or fact.

To maintain a viable class action, Plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). This inquiry "tests whether a proposed class is sufficiently cohesive to warrant adjudication by representation." *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1099 (C.D. Cal. 2012). To find predominance satisfied in a case where, as here, "a class action involves multiple jurisdictions," the district court is required to "consider variations in state law." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 728 (9th Cir. 2007). This inquiry is paramount because "[w]here the applicable law in a case derives from the law of numerous states, as opposed to just one state, differences in state law will compound the disparities among class members from different states," and "[c]ertifying a class when the laws of every state apply can create insuperable obstacles in adjudicating the case in a fair and efficient manner [because] [v]ariations in state law can swamp any common issues and interject a multitude of different legal standards governing a particular claim." *Gianino*, 846 F. Supp. 2d at 1099.

To avoid the "problems that arise when applying the laws of all fifty states," *id.*, Plaintiff instead seeks to apply California law on a classwide basis. (*See* FAC ¶¶ 52–101.) But under California's choice of law rules, "California law may only be used on a class-wide basis if the interests of other states are not found to outweigh California's interest in having its law applied." *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015) (citation omitted). To make this determination, courts apply a three-step governmental interest test:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.
>
> Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.
>
> Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*Mazza*, 666 F.3d at 590. And it is only if each of the three prongs of this test is independently satisfied that a court may apply one state's substantive law on a classwide basis. *Id.*

In this case, as explained further below, there are material conflicts between California law and the laws of the other 49 states where the non-resident putative class members reside, and these material conflicts prevent the Court from applying California law on a nationwide basis.

**1. Under Binding Ninth Circuit Precedent, Plaintiff Cannot Apply California's Consumer Protection Statutes on a Nationwide Basis.**

This Court should strike Plaintiff's proposed nationwide class because it improperly applies California's statutory consumer protection laws to the claims of non-resident class members in violation of binding Ninth Circuit precedent. In the First Amended Complaint, Plaintiff states claims under UCL, FAL, and CLRA, and asserts these California-based statutory claims on behalf of a nationwide class. (*See* FAC ¶¶ 52, 62–90.) Plaintiff's newfound attempt to extend the reach of these statutes beyond California's borders is foreclosed by the Ninth Circuit's decision in *Mazza*, and the Court should strike Plaintiff's nationwide allegations accordingly.

In *Mazza*, the plaintiffs sought certification of a nationwide class action against an automobile manufacturer based on alleged misrepresentations and omissions in certain of the manufacturer's advertisements. *Mazza*, 666 F.3d at 585. The plaintiffs brought claims for, among other things, violations of California's UCL, FAL, and CLRA, and the trial court granted the plaintiffs' motion for class certification, concluding that "California Law can be applied to all class members." *Id.* at 588. On appeal, the Ninth Circuit reversed the class certification decision,



TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

holding that "the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their car in different jurisdictions with materially different consumer protection laws." *Id*. at 590.

In reaching its decision, the Ninth Circuit applied California's three-step governmental interest test to the plaintiffs' statutory consumer protection claims. *Id*. at 590–94.

First, the Court compared California's consumer protection statutes to those of the other 43 states in which non-resident class members resided and concluded that there were several material differences among them, including that California's consumer protection laws "have no scienter requirement, whereas many other states' consumer protection statutes do require scienter," that California "requires named class plaintiffs to demonstrate reliance, while some other states' consumer protection statutes do not," and that "there are also material differences in the remedies given by state law." *Id*. at 591. As the Ninth Circuit explained, these differences were "not trivial or wholly immaterial." *Id*.

Second, the Court recognized that under settled federalism principles, "[e]very state has an interest in having its law applied to its resident claimants . . . [and] in applying its own consumer protection laws to those transactions" occurring within its borders, and held that these state interests were "squarely implicated" by the statutory consumer-protection claims at issue in the litigation such that it would be offensive to apply California law to those states' consumers' clams. *Id*. at 591–93.

Finally, the Court balanced the states' respective interests and concluded that "[t]hese foreign states' . . . strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state" far outweighed "California's interest in applying its law to residents of foreign states"—an interest which the Court observed was, at best, "attenuated." *Id*. at 594. Consequently, the Ninth Circuit held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id*.

Since *Mazza* was decided, numerous courts within the Ninth Circuit have applied the Ninth Circuit's reasoning to preclude certification of nationwide classes under UCL, FAL, and/or

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CLRA. *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *7 (N.D. Cal. Mar. 14, 2012) (holding that "*Mazza* controls" and "precludes the certification of a nationwide class asserting claims under the UCL and the CLRA."); *Ralston v. Mortg. Invs. Grp., Inc*., 2012 WL 1094633, at *3 (N.D. Cal. Mar. 30, 2012) (holding that "[i]n light of the Ninth Circuit's recent decision in *Mazza*," a class bringing UCL claims "must be limited to California residents."); *Schwartz v. Lights of America*, 2012 WL 4497398, at *8 (C.D. Cal. Aug. 31, 2012) ("After *Mazza*, if a material conflict of law exists, it is difficult to imagine a false advertisement claim where a court could apply California law to a nationwide class."); *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *5–10 (C.D. Cal. Apr. 10, 2018) (applying *Mazza* and dismissing nationwide consumer protection claims with prejudice).

This case falls squarely within the Ninth Circuit's holding in *Mazza*, and the Court should strike Plaintiff's nationwide class allegations under California's consumer protection statutes because Plaintiff cannot satisfy California's three-step governmental interest test as a matter of law. First, as the *Mazza* court recognized, there are material conflicts between UCL, FAL, and CLRA and the analogous consumer protection statutes enacted by the other 49 states where non-resident putative class members may be found in this case. *See Mazza*, 666 F.3d at 590–91; *Davison*, 2015 WL 3970502, at *2; *Gianino*, 846 F. Supp. 2d at 1100–01. Likewise, each state in which the non-resident class members placed their food delivery orders has a compelling interest in applying its own consumer protection laws to any such transactions occurring within its borders. *See Mazza*, 666 F.3d at 592 ("Each of our states has an interest in balancing the range of products and prices offered to consumers with the legal protections afforded to them."); *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 934 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 248 (2020) ("[W]hen conducting the governmental interest analysis, we must also recognize that a state ordinarily has the predominant interest in regulating conduct within its borders."). And, finally, while California's interest in applying its consumer protection laws to out-of-state residents is "attenuated," at best, "every state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class." *Davison*, 2015 WL 3970502, at *3; *see also Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1074

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

(9th Cir. 2021) (vacating class certification because "the district court improperly impaired [other states'] policy by allowing California to set antitrust enforcement policy for the entire country."). Accordingly, under *Mazza* and its progeny, Plaintiff cannot apply California's consumer protection statutes on a nationwide basis and the Court should strike Plaintiff's nationwide class allegations with respect to Plaintiff's UCL, FAL, and CLRA claims.

**2. Material Differences in States' Treatment of Unjust Enrichment Claims Prevent Plaintiff from Representing a Nationwide Unjust Enrichment Class.**

Similarly, because of material dissimilarities between state unjust enrichment laws, a nationwide unjust enrichment class is impermissible and Plaintiff's nationwide allegations should be stricken with respect to this claim. Like Plaintiff's ill-fated attempt to represent a nationwide consumer protection class, Plaintiff's nationwide unjust enrichment class is also foreclosed by the Ninth Circuit's decision in *Mazza*. There, the Court rejected certification of a nationwide unjust enrichment class because "[t]he elements necessary to establish a claim for unjust enrichment also vary ***materially*** from state to state." *Mazza*, 666 F.3d at 591 (emphasis added); *see also* 1 McLaughlin on Class Actions § 5:60 (18th ed. Oct. 2021) ("Where certification of a multistate unjust enrichment class is sought, variations in state law also have precluded class certification based on unjust enrichment theories."). And in the wake of the *Mazza* decision, courts within this Circuit have frequently struck or refused to certify putative nationwide unjust enrichment classes—an outcome that one district court judge noted was "unsurprising" because "[i]t is hard to imagine a clearer directive from our Circuit on this issue" than the *Mazza* court's "unequivocal statement that unjust enrichment laws vary materially from state to state." *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015); *see also Pistacchio v. Apple Inc.*, 2021 WL 949422, at *3 (N.D. Cal. Mar. 11, 2021) (striking nationwide class allegations related to unjust enrichment claim and observing that plaintiffs "cannot point to a single case in this Circuit to certify a nationwide unjust enrichment class since the Ninth Circuit addressed the issue in *Mazza*") (citation omitted); *Tromble v. W. Digital Corp.*, 2021 WL 2165796, at *2 (N.D. Cal. May 27, 2021) (dismissing nationwide unjust enrichment class claim in light of *Mazza*); *Gustafson*, 294 F.R.D. at 548–50 (denying certification nationwide unjust enrichment class because "variances in

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

state law and individual fact issues defeat commonality and predominance on Plaintiffs' claim for unjust enrichment."); *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *8 (N.D. Cal. June 2, 2021) (collecting cases and granting motion to strike nationwide unjust enrichment claim).

Here, Plaintiff alleges unjust enrichment claims on behalf of a nationwide class of CFA customers seeking to recover "all wrongfully obtained fees received by [CFA] as a result of its inequitable conduct." (FAC ¶¶ 97–101.) To grant Plaintiff's requested relief, the Court would again be required to engage in a cumbersome analysis of the elements of a claim that "vary materially from state to state," *Mazza*, 666 F.3d at 591, including material differences "regarding the degree of wrongful conduct required for liability," whether a benefit "must be directly conferred," and whether retention of a benefit would be "unjust," *Gustafson*, 294 F.R.D. at 548; *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) (affirming dismissal of classwide unjust enrichment claim because "individual issues could reasonably be found to predominate over the common questions"). In other words, as a result of the material variations among the various states' unjust enrichment laws, the Court would not be permitted to apply California unjust enrichment law on a classwide basis, but would instead be required to analyze each state's unique unjust enrichment law on a state-by-state basis, which would necessarily "defeat commonality and predominance on Plaintiffs' claim for unjust enrichment." *Gustafson*, 294 F.R.D. at 548; *see also Allen v. Conagra Foods, Inc.*, 331 F.R.D. 641, 657–58 (N.D. Cal. 2019) (denying certification of nationwide unjust enrichment class on predominance grounds because, post-*Mazza*, "it would be unconstitutional to apply California unjust enrichment law to the claims of a nationwide class," and instead "the [unjust enrichment] laws from all 50 states would have to apply."). The Court should thus strike Plaintiff's nationwide class allegations with respect to Plaintiff's unjust enrichment claim.

**3. Material Differences in States' Contract Laws Prevent Plaintiff from Asserting a Nationwide Breach of Contract Claim.**

Finally, the Court should strike Plaintiff's nationwide class allegations arising out of Plaintiff's breach of contract claim because material variations between state laws preclude certification of a nationwide class. Indeed, in the wake of the Ninth Circuit's sea-change decision

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

in *Mazza*, numerous courts within this Circuit have declined to certify nationwide breach of contract classes on predominance grounds due to significant discrepancies between the states' respective contract laws. In *Weisberg v. Takeda Pharmaceuticals U.S.A., Inc.*, 2018 WL 4043171 (C.D. Cal. Aug. 21, 2018), for example, the district court cited *Mazza* and declined to certify a nationwide breach of contract class on predominance grounds because "it appear[ed] that some rules of contract law that differ across the states, such as the extrinsic evidence rule, could impact putative members' claims." *Id.*, at *10. A similar conclusion was reached in *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529 (C.D. Cal. 2013), where the court denied certification of a contract-based nationwide class because "the differences among states' breach of contract laws are material . . . [and] could greatly affect how the relevant provisions of the agreements are interpreted and ultimately whether there was a breach of those provisions." *Id.* at 544. And in *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410 (N.D. Cal. June 21, 2013), a district court again denied a plaintiff's attempt to certify a nationwide class asserting breach of contract claims because any analysis of the non-resident class members' claims "would require applying a multitude of different state law standards," and "where the laws of fifty states must be scrutinized, . . . variations in state law swamp any common issues and defeat predominance." *Id.*, at *4.[1]

The same holds true when breach claims are predicated on an alleged breach of the implied duty of good faith and fair dealing, which similarly invokes "significant differences in state law," including "whether the standard for good faith is subjective or objective and whether and to what extent the implied covenant constrains discretion expressly granted to one party by the contractual terms." *Id.*; *see also Gustafson,* 294 F.R.D. at 547–48 (refusing to certify nationwide class as a result of state-specific differences in claims for breach of the implied duty

---

[1] Plaintiff's nationwide breach of contract claim also necessarily implicates a multitude of state-specific defenses to contract actions that will likewise raise individualized issues that would preclude class certification, including the voluntary payment doctrine and consent. *See Endres v. Wells Fargo Banks*, 2008 WL 344204, at *11–12 (N.D. Cal. Feb. 6, 2008) (denying class certification because, *inter alia*, application of voluntary payment doctrine would require individualized inquiries); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (granting motion to strike class allegations on predominance grounds because "the allegations here involve highly individualized inquiries regarding consent and revocation of consent.").

of good faith and fair dealing); *Sateriale v. RJ Reynolds Tobacco Co*., 2014 WL 7338877, at *11–12 (C.D. Cal. Dec. 19, 2014) (refusing to certify nationwide class due to "material differences in state contract law . . . with regard to the implied covenant of good faith," including that "not all contracts contain such a covenant" and that only some states "require proof of a defendant's subjective intention in order to prove a claim for breach of the covenant.").

In this case, Plaintiff seeks to certify a nationwide breach of contract class alleging claims for both breach of express contract and breach of the implied duty of good faith and fair dealing. (FAC ¶¶ 91–96.) At the outset, each of these breach theories implicates state law and, as discussed above, there are "material differences" between and among the states as it pertains to claims for breach of contract and breach of the implied duty of good faith and fair dealing that would prevent the Court from applying California's law on a nationwide basis. Moreover, the same federalism and comity concerns that led the *Mazza* Court to reject certification of a nationwide consumer protection class apply with equal force to Plaintiff's proposed nationwide breach of contract class because "[e]very state has an interest in having its law applied to its resident claimants," *Mazza,* 666 F.3d at 591–92, and the State of California has no countervailing interest in regulating contracts entered into between non-citizens. Accordingly, if Plaintiff's nationwide breach class was permitted to proceed, then the Court would be required to undertake the daunting task of applying all 50 states' contract laws to the class members' claims in this case on a state-by-state basis, which would necessarily "swamp any common issues and defeat predominance" as a matter of law.[2] *Lane*, 2013 WL 3187410, at *4; *see also Kramer*, 2013 WL 12133670, at *4 (concluding that "common issues of law do not predominate because the Court

---

[2] A nationwide class requiring application of the laws of all 50 states also raises manageability and superiority concerns, each of which provides an independently sufficient basis to strike Plaintiff's nationwide class allegations. *Stearns v. Select Comfort Retail Corp.*, 2008 WL 4542967, at *8 (N.D. Cal. Oct. 1, 2008) (denying certification and holding "it is not at all clear that a nationwide class action is the 'superior' method for adjudication of rights" when "many differences in state laws . . . are difficult to maintain on a nationwide basis."); *Gianino*, 846 F. Supp. 2d at 1104 (denying certification because "[i]f this case proceeded to trial as a nationwide class, the Court would face the impossible task of instructing the jury on the law of 50 different states," and "[t]he trial would devolve quickly into an unmanageable morass of divergent legal issues.").

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

would have to apply the laws of all 50 states to decide the class claims.").

Based on the allegations of Plaintiff's First Amended Complaint, Plaintiff will be unable to establish predominance as a matter of law at the class certification stage because Plaintiff's nationwide breach of contract class implicates the laws of all 50 states and will necessarily fail all three prongs of the *Mazza* analysis. *See, e.g.*, *Weisberg*, 2018 WL 4043171, at *10; *Gustafson*, 294 F.R.D. at 544; *Sateriale*, 2014 WL 7338877, at *11–12; *Lane*, 2013 WL 3187410, at *4; *Kramer*, 2013 WL 12133670, at *4. Under the logic of *Mazza*, this claim—like Plaintiff's nationwide consumer protection and unjust enrichment claims—should be stricken at the outset to avoid costly discovery and class certification proceedings for allegations that are destined to fail.

## V. **CONCLUSION**

For the foregoing reasons, Defendant Chick-fil-A, Inc. respectfully requests that this Court strike the nationwide class allegations from Plaintiff Ronald Ortega's First Amended Complaint.

Dated: November 29, 2021

TROUTMAN PEPPER
HAMILTON SANDERS LLP

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Lindsey B. Mann
Kathleen Campbell

Attorneys for Defendant
CHICK-FIL-A

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy has been served on all parties who are registered with the CM/ECF service.

Dated: November 29, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan

Attorneys for Defendant
CHICK-FIL-A