UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ORTEGA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHICK-FIL-A, INC., and DOES 1 - 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00845-KJM-CKD<br><br>Honorable Kimberly J. Mueller<br>Honorable Carolyn K. Delaney<br><br>**STIPULATED PROTECTIVE ORDER** |

The following Stipulated Protective Order is entered into between and among Plaintiff and Defendants (collectively, the "Parties") and is approved and entered by the Court. The parties sought entry of this Order to protect from disclosure to others potentially confidential, financial, sensitive, proprietary, personally identifiable, and/or privileged information that may be produced or otherwise disclosed by them or third parties during the course of this action and which may by injurious to Plaintiff or Defendant, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). With consent of the parties, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. As used herein, the following words and phrases shall have the following meanings unless the context clearly indicates otherwise:

   a. "Confidential: Attorneys Eyes Only Material" means Confidential Material that, if disclosed to any Party or Third Party, would create a risk of serious harm that could not be avoided by less restrictive means.

   b. "Confidential Material" means information or material produced or disclosed to a Receiving Party that contains non-public, confidential, personal, sensitive, proprietary, trade secret, or business information or documents, or other commercially competitively sensitive information, and/or personal and/or employment information.

   c. "Designated Persons" means any of: (i) the Parties' outside counsel and in-house counsel, and their affiliates and their employees and service vendors to whom the Receiving Party's counsel believes in good faith is necessary to show Confidential Material for purposes of this litigation; (ii) employees or expert consultants of such counsel, and persons assigned to assist such counsel in the preparation of this litigation; (iii) a party, or an officer or employee of a party which is not a natural person, to the extent counsel believes in good faith that disclosure of Confidential Material to such party, officer, or employee is necessary for the prosecution, defense, or settlement of this litigation; (iv) actual or proposed

deposition, hearing, or trial witnesses, including employees and consultants, but solely to the extent counsel believes in good faith that such disclosure is necessary for the prosecution, defense, or settlement of this litigation; (v) the Parties to this action, to the extent counsel believes in good faith that such disclosure is necessary for the prosecution or defense of this action; (vi) the Court and Court personnel; (vii) the Court reporters actually recording proceedings in this action; and (viii) other persons as agreed to by the parties in writing or as ordered by the Court.

      d.    "Document" or "documents" means all written, recorded, electronic or graphic material, including, but not limited to, interrogatory answers, requests for admission and responses thereto, documents or electronically stored information ("ESI") produced by any Party or non-Party in this action whether pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or by agreement, or deposition transcripts, recordings, and exhibits, and any portion of any court filing which quotes from any of the foregoing.

      e.    "Experts" are consultants, investigators, or experts, including professional jury or trial consultants and mock jurors.

      f.    "Producing Party" means any Party to this action that produces, or is called upon to produce, information subject to protection under this Stipulated Protective Order; and any non-Party who, incident to discovery in this action, produces such information.

      g.    "Receiving Party" means any Party to this action to whom information subject to protection under this Stipulated Protective Order is produced.

2.    Any documents designated as Confidential Material shall be marked "Confidential" or with a substantially similar mark. Documents produced in native file format (e.g., as Excel or audio/video files) may be designated: (a) by marking "Confidential" or a substantially similar mark on a TIFF or PDF-format "placeholder" page bearing a production Bates number also included in the

filename of the native file; (b) by producing a database load file identifying the confidentiality designation for the document bearing the same production Bates number included in the filename of the native file; and/or (c) by designating the file(s) as "Confidential" or with a substantially similar designation in accompanying correspondence, email, or similar transmission.

3. Any documents designated as Confidential: Attorneys Eyes Only Material shall be marked "Confidential: Attorneys Eyes Only" or with a substantially similar mark. Documents produced in native file format (e.g., as Excel or audio/video files) may be designated: (a) by marking "Confidential: Attorneys Eyes Only" or a substantially similar mark on a TIFF or PDF-format "placeholder" page bearing a production Bates number also included in the filename of the native file; (b) by producing a database load file identifying the confidentiality designation for the document bearing the same production Bates number included in the filename of the native file; and/or (c) by designating the file(s) as "Confidential: Attorneys Eyes Only" or with a substantially similar designation in accompanying correspondence, email, or similar transmission.

4. In the event that a Producing Party produces files and records as maintained in the regular course of business and the Receiving Party inspects the documents before any copies are made, no "Confidential" or "Confidential: Attorneys Eyes Only" designation, and no designation of privileged material, need be made by the Producing Party in advance of the Receiving Party's inspection. For purposes of an inspection of documents and information as contemplated by this paragraph, all materials produced shall be considered initially as Confidential: Attorneys Eyes Only Material.

5. All Confidential Material and Confidential: Attorneys Eyes Only Material served upon or otherwise disclosed to the Receiving Party shall be used by the Parties and Designated Persons, as herein defined, solely for purposes of conducting this action and shall not be used for any other purpose. Confidential

Material shall remain in the custody of the litigation counsel of record, except the Confidential Material may be entrusted to or viewed by the Receiving Party or such other Designated Persons as provided below.

6. Any Confidential Material and Confidential: Attorneys Eyes Only Material that is produced prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Confidential Material and Confidential: Attorneys Eyes Only Material was produced.

7. If documents or information are produced that could have been, but were not designated as Confidential Material or Confidential: Attorneys Eyes Only Material at the time such material was initially disclosed, produced, or used, there is no waiver of the Producing Party's claim of confidentiality or attorney-client privilege. If at any time a Receiving Party believes that a document or testimony designated or sought to be designated Confidential or Confidential: Attorneys Eyes Only by the Producing Party does not warrant such designation, it shall notify the Producing Party in writing and make a good faith effort to resolve such dispute with opposing counsel in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. In the event that such a dispute cannot be resolved by the parties, the Producing Party must, within 21 days, move for a protective order in accordance with Rule 26(c). The material at issue must be treated as designated under this Order, either Confidential or and Confidential: Attorneys Eyes Only, until the motion for a protective order is resolved by agreement, Court order, or otherwise. No party is obligated to challenge the propriety of any designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

8. Whenever any information or material designated Confidential or Confidential: Attorneys Eyes Only is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such

information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information, and the transcript of such portion and all exhibits identified in that portion of the transcript shall be marked Confidential or Confidential: Attorneys Eyes Only, as applicable, and thereafter deemed to be fully subject to the provisions of this Order.

9. Except as specifically provided herein, litigation counsel for the Receiving Party will hold in confidence and not disclose to anyone Confidential Material or Confidential: Attorneys Eyes Only Material, or any portions, summaries, abstracts, or indices thereof, unless otherwise permitted by this Order. Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Material and Confidential: Attorneys Eyes Only Material.  If the Receiving Party learns of any improper disclosure of Confidential Material or Confidential: Attorneys Eyes Only Material, the Party's counsel shall attempt to obtain all copies of the improperly disclosed material and shall inform promptly the Producing Party of the improper disclosure and circumstances surrounding the improper disclosure, but in no event shall counsel wait longer than three (3) business days after discovery of the improper disclosure to notify the Producing Party of said disclosure.  Confidential Material and Confidential: Attorneys Eyes Only Material may be filed with the Court as provided for herein.  Confidential Material may be entrusted to or reviewed by Designated Persons.

10. Any party seeking to submit any Confidential Material or Confidential: Attorneys Eyes Only Material to the Court, including through deposition transcript, pleading, motion, memorandum, or other paper, will do so by following the procedures set forth in Local Civil Rule 141 of the Eastern District of California for restricting public access to documents and proceedings.  Nothing in this Order shall preclude or prevent a party from using or filing any Confidential Material or Confidential: Attorneys Eyes Only Material in this case.

11. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party must not disclose or permit the disclosure of any such information, documents, or other material designated as Confidential under this Order, except that disclosures may be made in the following circumstances:

   a. Disclosure may be made to the Receiving Party's outside counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation.

   b. Disclosure may be made to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound" (Exhibit A).

   c. Disclosure may be made to Parties to this action charged with responsibility for the prosecution or defense of the litigation, including in-house counsel, provided that access is given only for purposes of the prosecution or defense of this litigation;

   d. Disclosure may be made to the Court and its personnel.

   e. Disclosure may be made to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound" (Exhibit A);

   f. Disclosure may be made to persons already in lawful and legitimate possession of such Confidential Material.

   g. Disclosure may be made during depositions of witnesses in the action to whom disclosure is reasonably necessary, and who have signed the "Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   h. Disclosure may be made to witnesses who are interviewed

by a Party's representatives or counsel, when such disclosure is reasonably necessary for the purpose of factual investigation, discovery, or trial preparation, and who have signed the "Agreement to Be Bound" (Exhibit A).

      i.      Disclosure may be made to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

12.    Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party must not disclose or permit the disclosure of any such information, documents, or other material designated as Confidential: Attorneys Eyes Only under this Order, except that disclosures may be made in the following circumstances:

      a.      Disclosure may be made to the Parties' outside counsel of record and employees of such counsel who have direct functional responsibility for the preparation and trial of the lawsuit.

      b.      Disclosure may be made to in-house counsel who have responsibility for the preparation and trial of the lawsuit and any employees who report to those counsel.

      c.      Disclosure may be made to court reporters engaged for depositions and their staff, as well as those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material, and who have signed the "Agreement to Be Bound" (Exhibit A).

      d.      Disclosure may be made to Experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit, and who have signed the "Agreement to Be Bound" (Exhibit A).

      e.      Disclosure may be made to deposition and trial witnesses to whom disclosure is reasonably necessary in connection with their testimony in the lawsuit, and who have signed the "Agreement to Be Bound" (Exhibit A).

      f.      Disclosure may be made to the Court and the Court's staff.

   g. Disclosure may be made to persons already in lawful and legitimate possession of such Confidential: Attorneys Eyes Only Material.

   h. Disclosure may be made to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

  13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties without involving the Court unnecessarily in the process. Nothing in the foregoing provisions of this Order shall:

   a. limit any party in the introduction of Confidential Material or Confidential: Attorneys Eyes Only Material as evidence at any hearing or trial of this matter, subject to the designating party's request to seek further protection from the Court;

   b. preclude a party from seeking such additional protection with regard to the confidentiality and/or proprietary nature of documents or testimony as that party may deem appropriate; or

   c. prevent a party from objecting to discovery that it believes to be otherwise improper.

  12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Further, regarding privileged information, clawbacks, and non-waiver:

   a. Disclosure (including production) of information that a Producing Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege for withholding production as to which the Producing Party

would be entitled in the above-captioned action or any other federal or state proceeding.

   b. If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document in question, within ten (10) business days of such discovery.

   c. Upon discovery by a Producing Party (whether by notice from the Receiving Party, or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the Receiving Party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the basis on which the Privileged Information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or provide a cross reference to an existing privilege log entry for such documents.  The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this Order, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

   d. Upon receipt of a Clawback Letter, the Receiving Party shall promptly destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the Receiving Party plans to challenge the claim of privilege.  The Receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information.  The Producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

   e. If a Receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the Producing Party and provide the basis for disputing the privilege claim in writing.  The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.

   f. In the event that the parties do not resolve their dispute, the Receiving Party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the Producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers.  This in camera submission to the Court shall not constitute a waiver of any privilege or protection.  Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the parties. The obligations of the parties set forth in this section apply irrespective of the care taken by the Producing Party to prevent inadvertent disclosure.

   g. Except as expressly set forth herein, nothing in this section, or elsewhere in this Order, shall limit the bases on which a Receiving Party may challenge the assertion of any privilege or protection by the Producing Party.

   h. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

  13. Final termination of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.  Within sixty (60) days after such termination, however, all Confidential Material and Confidential: Attorneys Eyes Only Material and all copies thereof,

including such materials transmitted to outside experts, consultants, or third parties, shall be assembled by the party to whom such had been provided and be either destroyed by that party or returned to the Producing Party, at the option of the Producing Party.  Counsel of record may retain one set of all papers filed with the Court or served in connection with this matter, one set of all deposition, hearing, and trial transcripts and exhibits, and all work product containing or reflecting Confidential Material or Confidential: Attorneys Eyes Only Material, as appropriate, all of which shall remain subject to this Order.

14. This Order shall be binding on all parties to this action and respective counsel, all non-parties designating materials hereunder, and all other individuals receiving access to Confidential Material and Confidential: Attorneys Eyes Only Material pursuant to the provisions of this Order.  The agreement to be bound to this Stipulated Protective Order is attached hereto as Exhibit A ("Agreement to be Bound").

15. The provisions of this Order shall continue to be binding until modified, superseded, or terminated by Order of the Court or by agreement of the parties.  The Court retains jurisdiction over the parties for enforcement of the provisions of this Order after the conclusion of the action.

16. Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court at any time to modify or dissolve this Order.

17. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in this action or of any position as to the relevance, confidentiality, discoverability, or admissibility of evidence.

**IT IS SO ORDERED**.

Dated: March 3, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Proposed by:

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ *Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan, Bar No. 242121
kalama.lui-kwan@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:  415.477.5700
Facsimile:   415.477.5710

Lindsey B. Mann, *Admitted Pro Hac Vice*
lindsey.mann@troutman.com
Kathleen M. Campbell, *Admitted Pro Hac Vice*
kathleen.campbell@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216
Telephone:  404.885.3000
Facsimile:   404.885.3900

Attorneys for Defendant CHICK-FIL-A, INC.

KALIEL GOLD PLLC

By: /s/ *Jeffrey D. Kaliel*
Jeffrey D. Kaliel (SBN 238293)
jkaliel@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone:   202.350.4783

Sophia Goren Gold (SBN 307971)
sgold@kalielgold.com
950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone:   202.350.4783

Attorneys for Plaintiff RONALD ORTEGA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Ortega v. Chick-fil-A, Inc., et al.*, Case No. 2:21-cv-00845-KJM-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____