KALAMA M. LUI-KWAN, Bar No. 242121
kalama.lui-kwan@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415-477-5700
Facsimile: 415-477-5710

LINDSEY B. MANN, *Admitted Pro Hac Vice*
lindsey.mann@troutman.com
KATHLEEN M. CAMPBELL, *Admitted Pro Hac Vice*
kathleen.campbell@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street NE
Atlanta, GA  30308-2216
Telephone:    404.885.3000
Facsimile:    404.885.3900

Attorneys for Defendant
CHICK-FIL-A, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD ORTEGA, on behalf of himself
and All Others Similarly Situated,

              Plaintiffs,

     v.

CHICK-FIL-A, INC., and DOES 1 - 50,
inclusive,

              Defendants.

Case No.  2:21-cv-00845-KJM-CKD

Honorable Kimberly J. Mueller

**CORRECTED MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT CHICK-FIL-A, INC.'S
MOTION TO DISMISS SECOND
AMENDED COMPLAINT**

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

129136154

**TABLE OF CONTENTS**

TROUTMAN PEPPER HAMILTON SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 3

III.    LEGAL STANDARD .............................................................................................. 5

IV.     ARGUMENT ........................................................................................................... 6

    A.     Plaintiff's California Consumer Protection Claims Fail as a Matter of Law ......... 6

        1.     Plaintiff Lacks Standing to Pursue UCL, CLRA, and FAL Claims........... 6

        2.     Plaintiff's Allegations Cannot Satisfy the Reasonable Consumer Test........................................................................................................... 7

        3.     Allegations of Non-Disclosure Are Not Actionable under the UCL, CLRA, or FAL ................................................................................. 9

    B.     Plaintiff's Negligent Misrepresentation Claim Fails as a Matter of Law ............ 10

        1.     Plaintiff Fails to Allege an Affirmative Misrepresentation by Chick-fil-A .......................................................................................................... 10

        2.     Plaintiff Could Not Have Justifiably Relied Upon Any of the Purported Misrepresentations ..................................................................... 12

    C.     Plaintiff Lacks Standing to Seek Injunctive Relief ............................................. 13

    D.     Plaintiff's Request for Punitive Damages Should be Stricken............................. 14

V.      CONCLUSION....................................................................................................... 15

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   No. C 10-05696, 2011 WL 2690437 (N.D. Cal. July 8, 2011) .................................................6

5

*In re Apple iPhone Antitrust Litig.*,
   846 F.3d 313 (9th Cir. 2017) ....................................................................................................6

6

*Aseltine v. Panera, et al.*,
   No. RG21098794 (Alameda Cnty. Super. Ct. May 18, 2022) ......................................... *passim*

7

8

*AshBritt, Inc. v. Ghilarducci*,
   No. 20-CV-04612, 2020 WL 7388071 (N.D. Cal. Dec. 16, 2020) ...........................................6

9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................5

10

11

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ....................................................................................................5

12

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) .................................................................................................9

13

14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................5

15

16

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) .................................................................................................9

17

*Besser v. Chapple*,
   2009 U.S. Dist. LEXIS 140861 (C. D. Cal. Dec. 3, 2020) .....................................................14

18

19

*Brookwood v. Bank of Am.*,
   53 Cal. Rptr. 2d 515 (Cal. Ct. App. 1996) .............................................................................12

20

*Buller v. Sutter Health*,
   160 Cal. App. 4th 981 (2008)....................................................................................................9

21

22

*Calagno v. Rite Aid Corp.*,
   No. 4:20-CV-05476-YGR, 2020 WL 6700451 (N.D. Cal. Nov. 13, 2020)............................14

23

*Clark v. Superior Court*,
   50 Cal. 4th 605 (2010) ............................................................................................................14

24

*Cuviello v. City of Vallejo*,
   No. 16-CV-02584, 2020 WL 6728796 (E.D. Cal. Nov. 16, 2020) ...........................................6

25

26

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010)...................................................................................................6

27

28

*Fox v. Pollack*,
    226 Cal. Rptr. 532 (Cal. Ct. App. 1986) ................................................................10

*Freeman v. Time, Inc.*
    68 F.3d 285 (9th Cir. 1995)..........................................................................................7

*Gasnik v. State Farm Ins. Co.*,
    825 F. Supp. 245 (E.D. Cal. Aug. 24, 1992) ..............................................................14

*Girard v. Toyota Motor Sales, U.S.A., Inc.*,
    316 F. App'x 561 (9th Cir. 2008) ...............................................................................12

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
    352 F.3d 367 (9th Cir. 2003)......................................................................................13

*Goldilocks Corp. of S. Cal., Inc. v. Ramkabir Motor Inn Inc.*,
    26 F. App'x 693 (9th Cir. 2002) .................................................................................12

*Goldstein v. Chick-fil-A, Inc.*,
    No. 1:2022-cv-21897 (S.D. Fla.) ..................................................................................1

*Gonzalez v. Wilmington Trust, NA*,
    No. 15-CV-01565-AJB, 2016 WL 5930290 (S.D. Cal. Oct. 12, 2016)......................13

*Guido v. Koopman*,
    1 Cal. App. 4th 837 (1991)........................................................................................13

*Hall v. Time Inc*,
    158 Cal. App. 4th 847 (2008).......................................................................................7

*Harman v. Harper*,
    914 F.2d 262 (9th Cir. 1990)......................................................................................14

*Hodson v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018).......................................................................................9

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
    No. CV-00-20905 RMW, 2007 WL 4209399 (N.D. Cal. Nov. 26, 2007) ...............10

*John v. AM Retail Grp., Inc.*,
    No. 17CV727-JAH (BGS), 2018 WL 1400718 (S.D. Cal. Mar. 20, 2018) ...............13

*Kruse v. Bank of Am.*,
    248 Cal. Rptr. 217 (Cal. Ct. App. 1988) ...................................................................12

*Kunert v. Mission Fin. Servs. Corp.*
    110 Cal. App. 4th 242 (2003)......................................................................................9

*Lavie v. Procter & Gamble Co.*
    (2003) 105 Cal. App. 4th 496 ...................................................................................2, 7

*Lopez v. U.S. Bank Nat'l Ass'n*,
    No. 10cv978 BTM (BGS), 2010 WL 3463622 (S.D. Cal. Aug. 31, 2010) ...............12

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

*Mayheu v. Chick-fil-A, Inc.*,
    Civil Action No. 2022CV365400 .............................................................................1

*McCann v. Lucky Money, Inc.*,
    129 Cal. App. 4th 1382 (2005)...............................................................................9

*Nat'l City Bank, N.A. v. Prime Lending, Inc.*,
    No. CV-10-034, 2010 WL 2854247 (E.D. Wash. July 19, 2010).............................6

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001)...................................................................................5

*Nickerson v. Goodyear Tire & Rubber Corp.*,
    No. 820CV00060JLSJDE, 2020 WL 4937561 (C.D. Cal. June 3, 2020)....................13

*OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*,
    157 Cal. App. 4th 835 (2007)................................................................10, 11, 12

*Oregon v. Bos. Sci. Corp.*,
    No. 1:21-cv-01092-DAD-BAK, 2022 WL 1607960 (E.D. Cal. May 20, 2022) ...............10, 12

*Peacock v. 21st Amend. Brewery Cafe, LLC*,
    No. 17-CV-01918-JST, 2018 WL 452153 (N.D. Cal. Jan. 17, 2018) ......................13

*Petkevicius v. NBTY, Inc.*,
    No. 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ...................14

*Pittman v. Chick-fil-A, Inc.*,
    No. 1:21-cv-08041-VM (S.D.N.Y.) .........................................................................1

*Plakhova v. Hood*,
    No. CV 16-08245 TJH (FFM), 2017 WL 10592315 (C. D. Cal. Jun. 20, 2017)....................14

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008)................................................................................11

*Quezada v. Franklin Madison Grp.*,
    LLC No. 19CV2153-LAB (DEB), 2020 WL 5819824 (S.D. Cal. Sept. 29,
    2020) ......................................................................................................................9

*Reider v. Electrolux Home Care Products, Inc.*,
    No. 8:17-CV-26-JLS-DFMX, 2017 WL 7156292, at *3 (C.D. Cal. Apr. 21,
    2017) ...............................................................................................................7, 8, 9

*Searle v. Wyndham Int'l, Inc.*,
    102 Cal. App. 4th 1327, 126 Cal. Rptr. 2d 231 (2002)........................................8, 9

*Shaeffer v. Califia Farms, LLC*,
    44 Cal. App. 5th 1125, 1137 (2020)........................................................................6

*Smith v. Ramis*,
    647 F. App'x 679 (9th Cir. 2016)...........................................................................10

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998)................................................................................5

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

*Ukpere v. Chick-fil-A, Inc.*,
    No. MID L-003792 22 ...................................................................................................................1

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015).................................................................................10

*Veera v. Banana Republic, LLC*,
    6 Cal. App. 5th 907 (2016)....................................................................................................14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)..................................................................................................5

*Woods v. Davol, Inc.*,
    No. 16-cv-02616, 2017 WL 3421973 (E.D. Cal. Aug. 9, 2017)........................................10, 11

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010)...................................................................................6

**Statutes**

Cal. Civ. Code § 1710(2) ...............................................................................................................11

California Consumer Legal Remedies Act ............................................................................ *passim*

California's Unfair Competition Law ..................................................................................... *passim*

False Advertising Law ............................................................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ...........................................................................................1, 5

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................1, 5

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

1

2

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), Defendant Chick-fil-A, Inc. ("CFA") hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss.

3

4

## I.  INTRODUCTION

5

Plaintiff's Second Amended Complaint ("SAC") is the **eleventh**[1] complaint Plaintiff's

6

counsel has filed against Chick-fil-A since initiating this putative class action in Sacramento

7

County Superior Court just 18 months ago, in March of 2021.  Plaintiff's counsel continues their

8

relentless barrage of meritless claims against Chick-fil-A despite two federal district courts

9

granting Chick-fil-A's motions to dismiss[2] and a California state court dismissing a copy-and-

10

paste action brought by Plaintiff's counsel against Panera (involving identical claims for

11

violations of California's Unfair Competition Law ("UCL"), California Consumer Legal

12

Remedies Act ("CLRA"), and False Advertising Law ("FAL")).  *See Aseltine v. Panera, et al.*,

13

No. RG21098794 (Alameda Cnty. Super. Ct. May 18, 2022).[3]  The SAC suffers the same fatal

14

flaws as all the other complaints and should be dismissed.

15

With respect to Plaintiff's UCL, CLRA, and FAL claims, the SAC (like the *Aseltine*

16

Complaint) is based on Plaintiff's counsel's theory that an alleged "hidden delivery upcharge"

17

18

19

20

21

22

23

24

25

26

27

28

[1] Prior to filing the **[1]** SAC, Plaintiff filed his **[2]** Amended Complaint ("FAC") and **[3]** Complaint.  (*See* Dkt. Nos. 1-2, 31, 55-1.)  In a nearly factually identical class action dismissed as a matter of law in the Southern District of New York, Plaintiff's counsel filed **[4]** a September 28, 2021 Complaint and **[5]** a December 13, 2021 Amended Complaint; Plaintiff's counsel's attempt to file a Second Amended Complaint was denied before the case was dismissed in its entirety. *Pittman v. Chick-fil-A, Inc.*, No. 1:21-cv-08041-VM (S.D.N.Y.) (Dkt. Nos. 1, 16, 42).  Likewise, in Florida, Plaintiff's counsel filed a **[6]** May 16, 2022 Complaint and **[7]** August 11, 2022 Amended Complaint, which is the subject of a pending motion to dismiss.  *Goldstein v. Chick-fil-A, Inc.*, No. 1:2022-cv-21897 (S.D. Fla.) (Dkt. 1, 22).  In Georgia, Plaintiff's counsel filed a **[8]** May 24, 2022 Complaint, **[9]** June 7, 2022 Amended Complaint, and **[10]** August 5, 2022 Second Amended Complaint, also the subject of a pending motion to dismiss.  *See Mayheu v. Chick-fil-A, Inc.*, Civil Action No. 2022CV365400 (Fulton Cnty. Super. Ct.).  And in yet a fifth putative class action, on August 1, 2022 Plaintiff's counsel filed a **[11]** Complaint in New Jersey state court, which Chick-fil-A plans to move to dismiss.  *Ukpere v. Chick-fil-A, Inc.*, No. MID L-003792 22 (Middlesex Cnty. Super. Ct.).

[2] Dkt. No. 50; *Aneisha Pittman & Susan Ukpere v. Chick-fil-A, Inc.*, No. 1:21-cv-08041-VM (S.D.N.Y. Jul. 27, 2022) (Dkt. No. 42).

[3] A true and correct copy of the *Aseltine* Complaint is attached hereto as **Exhibit 1**.  A true and correct copy of the *Aseltine* Order Sustaining Panera's Demurrer is attached hereto as **Exhibit 2**.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

makes Chick-fil-A's "flat, low-cost delivery promises patently false."  SAC, ¶ 5; *Aseltine* Compl.,

¶ 5.  These are bogus, made-for-litigation allegations.  The SAC demonstrates on its face that

Chick-fil-A accurately represented the delivery fee it charged Plaintiff ($3.99) and the alleged

"hidden upcharge" was never hidden at all.  Instead, the alleged upcharge has always been

apparent to delivery customers like Plaintiff by way of a simple price comparison—conducted on

Chick-fil-A's website, app, or by simply walking or driving up to a menu at the counter or drive-

through at a restaurant:

> On delivery orders only, Chick-fil-A secretly marks up food prices for delivery orders by a hefty 25-30%. In other words, **the identical order of a 30-count chicken nuggets costs approximately $5-6 more when ordered for delivery than when ordered via the same mobile app for pickup, or when ordered in-store**.

(SAC, ¶ 5 (emphasis added)).)  Indeed, this allegation, and others like it, establish that Plaintiff

himself was capable of and did in fact do these price comparisons.

Plaintiff's UCL, CLRA, and FAL claims fail as a matter of law for three reasons.  First,

Plaintiff has not established standing under those statutes.  Second, as the *Aseltine* court held in

sustaining Panera's demurrer, Plaintiff cannot satisfy California's reasonable consumer standard

governing the UCL, CLRA, and FAL claims:

> The court considers the claims under the "reasonable consumer" standard. (*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 504.) The "reasonable consumer" is not the "least sophisticated consumer." That noted, the "reasonable consumer" need not be "exceptionally acute and sophisticated" … Nor need a reasonable consumer necessarily be wary or suspicious of advertising claims." (*Lavie*, 105 Cal.App.4th at 509.)

> The [delivery] menu in isolation does not misinform the consumer. It states the price for food for delivery and consumers can purchase the food for delivery at that price.

> The . . . menu for delivery food is allegedly misleading only when compared to the . . . menu for pick up food because they are the same food but the delivery food has a higher price. If a product is misleading only when compared to another product, then the consumer is presumably comparing the products. If a consumer were comparing the two products, then they would see that the prices were different. . . .

> On these facts, which the court presumes to be true, the court finds that the claims have no merit.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

*Aseltine*, Ex. 2 at 1–2.  Third, and finally, allegations of non-disclosure are not sufficient to state a claim under the UCL, CLRA, and FAL.

Plaintiff's negligent misrepresentation claim also fails for two reasons.  First, Plaintiff fails to identify any affirmative misrepresentation by Chick-fil-A upon which to base his claim. Moreover, to the extent Plaintiff attempts to cast the delivery fee on the check-out screen of Chick-fil-A's app and website as an affirmative representation, Plaintiff cannot demonstrate that representation was, in fact, false.  Second, even if Plaintiff could manufacture an affirmative misrepresentation, Plaintiff cannot establish that he justifiably relied on it because Plaintiff had access to price comparisons that would indicate menu prices for delivery are higher than menu prices for in-store or pick-up.

For these reasons, all of Plaintiff's claims must be dismissed as a matter of law.

## II.  **BACKGROUND**

Plaintiff filed his original Complaint in Sacramento County Superior Court on March 11, 2021, asserting claims under the UCL, CLRA, and FAL.  (Dkt. No. 1-2.)  Chick-fil-A removed the case to this Court on May 10, 2021.  (Dkt. No. 1.)  On November 15, 2021, Plaintiff filed an Amended Complaint ("FAC") asserting claims for breach of contract and unjust enrichment (Dkt. No. 31.), and Chick-fil-A moved to dismiss the breach of contract and unjust enrichment claims on November 29, 2021.  (Dkt. No. 32.)  The Court granted Chick-fil-A's motion on July 22, 2022, permitting Plaintiff leave to amend.  (Dkt. No. 50.)  On August 12, 2022, Plaintiff filed his Second Amended Complaint ("SAC"), asserting a new negligent misrepresentation claim and his previously asserted UCL, CLRA, and FAL claims.  (Dkt. No. 55-1.)[4]

According to Plaintiff, he placed the order for Chick-fil-A delivery giving rise to his

---

[4] On August 22, 2022, the Court entered an order (Dkt. No. 57) finding Plaintiff's Unopposed Motion to File Redacted Second Amended Complaint, or Alternatively Under Seal (Dkt. No. 55), defective.  Under this Court's Standing Order, the Local Rules and Stipulated Protective Order (Dkt. No. 42), Plaintiff should have given Chick-fil-A notice of its intention to rely upon confidential material to provide Chick-fil-A an opportunity to seek an order from the Court sealing the confidential material. Under that sequence of events, Chick-fil-A would have responded to a SAC following an order by the Court sealing confidential material.  However, based on the parties' August 2, 2022 Stipulation (Dkt. No. 52) and the Court's August 10, 2022 Order (Dkt. No. 54), Defendant is filing this Motion to Dismiss without prejudice to its right to refile a Motion to Dismiss when Plaintiff properly files his SAC.

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1  claims through Chick-fil-A's app on January 29, 2021.  SAC, ¶ 74.  The total cost of Plaintiff's

2  order was $28.51, including a $3.99 delivery fee.  *Id.*, ¶¶ 74-75.  Plaintiff alleges the check-out

3  screen on the Chick-fil-A app provided him with the following information:

4        Subtotal: [representing the cost of the food selected]

5        Tax: [representing sales tax]

6        Delivery Fee: $3.99

7        Tip:

8        Total: $28.51 [adding up the above]

9  *Id.*, ¶¶ 51, 74-75.  Plaintiff received the delivered food at the price quoted to him and that he

10  agreed to pay.  *Id.*, ¶ 74.

11        Now, Plaintiff alleges that Chick-fil-A's delivery fee is misleading because Chick-fil-A

12  charges a 25-30% mark-up on the same food available for pick-up in-store.  SAC, ¶¶ 1-3.  But the

13  SAC makes clear (a) Chick-fil-A disclosed the $3.99 delivery fee and (b) Plaintiff paid a $3.99

14  delivery fee.  *Id.,* ¶¶ 74-75.  Furthermore, Plaintiff identified the alleged "hidden delivery

15  charges" imposed by the delivery pricing "markup" by conducting simple price comparisons

16  easily accessible to all Chick-fil-A customers, as evidenced repeatedly on the face of the SAC:

17  - Plaintiff compared the cost of an order of 30-count chicken nuggets through Chick-fil-A's

18    mobile app for (a) delivery versus (b) in-store pickup and confirmed that the delivery

19    order cost $5-$6 more.  *Id.*, ¶ 4.

20  - Plaintiff compared Chick-fil-A's prices from 2019 (when Plaintiff alleges Chick-fil-A

21    charged a $4.99 delivery fee and no food mark-up) to Chick-fil-A's later prices (when

22    Plaintiff alleges Chick-fil-A charged a $3.99 delivery fee and a food mark-up).  *Id.*, ¶¶ 35-

23    36, 49-54.

24  - Plaintiff compared Chick-fil-A's delivery prices to alleged competitor pricing, noting that

25    El Pollo Loco and Del Taco charge identical prices for delivery and pick up orders (with

26    the exception of a delivery fee), whereas Chick-fil-A charges higher prices for food

27    ordered for delivery.  *Id.*, ¶¶ 68-72.

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

1   Plaintiff **does not** plead that (a) he ever saw or relied upon a representation by Chick-fil-A

2   that its delivery fee was "free," (b) Chick-fil-A ever represented its delivery and in-store menu

3   pricing were the same, or (c) that Chick-fil-A ever represented that its delivery fee included all

4   costs associated with delivery. [5]

### III.  LEGAL STANDARD

6   A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d

7   729, 732 (9th Cir. 2001).  Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's

8   allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

9   Specifically, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

10  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not

11  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

12  has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim

13  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation

15  omitted).  Thus, dismissal can be based on the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged.  *See Navarro*, 250 F.3d at 732; *Balistreri v. Pacifica Police Dep't*, 901

17  F.2d 696, 699 (9th Cir. 1988).  In ruling on a motion to dismiss, courts are not "bound to accept

18  as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.  Dismissal of

19  claims with prejudice is appropriate if it is clear that amendment could not cure the deficiencies.

20  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296–98 (9th Cir. 1998).

21  A motion to dismiss a complaint "'grounded in fraud' under Rule 9(b) for failure to plead

22  with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for

23  failure to state a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)

24  (citing Fed. R. Civ. P. 9(b)).  "[T]o satisfy the pleading requirements of Rule 9(b), a complaint

---

[5] While the cherry-picked internal Chick-fil-A correspondence cited in the SAC demonstrates Chick-fil-A constantly considers how to effectively provide additional information to its customers and in what level of detail, it does not demonstrate Chick-fil-A misled reasonable consumers.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

1  must plead the who, what, when, where, and how of the misconduct charged." *Yumul v. Smart*

2  *Balance, Inc.*, 733 F. Supp. 2d 1117, 1123 (C.D. Cal. 2010) (citation and punctuation omitted).

3    The Court has discretion to consider successive motions to dismiss, particularly where

4  such motions "secure the just, speedy, and inexpensive" resolution of a matter. *See Cuviello v.*

5  *City of Vallejo*, No. 16-CV-02584, 2020 WL 6728796, *4–5 (E.D. Cal. Nov. 16, 2020) (citation

6  omitted); *see also In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317–20 (9th Cir. 2017);

7  *AshBritt, Inc. v. Ghilarducci*, No. 20-CV-04612, 2020 WL 7388071, *4–5 (N.D. Cal. Dec. 16,

8  2020); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-05696, 2011 WL 2690437,

9  *2 n.1 (N.D. Cal. July 8, 2011) (internal citations omitted) (citing *Nat'l City Bank, N.A. v. Prime*

10  *Lending, Inc.*, No. CV-10-034, 2010 WL 2854247, at *2 (E.D. Wash. July 19, 2010).

# IV.  ARGUMENT

**A.** **Plaintiff's California Consumer Protection Claims Fail as a Matter of Law.**

 **1.** **Plaintiff Lacks Standing to Pursue UCL, CLRA, and FAL Claims.**

14    Standing is established under the UCL, CLRA, and FAL "only if" a plaintiff establishes

15  (1) economic injury; and (2) injury that was caused by or in reliance on the alleged

16  misrepresentation. *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1137 (2020).

17  Plaintiff's claims fail this threshold requirement under both elements.

18    Plaintiff lacks standing because he does not (and cannot) identify any affirmative

19  representation about the delivery fee or the price of the delivered food that led him to make his

20  purchase.  Instead, he alleges that Chick-fil-A stated the delivery fee was $3.99—the delivery fee

21  Chick-fil-A actually charged.  SAC, ¶¶ 74-75.  Plaintiff does not plead that he ordered Chick-fil-

22  A delivery because he believed Chick-fil-A's delivery menu pricing was otherwise the same as its

23  menu pricing for pick-up or in-store.  Chick-fil-A never represented anything of the sort; and

24  Plaintiff cannot have possibly relied on the absence of a representation.  Thus, Plaintiff cannot

25  establish reliance or causation required for standing under the UCL, CLRA, and FAL.  *Durell v.*

26  *Sharp Healthcare*, 183 Cal. App. 4th 1350, 1359 (2010); *Shaeffer*, 44 Cal. App. 5th at 1137.

27    At most, Plaintiff argues that at some point after ordering delivered food from Chick-fil-

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

A, he apparently learned that the food, if picked up in-store, would cost less. But this allegation does not state a claim under the UCL, CLRA, and FAL because "an after the fact" realization does not support that Plaintiff actually relied on the conduct he now complains of (*i.e.*, a price "markup") or that the conduct caused any injury. *Hall v. Time Inc*, 158 Cal. App. 4th 847, 857 (2008) (affirming demurrer under UCL because facts alleged did not establish causation). For this additional reason, Plaintiff lacks standing under the UCL, CLRA, and FAL and these claims should be dismissed as a matter of law.

### 2.      Plaintiff's Allegations Cannot Satisfy the Reasonable Consumer Test.

To state a claim based on a misrepresentation under the UCL, CLRA, or FAL, a statement must be likely to deceive a reasonable consumer. *Freeman v. Time, Inc.* 68 F.3d 285, 289 (9th Cir. 1995). The reasonable consumer is not the "least sophisticated consumer." *Lavie,* 105 Cal. App. 4th at 504 (2003). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* at 508. It must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

The recent *Aseltine* decision entered by the Superior Court for Alameda County is directly on point. *Aseltine*, Ex. 2. In *Aseltine*, the court sustained Panera's demurrer, finding that the Plaintiff's UCL, CLRA, and FAL claims "ha[d] no merit" because a reasonable consumer could not be deceived by Panera's delivery fee or markup where a simple price comparison revealed the alleged deception. *Id.* While *Aseltine* is not binding authority on this Court, it is persuasive and it is the most factually analogous case decided by any other court under California law. The allegations asserted by Plaintiff's counsel against Panera in *Aseltine* are identical in all relevant respects to the allegations asserted against Chick-fil-A in this action.

Furthermore, the *Aseltine* decision is supported by existing California precedent. For example, in *Reider v. Electrolux Home Care Products, Inc.*, a plaintiff asserted UCL and CLRA claims based on allegations the defendant online merchant charged fees that had no reasonable

relationship to actual costs of shipping and delivery.  No. 8:17-CV-26-JLS-DFMX, 2017 WL 7156292, at *3 (C.D. Cal. Apr. 21, 2017).  In granting the defendant's motion to dismiss for failure to state a claim, the district court found the plaintiff could not satisfy California's reasonable consumer standard, explaining:

> Visitors to [the merchant's] website are presented with the shipping and handling charges they will have to pay should they choose to purchase a product through the website. (FAC ¶ 11.) Should they find these charges too high, **they are free to make their purchases elsewhere**, either at a different website or at a brick-and-mortar store. **They are also free to do their research** and determine whether the shipping and handling charges appear congruent with the actual costs of shipping and handling. For example, **they can compare** shipping and handling charges at other online merchants or, as [plaintiff] suggests in his FAC, calculate shipping and delivery costs using online calculators available through sources such as the U.S. Postal Service. (See id. ¶ 33.) Online shoppers are aware that online merchants are in the business of making money and generating profit, and those looking for the best deals will find their way to the merchants who offer the best combination of quality, price, and service. **How a merchant makes its profit, whether it is through the sale of products or through the delivery of those products, is of no direct concern to the customer who is simply looking for the best product at the best price, along with the convenience of having that product arrive at the front door.**

*Id.* at *3 (emphasis added) (citing *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 126 Cal. Rptr. 2d 231 (2002) (affirming trial court order sustaining defendant hotel's demurer dismissing guest's UCL and FAL claims, noting that what a hotel does with the revenue it earns for fees it charges guests "is of no direct concern to hotel guests" particularly where guests are given "clear notice the service being offered comes at a hefty premium and the freedom to decline the service")).

Chick-fil-A's delivery fee and pricing do not deceive the reasonable consumer.  With respect to the **delivery fee**, Chick-fil-A told Plaintiff its delivery fee was $3.99; Chick-fil-A charged Plaintiff a $3.99 delivery fee; and Plaintiff paid a $3.99 delivery fee.  SAC, ¶¶ 51, 74-75. Therefore, no reasonable consumer could be deceived by Chick-fil-A's delivery fee.  With respect to Chick-fil-A's **delivery menu pricing**, the reasonable consumer is able to price compare Chick-fil-A's delivery menu pricing with its in-store menu pricing and determine that the delivery menu prices are higher.  (*Id.*, ¶ 54.)  The reasonable consumer also is able to price compare Chick-fil-A's delivery fee and delivery menu pricing with the delivery fees and pricing of Chick-fil-A's

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

competitors—like El Pollo Loco and Del Taco—and determine whether to make their delivery purchase elsewhere.  (*Id.*, ¶¶ 68-72.)  What Chick-fil-A does with the revenue it earns from its higher delivery prices "is of no direct concern to the customer."  *Reider*, 2017 WL 7156292 at *3; *Searle*, 102 Cal. App. 4th 1327.

For these reasons, Plaintiff's consumer protection claims fail California's reasonable consumer standard and fail as a matter of law.

### 3.    Allegations of Non-Disclosure Are Not Actionable under the UCL, CLRA, or FAL.

To the extent Plaintiff alleges the price difference in Chick-fil-A's delivered and picked-up food is deceptive because it was not affirmatively disclosed, this allegation likewise would not support UCL, CLRA, or FAL claims. Without a stated misrepresentation, Plaintiff's UCL, CLRA, or FAL claims can only survive if the alleged omission is "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Hodson v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (citation omitted).  *See also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006) (applying the same standard under the CLRA); *McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1399 (2005) (applying the same standard under the FAL).  As a matter of law, any alleged failure "to disclose a fact one has no affirmative duty to disclose is not 'likely to deceive' anyone." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007); *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 987 (2008).  "As long as the actual price is disclosed and plaintiffs agreed to pay it, failure to disclose the basis or nature of markups is not actionable." *Quezada v. Franklin Madison Grp.*, LLC No. 19CV2153-LAB (DEB), 2020 WL 5819824, at *5 (S.D. Cal. Sept. 29, 2020). *See also Kunert v. Mission Fin. Servs. Corp.* 110 Cal. App. 4th 242, 265 (2003) (auto dealer's commission or up-charge added to the rate at which the dealer will finance a car for a consumer is not an unfair practice; disclosure not required by law).

Here, Plaintiff's claims fail because Chick-fil-A had no duty to disclose any price difference between its delivered food and non-delivered food.  Plaintiff concedes the actual price of his delivered food was disclosed, and he agreed to pay it.  SAC, ¶¶ 74-75.  He received exactly

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

what he bargained for—food delivered from Chick-fil-A at the price quoted by Chick-fil-A for delivery.  Plaintiff's claims based on Chick-fil-A's alleged failure to affirmatively tell him about the alleged "markup" therefore fail as well.

## B.    Plaintiff's Negligent Misrepresentation Claim Fails as a Matter of Law.

To state a claim for negligent misrepresentation under California law, a plaintiff must allege: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  *Smith v. Ramis*, 647 F. App'x 679, 681 (9th Cir. 2016) (citation omitted); *Oregon v. Bos. Sci. Corp.*, No. 1:21-cv-01092-DAD-BAK, 2022 WL 1607960, at *8 (E.D. Cal. May 20, 2022) (quoting *Fox v. Pollack*, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986)).

### 1.    Plaintiff Fails to Allege an Affirmative Misrepresentation by Chick-fil-A.

It is axiomatic that negligent misrepresentation claims require plaintiffs to identify an affirmative misrepresentation.  *See UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1111 (C.D. Cal. 2015) ("[N]egligent misrepresentation requires a positive assertion to show a misrepresentation of material fact; an omission or an implied assertion will not suffice.").  "[P]arties cannot read something into a neutral statement in order to justify a claim for negligent misrepresentation."  *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 157 Cal. App. 4th 835, 845 (2007) (citation omitted).  Rather, such a claim "requires a positive assertion," and "[a]n implied assertion or representation is not enough."  *Id.* at 845, 854 (citation omitted).  "The requirement that a plaintiff must plead an affirmative misrepresentation is crucial to a negligent misrepresentation claim: unlike fraud, negligent misrepresentation does not require scienter, and this lesser mental state 'is balanced by its requirement of a false 'positive assertion' or 'assertion of fact,' and not a mere 'implied assertion.'"  *Woods v. Davol, Inc.*, No. 16-cv-02616, 2017 WL 3421973, at *7 (E.D. Cal. Aug. 9, 2017) (quoting *Hynix Semiconductor Inc. v. Rambus, Inc.*, No. CV-00-20905 RMW, 2007 WL 4209399, at *11 (N.D. Cal. Nov. 26,

2007)).

Plaintiff does not (and cannot) identify any affirmative representation by Chick-fil-A regarding the price of the delivered food that led Plaintiff to make his purchase.  In the SAC, Plaintiff alleges, in conclusory fashion, that Chick-fil-A "negligently represented that delivery of Chick-fil-A food is FREE or a flat, low price."  SAC, ¶ 92.[6]  Plaintiff further alleges that, "prior to placing his order, the Chick-fil-A app stated that the Delivery Fee was $3.99," but that he ultimately was charged 25-30% more than what he would have paid had he picked up the order from a Chick-fil-A restaurant.  *Id.*, ¶¶ 75–77.  But Plaintiff fails to allege that Chick-fil-A ever represented to Plaintiff, or any consumer for that matter, that the prices of delivery menu items are the exact same as the prices for in-store or pick-up menu items.  Plaintiff cannot base his negligent misrepresentation claim on an "implied assertion" that he unreasonably inferred from the information on Chick-fil-A's check-out screen.  *See Woods*, 2017 WL 3421973, at *7 (citation omitted); *OCM Principal Opportunities Fund, L.P.*, 68 Cal. Rptr. 3d at 847 (citation omitted).

Moreover, to the extent Plaintiff attempts to rely upon certain representations in Chick-fil-A's check-out screen to establish an affirmative misrepresentation, such as the listed "Subtotal" or "Delivery Fee," Plaintiff has not pled and cannot demonstrate that any of the information on the check-out screen was, in fact, false.  This alone is fatal to Plaintiff's claim.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted) ("[W]here the defendant makes ***false*** statements . . . he may be liable for negligent misrepresentation." (emphasis added)); *see also* Cal. Civ. Code § 1710(2) ("The assertion, as a fact, of that ***which is not true***, by one who has no reasonable ground for believing it to be true." (emphasis added)).  In fact, Plaintiff describes the "Subtotal" in Chick-fil-A's check-out screen as "representing the cost of the food selected."  SAC, ¶¶ 50–51.  Nowhere in the SAC does Plaintiff allege that the cost of the delivered food was falsely represented to him.  *See generally id.* Accordingly, Plaintiff fails to allege an affirmative misrepresentation by Chick-fil-A actionable

---

[6] Again, Plaintiff he ever saw or relied upon a representation by Chick-fil-A that its delivery fee was "free."  SAC, ¶¶ 74-79.  Instead, Plaintiff alleges Chick-fil-A stated the delivery fee was $3.99.  *Id.*, ¶ 75.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

1

under California law.

2

    **2.**    **Plaintiff Could Not Have Justifiably Relied Upon Any of the Purported Misrepresentations.**

3

4

Even if this Court determined that Plaintiff adequately alleged an affirmative

5

misrepresentation, Plaintiff cannot demonstrate that he justifiably relied upon such

6

misrepresentation.  Negligent misrepresentation claims require both (1) ignorance of the truth and

7

(2) justifiable reliance.  *Oregon*, 2022 WL 1607960, at *8 (citation omitted).  Generally, "[t]o

8

prove reliance, plaintiff must show that [he] has somehow changed [his] position in reliance on

9

the fraudulent misrepresentation."  *Goldilocks Corp. of S. Cal., Inc. v. Ramkabir Motor Inn Inc.*,

10

26 F. App'x 693, 696 (9th Cir. 2002) (citing *Kruse v. Bank of Am.*, 248 Cal. Rptr. 217, 231–32

11

(Cal. Ct. App. 1988)).  And despite a plaintiff's claimed ignorance of the truth, parties are

12

prohibited from blindly ignoring the truth when it is otherwise available through due diligence.

13

*See Brookwood v. Bank of Am.*, 53 Cal. Rptr. 2d 515, 520 (Cal. Ct. App. 1996) ("Reliance on an

14

alleged misrepresentation . . . is not reasonable when plaintiff could have ascertained the truth

15

through the exercise of reasonable diligence." (citation omitted)); *Lopez v. U.S. Bank Nat'l Ass'n*,

16

No. 10cv978 BTM (BGS), 2010 WL 3463622, at *3–4 (S.D. Cal. Aug. 31, 2010) (dismissing

17

negligent misrepresentation claim and concluding plaintiff failed to plead justifiable reliance

18

where plaintiff could have ascertained the truth of the misrepresentations "simply by reading the

19

documents she signed").  In other words, justifiable reliance requires that the "circumstances were

20

such to make it *reasonable* for the plaintiff to accept the defendant's statements without an

21

independent inquiry or investigation."  *OCM Principal Opportunities Fund, L.P.*, 68 Cal. Rptr. 3d

22

at 856 (emphasis in original) (citation omitted).

23

The Ninth Circuit has equated the "reasonable consumer" test applied to claims under

24

California's consumer protection statutes (*see supra* Section IV.A.2) to the requirement of

25

justifiable reliance for negligent misrepresentation claims.  *See Girard v. Toyota Motor Sales,*

26

*U.S.A., Inc.*, 316 F. App'x 561, 562–63 (9th Cir. 2008) (describing the "reasonable consumer"

27

test that applies to claims under the UCL and CLRA and explaining that plaintiff's "negligent

28

misrepresentation claim likewise hinges on the reasonable consumer standard since justifiable

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 2:21-CV-00845-KJM-CKD

DEFENDANT CHICK-FIL-A, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CORRECTED

reliance cannot be established if reasonable consumers would not rely on the purported misrepresentation") (citing *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003)).  A plaintiff's failure to establish justifiable reliance, including the reasonableness of such reliance, is ascertainable at the motion to dismiss stage.  *See Gonzalez v. Wilmington Trust, NA*, No. 15-CV-01565-AJB, 2016 WL 5930290, at *3 (S.D. Cal. Oct. 12, 2016) (dismissing a negligent misrepresentation claim on a motion to dismiss where "Plaintiffs' reliance on [defendant's] alleged misrepresentations [was] not justified"); *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1991) (holding "whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts" (citation omitted)).

As explained in detail above in Section IV.A.2, *supra*, Plaintiff cannot demonstrate that a reasonable consumer would be deceived by Chick-fil-A's delivery pricing.  Thus, it follows that Plaintiff also cannot demonstrate that he justifiably relied on Chick-fil-A's purported misrepresentations regarding its delivery fee and alleged hidden food markup.  Like the plaintiff in *Aseltine*, Plaintiff, with the slightest exercise of diligence, could have compared Chick-fil-A's delivery menu prices with the prices of in-restaurant or pick-up menu items before placing his order.  In fact, Plaintiff's own allegations demonstrate that he is capable of conducting the basic price comparisons that reveal the alleged misrepresentations underlying his claims.  (*See* SAC, ¶¶ 4, 35-36, 49-54, 68-72.)  Even if Plaintiff can frame his allegations to somehow establish an affirmative misrepresentation on the part of Chick-fil-A regarding its delivery pricing, Plaintiff's ability (and failure) to conduct a basic price comparison precludes him from establishing justifiable reliance.  As a result, Plaintiff's negligent misrepresentation fails as a matter of law.

## C.   Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff does not allege or even imply that he intends to purchase Chick-fil-A delivery again in the future.  Accordingly, Plaintiff has no standing to assert claims for injunctive relief. *Nickerson v. Goodyear Tire & Rubber Corp.*, No. 820CV00060JLSJDE, 2020 WL 4937561, at *10 (C.D. Cal. June 3, 2020); *John v. AM Retail Grp., Inc.*, No. 17CV727-JAH (BGS), 2018 WL 1400718, at *7 (S.D. Cal. Mar. 20, 2018); *Peacock v. 21st Amend. Brewery Cafe, LLC*, No. 17-

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CV-01918-JST, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018).

Accordingly, Plaintiff's requests for injunctive relief should be stricken.

**D.    Plaintiff's Request for Punitive Damages Should be Stricken.**

Punitive damages are not recoverable under the UCL or FAL. *Calagno v. Rite Aid Corp.*, No. 4:20-CV-05476-YGR, 2020 WL 6700451, at *4 (N.D. Cal. Nov. 13, 2020) (citing *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 915 (2016) ("[R]emedies available in a UCL or FAL action are generally limited to injunctive relief and restitution." (citation omitted)); *Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010) (holding punitive damages not available under the UCL)).

Punitive damages also are unavailable for a claim for negligent misrepresentation. *Plakhova v. Hood*, No. CV 16-08245 TJH (FFM), 2017 WL 10592315, *4 (C. D. Cal. Jun. 20, 2017) ("punitive damages are not available for a negligent misrepresentation claim"); *Harman v. Harper*, 914 F.2d 262 (9th Cir. 1990) ("Negligent misrepresentation cannot support a claim for punitive damages.")); *Besser v. Chapple*, 2009 U.S. Dist. LEXIS 140861, *12 (C. D. Cal. Dec. 3, 2020) (granting a motion to strike plaintiff's request for punitive damages because punitive damages are not available on a negligent misrepresentation claim "as a matter of law"); *see also Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 251 (E.D. Cal. Aug. 24, 1992) (noting the "general rule" that "punitive damages cannot be recovered on negligence claims").

Under the CLRA, "punitive damages are only available if the allegations in a complaint support an award of punitive damages." *Calagno*, 2020 WL 6700451, at *4 (citation omitted). Where, as here, a Plaintiff only includes a request for punitive damages in the prayer for relief, the request is insufficient to support an award of punitive damages as a matter of law. *See Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, *9 (S.D. Cal. Mar. 24, 2017).

The prayer for relief in the SAC seeks punitive damages.  The only other reference to punitive damages in the SAC is in Count II, pertaining to Plaintiff's claim under the CLRA, where Plaintiff alleges that if Chick-fil-A does not satisfactorily respond to a demand within 30

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

days, "Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief."  SAC, ¶ 111.  Plaintiff made this same allegation in his original March 11, 2021 Complaint and in his November 15, 2021 FAC.  (*See* Dkt. 1-2 at 19, ¶ 84; Dkt. 31, ¶ 83.)

These allegations are insufficient to support an award of punitive damages as a matter of law and, accordingly, Plaintiff's request for punitive damages should be stricken.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant Chick-fil-A, Inc. respectfully requests that this Court grant its Motion to Dismiss Second Amended Complaint, thereby dismissing Plaintiff's Second Amended Complaint in its entirety without leave to amend.


Dated:        August 26, 2022                TROUTMAN PEPPER HAMILTON
                                             SANDERS LLP


                                             By: */s/ Kalama M. Lui-Kwan*
                                                 Kalama M. Lui-Kwan
                                                 Lindsey B. Mann
                                                 Kathleen Campbell

                                                 Attorneys for Defendant
                                                 CHICK-FIL-A, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of August, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy has been served on all parties who are registered with the CM/ECF service.

Dated:          August 26, 2022                    TROUTMAN PEPPER HAMILTON
                                                    SANDERS LLP


                                                    By: */s/ Kalama M. Lui-Kwan*
                                                        Kalama M. Lui-Kwan

                                                    Attorneys for Defendant
                                                    CHICK-FIL-A, Inc.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

129254960v1