UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Ortega, | No. 2:21-cv-00845-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Chick-fil-A, Inc., | |
| Defendant. | |

Plaintiff Ronald Ortega brings this proposed class action against defendant Chick-fil-A, Inc. *See generally* First Am. Compl. (FAC), ECF No. 31. Ortega seeks to file an unredacted Second Amended Complaint (SAC), which, Chick-fil-A claims, contains "commercially sensitive and propriety information." Req. to Seal at 1. Accordingly, Chick-fil-A requests the unredacted SAC be sealed. *Id.* Because Chick-fil-A has not shown compelling reasons for the unredacted SAC to be sealed, **the request is denied** (ECF No. 67).[1]

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*,

---

[1] Because Ortega's request to seal his opposition is predicated on the court's granting Chick-fil-A's request, *see* Notice of Req. to Seal, ECF No. 72, Ortega's request is denied as moot.

1

447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  This presumption "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

For these reasons, courts grant requests to seal records in civil cases in only limited circumstances, such as to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 597 (citations omitted).  When a party moves to seal a record, the court determines whether the underlying filing is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.  If so, then a party seeking to seal the record must satisfy the "stringent" compelling-reasons standard.  *Id.* at 1096.

Chick-fil-A asks to seal a complaint.  "[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard." *Mack v. Dearborn Nat'l Life Ins. Co.*, No. 14-1665, 2014 WL 12572866, at *1 (E.D. Cal. Aug. 26, 2014) (citation omitted).  Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1096−97 (first alteration in original) (quoting *Kamakana*, 447 F.3d at 1179).  The compelling-reasons standard applies even if the contents were previously filed under seal or are covered by a generalized protective order.  *See Foltz*, 331 F.3d at 1136.

Chick-fil-A seeks to withhold two types of information from the public: "(1) sources of confidential business information that if publicized could harm Chick-fil-A's competitive standing; and (2) internal business materials relating to its communications with franchisees, employees, and customers about their personal experiences with the Chick-fil-A brand and

1  name." Req. at 3. It explains that these citations are confidential under the Stipulated Protective
2  Order. *Id.* But, as explained below, Chick-fil-A does not provide compelling reasons to
3  overcome the "strong presumption in favor of access" for either type of information. *Kamakana*,
4  447 F.3d at 1178 (citation omitted).

5        First, Chick-fil-A seeks to prevent the disclosure of nine statements quoted from
6  documents produced in discovery. *See* Req. at 5–11. Each concerns Chick-fil-A's alleged
7  business plan to improve delivery sales by increasing delivery menu prices while decreasing
8  delivery fees. They discuss the alleged plan, its benefits and drawbacks, and findings from
9  consumer research. In support of sealing, Chick-fil-A offers the same generalized argument for
10 each of the nine quotations: they reveal internal e-mail discussions about "consumer testing and
11 research findings," which cost "considerable resources and time," and as a result, their disclosure
12 would allow competitors to reap the rewards of Chick-fil-A's investment. Req. at 5. Broad
13 claims that Chick-fil-A "expended considerable resources and time" and that competitors will
14 "reap" the benefits ring hollow. *Id.* The company's plan to reduce delivery fees and increase
15 delivery menu prices is disclosed on the first page of the complaint. *See* FAC ¶¶ 2–6. Chick-fil-
16 A does not explain how these quotations reveal information other than that which is already
17 disclosed in the complaint. And although some of the quoted language justifies Chick-fil-A's
18 plans, it is unclear how a competitor could profit from information and explanations attributed to
19 unnamed employees. The closest call is the first challenged quotation, which references
20 information on average check amounts taking account of price inflation as compared to
21 competitors' prices. Req. at 5. But Chick-fil-A does not explain how any competitor could
22 unfairly reap the benefit of this information.

23       Second, Chick-fil-A seeks to seal four quotations from non-parties, including Chick-fil-
24 A's employees, franchisees, and customers. *See* Req. at 11–13. Chick-fil-A claims that sealing
25 these quotations is necessary to preserve franchisees' and customers' privacy. That argument
26 would be more persuasive if the plaintiff had not already anonymized the quoted language. *See*
27 *id.* at 12–13 (referring to "Customer," "CFA employee," and bracketing "a different employee").

1  Because the quoted language reveals no private or identifying information, Chick-fil-A has not
2  shown compelling reasons to seal.
3       The court **denies Chick-fil-A's request to seal**.  **Ortega is directed to file the**
4  **unredacted Second Amended Complaint by October 7, 2022.**
5       This order resolves ECF Nos. 67, 72.
6       IT IS SO ORDERED.
7  DATED:  September 30, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE